**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Keith Dougherty | : |
| Keith Dougherty Investments & Con- | : |
| sulting LLC (SMLLC) | : |
| Assignee of Bill's Mechanical and | : |
| Welding (Fictitious name) | : |
| Sole Proprietor Larry Runk II | : |
| **Plaintiff(s),** | : |
| | : |
| | : **Civil Action NO:  1:14-CV-480** |
| | : **EXHIBIT C** |
| | :                 **NO: 1:14=CV-922** |
| **v.** | : |
| | : |
| | :          **2011-2531 DCCP,  14-529 CCCP** |
| **ERIE Insurance Exchange aka** | : |
| **ERIE Insurance ®** | : |
| **Greg Garrity (ERIE Agent)** | : |
| **Jim Burkholder (ERIE Adjuster)** | : |
| **Robert Simmonds (ERIE** | : |
| **Investigator)** | : |
| **Nicole R. Gehret (ERIE SR,** | : |
| **Liability Adjuster)** | : |
| | : |
| **Cumberland County Insurance** | : |
| ** Fraud investigator R.G. Smith** | : |
| **Individually  and in his official** | : |
| **Capacity and the Cumberland** | : **Christopher Conner (Judge)** |
| **Insurance Fraud Unit** | : |
| **President Judge Hess** | : |
| **Cumberland County** | : |
| **Judge Bratton Dauphin County** | : |
| | :          **Filed Electronically** |
| | : |
| **Defendant(s),** | : |
| | :          **Jury Trial Demanded** |
| | : |
| | : |

---

**Brief in Support of Motion for Emergency Hearing**
**Preliminary Injunction against "Malicious Prosecution" under Gallo v.**

Philadelphia to Quash the Arraignment scheduled for 6/19/2014 and confirm "assignment as lawful" Re: 14-529, CV-2011-2531

_____

**Index**            **Page**

Summary of Argument…………………………………4-5

Relevant Factual Background…………………………..5-13

Argument for a hearing……………………………………13-23

Conclusion…………………………………………………….23-24

**Citation of Cases**

Abu Jamal v. Price 154 F.3d 128 (3rd Cir 1998)……………..4,5

Andrew Davis v. Hiram Mills, 194 U.S. 451, 457 (1904)…………..12,22

Conestoga Wood Specialties 13-356 Supreme Court 3/27/2014……….

Faretta v. California 422 U.S. 806, 95 S.Ct. 2525 (1975)……………..11

Frow v. De La Vega - 82 U.S. 552 (1872)…………………………………6

Gallo v. Philadelphia 161 F.3d 217 (3rd Cir 1998)……………………1

Greenlaw v. United States 554 U. S. ____ (2008)………………15, 16-18

Hedlund Mfg. v. Weiser, Stapler & Spivak 539 A.2d 357 517 Pa. 522 (PA 1988)……………………………………………10-11,25

Inc v. Northwestern Bell Telephone Company 492 U.S. 229 109 S.Ct. 2893 106 L.Ed.2d 195 (1989………………………………..23

Irish Ins Co Inc. Lt. v. 456 U.S. 694 102 S.Ct. 2099 72 L.Ed.2d 492 (1982)…………………………………………………………………18

Open Ins Ltd v. Chester County Sheriff's Dept NO. 97-4822

(ED PA 1998)……………………………………………………………12-13

Quackenbush v. Allstate 517 U.S. 706 (1996)………………….……20

Schlagenhauf v. Holder - 379 U.S. 104 (1964)………………..…18-19.

SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER
568 U. S. ____ (2013)……………………………………………………10

Soldal v. Cook County, 113 S.Ct. 538 (1992)…………………………12

Sprint Communications Co., L.P. v. APCC Services, Inc.,
554 U.S. 269 (2008)……………………………………………………..24

SPRINT COMMUNICATIONS, INC. v. JACOBS
ET AL. 571 U. S. ____ (2013)……………………………………21-22

Stilp v. JOHN J. CONTINO and THOMAS W. CORBETT, JR.,
1 :09-cv-00524-CCC (MD PA 2010)…………………………………..4

U.S. v. Contents of Accounts Numbers 3034504504…at Merrill Lynch,
Pierce, Fenner and …, Inc. 971 F.2d 974 (3rd Cir 1992)…………..16

U.S. v. Joyce,  No. 07–31, 2009 WL 578544
(W.D.Penn. March 5, 2009)……………………………………………….6

Wood v. Milyard 566 U.S. ____ (2012)………………………………..21

Younger v. Harris 401 U.S. 37 91 S.Ct. 746 27 L.Ed.2d 669
(1971)……………………………………………………………………14

## Standard of Review

—A party seeking a preliminary injunction must show:
(1) a likelihood of success on the merits; (2) that it will
suffer irreparable harm if the injunction is denied; (3) that
granting preliminary relief will not result in even greater
harm to the nonmoving party; and (4) that the public
interest favors such relief.‖ Kos Pharms, Inc. v. Andrx
Corp., 369 F.3d 700, 708 (3d Cir. 2004). A plaintiff seeking

an injunction must meet all four criteria, as —[a] plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate.‖ NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999).

### Summary of Argument

Federal Rule of Civil Procedure 65 permits a court to grant a preliminary injunction if the moving party demonstrates a likelihood of success in the litigation, and that he will suffer great or irreparable injury absent an injunction Fed.R.Civ.P. 65; Delaware River Port Auth. v. Transamerican Trailer Transp. Inc., 501 F.2d 917, 919-20 (3d Cir.1974)….id. p. 133

[see also 1. Irreparable Injury

This Circuit recognizes that the violation of a fundamental right, such as one's First Amendment freedoms, (to include "freedom to contract") "for even minimal periods of time unquestionably constitutes irreparable injury." Swartzwelder v. McNeilly, 297 F.3d 228,241 (3d Cir. 2002) (quoting Elrod v. Burns, 427 U.S. 347,373 (1976) (plurality opinion)) (citing Abu-Jamal v. Price, 154 F.3d 128, 136 (3d Cir. 1998))

Stilp v. JOHN J. CONTINO and THOMAS W. CORBETT, JR., (Judge Conner)

Case 1 :09-cv-00524-CCC Document 50 Filed 09/13/12010 Page 9 of 21]

Since Abu Jamal (convicted cop killer) successfully obtained

"permanent injunction" to preserve his "liberty interests under the

First Amendment" we move to affirm "the same protections" as to

"assignment" (to preserve liberty) [unless "self-representation" is

deemed to be a greater crime than "murder of a police officer" making

permissible a "Bill of Attainder" against any "closely held for profit

entity or individual" as ordained by the 3rd Cir 7-5 Conestoga Wood

Specialties (about to be reversed 13-356 Supreme Court)]..

> [Keith Dougherty's "injury is of the first amendment" and Larry Runk II is being asked to waive his First Amendment Rights and "go to jail" to prevent Keith Dougherty's right to "purchase bad debt" in the form of an unlawfully voided "insurance claim". See Declaratory Judgment CCC CV-14-529]

> "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v. Burns, 427 U.S. 347, 373, 96 S.Ct. 2673, 2689, 49 L.Ed.2d 547 (1976). This harm--the investigation for violations ....Under Elrod, this is sufficient to show irreparable harm because the timeliness of speech [preservation of rights in State Court] is often critical. See id. at n. 29. ...Id. p. 136

> [see Larry Runk II arraignment scheduled for 6/19/2014 and 13-CV-857 Ripe for determination now, while 14-529 is integrated by Judge Hess's RICO conduct]

> Abu Jamal v. Price 154 F.3d 128 (3rd Cir 1998)

> Relevant Factual Background

I.    Detective R.G. Smith has "defaulted";

II.   Cumberland County Insurance Fraud CID has defaulted;

> The true mode of proceeding where a bill makes a joint charge against several defendants and one of them makes default is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the

**other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike -- the defaulter as well as the others.**

**[see here Clerks/Magistrates "lack jurisdiction" to "refuse to enter default"] "even if only to void "self-representation";**

**[to further assist the Honorable Frederick Motz as to "the exclusive remedy" in 13-CV-1868; as related to 10-CV-1071, 13-CV-857, 13-CV-447, and now 14-CV-480 (denial of equal access and equal protection for the "self-represented" in the 3rd Cir)]**

**Frow v. De La Vega - 82 U.S. 552 (1872)**

**[satisfying the "long standing Supreme Court Precedent" Requirement of Reed Elsevier 2010 "rule as Jurisdictional"]**

**Larry Runk II has already prevailed in his assertion "R.G. Smith**

**Violated his "constitutional protections" by acting as a "stenographer"**

**for Robert Simmonds (ERIE Insurance).**

**ERIE is known to "bribe and otherwise conduct RICO enterprises to gain advantage in Pennsylvania Courts" see U.S. v. Joyce, (another RICO criminal "elected to the Superior Court") No. 07–31, 2009 WL 578544 (W.D.Penn. March 5, 2009) :**

**TRIAL De Novo Not Sufficient**

**III.    Motion to Suppress rejected as "unavailable in a Magistrate**

**Court", in violation of Pennsylvania Criminal Procedures (there are**

**only one set of rules); PaRCRP 575 (D)  Unified Practice**

Any local rule that is inconsistent with the provisions of this rule
is prohibited,…

A.      At the 2/4/2014 Preliminary Hearing Larry Runk II had Keith

Dougherty serve as his Para legal and prepare a "motion to suppress".

1.      A brief discussion ensued indicating Attorney Orr would need to

correct any "defects in the declaratory judgment" filed by Keith

Dougherty as assignee of the valid insurance claim filed in Cumberland

County Common Pleas 14-529, preliminary hearing rescheduled for

4/1/20104.

2.      As there were no defects this was merely a stall tactic.

3.      As of 3/27/2014 a meeting was held in the Office of Paul Orr

indicating he was going to file a "motion to dismiss" by the end of the

day 3/28/2014 (as he felt the motion to suppress was not a valid pleading

in a magistrate court).

> At the meeting Paul Orr [paid attorney] committed to testifying in
> the Federal Case that Detective Smith "apologized" for not having
> sought Larry Runk II's "exculpatory evidence" (Headlight
> assembly with deer hair trapped) prior to "charging him with 4
> criminal counts that are legally impossible under ACT 78 (conflict
> with 4117).

> Paul Orr has since avoided all attempts at obtaining his affidavit
> [fearing retribution from his County Adversaries]

4.      As of 3/29/2014 Larry Runk II was rushed to Harrisburg Hospital

ICU by ambulance with life threatening pneumonia (coughing excessive

amounts of blood due to his requirement to consume "blood thinners" (mechanical heart valve) as a result of the botched surgery related to CV-2011-2531) [subject of the "legal malpractice assignment" (Joseph Buckley, Karl Rominger, Vincent Monfredo)].

5.     All attempts at communication with Paul Orr have been ignored.

6.     As of 4/4/2014 Argument Court was held on the preliminary objections of ERIE Insurance 14-529 (legally incompetent as to being unaware of ACT 78 "exclusive remedy").

7.     Interrogatories were served on Greg Garrity to "disprove" the "failure to correct" where the ERIE Agent went into hiding to prevent ser4vice (in the Federal Proceeding) on advice of ERIE's Counsel.

8.     ERIE's Counsel filed a motion to quash interrogatories (as part of the RICO scheme 14-529).

9.     A 4th preliminary hearing was scheduled for 4/17/2014 as the Cumberland County mechanism seeks to "politically protect" CID and ERIE insurance. THE ADA attended for the first time and "threatened and attempted to intimidate Larry Runk II" into accepting ARD "yet again" asserting "this is not the crime of the century" and "I was only going to give you 6 months probation" (carrots and sticks, while lying about Larry Runk II's ability to "sue for money damages" if he were to

accept ARD).

10.    As of 5/7/2014 as expected "President Judge Hess" became a "co-conspirator" and in a wholly unsupported and improper Order declared "the declaratory judgment act to be void" in Cumberland County [relying on ERIE's counsel reference to the "Magistrate Carlson" opinion related to 13-CV-447 reaching the same conclusion "declaratory judgment" does not exist?] so as to "cover up" his Criminal Department's conduct EXHIBIT A.

11.    ON or about 5/11/2014 14-CV-922 was filed in the Middle district of PA outlining the additional elements of the RICO conduct whereby President Judge Hess has provided a scheme centered on providing a "jobs program for law school graduates" and/or denying "equal access to the court" for any "self-representation" and or protecting CID (further required due to the refusal of the Middle District Clerk's refusal to enter brief in support of 60(b)(4)(6) motion related to 11-CV-1295 as under Liljeberg).

12.    The Plaintiff Avers; Corruption of the PA Courts make impossible for "the self-represented" to "incant magic words" sufficient to gain "equal access to the courts" and be afforded "equal protection under the law".

**This is not to say that …[self-represented litigants]… must incant magic words in order to speak clearly. We consider "context, including this Court's interpretations of similar provisions in many years past," [see Faretta v. California, Frow v. De La Vega] as probative of whether Congress intended a particular provision to rank as jurisdictional. Reed Elsevier, Inc. v. Muchnick, 559 U. S. 154, 168 (2010); see also John R. Sand & Gravel Co. v. United States, 552 U. S. 130, 133– 134 (2008). Id. p. 7**

**SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER568 U. S. ____ (2013)**

**[is 55(a) "mandatory and jurisdictional"?]**

**[see here ERIE attempting to invalidate the "Declaratory Judgment Act" 7533 (Bribing President Judge Hess to grant PO, or Judge Hess seeking to protect his CID "irrelevant") based on the Legal incompetence of Chief Magistrate Carlson's Treatment of the Federal Declaratory Judgment Act (a personality contest) in 14-CV-447 using "I'm confused" (whereas a proper reading of the "contract" here makes the crimes "impossible" while "covering up" the RICO conspiracy (not an innocent mistake)]**

13.   **Plaintiffs seek preliminary and permanent Injunction as to any Lien on the "Best Residence"; preliminary and permanent injunction; against "Hess's denial of "assignment of Larry Runk II's insurance claim to Keith Dougherty"; preliminary and permanent injunction against Judge Bratton in CV-2011-2531 from denying "assignment of Larry Runk II's "legal malpractice claim" to Keith Dougherty.**

**I'm so stupid as to not know what the consequences of my actions are is "not believable";**

**Nevertheless, the Supreme Court approved the**

assignment of legal malpractice claims, holding that "[w]e will not allow the concept of the attorney-client relationship to be used as a shield by an attorney to protect him or her from the consequence of legal malpractice." Id. 359

Hedlund Mfg. v. Weiser, Stapler & Spivak 539 A.2d 357 517 Pa. 522 (PA 1988)

[nowhere does the opinion imply "you must be represented by an attorney to sue an attorney"]

If "assignment" is Protected under the "Free Assembly Clause" and the "self-represented" are protected under the 5th and 6th amendment(s) no "corrupt State Court" can "invalidate "assignment" so as to "Cover up Corruption";

Assignment is "lawful" see also 13-CV-857.

14.    The Courts of PA are corrupt in their desire to invalidate the

"self-representation" clause of the 6th amendment.

We confront here a nearly universal conviction, on the part of our people as well as our courts, that forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so. See 11-CV-1295

III

This consensus is soundly premised. The right of self-representation finds support in the structure of the Sixth Amendment, as well as in the English and colonial jurisprudence from which the Amendment emerged. Id. pp. 817-818

Faretta v. California 422 U.S. 806, 95 S.Ct. 2525 (1975)

To comprehend the 3rd Cir "incoherence" one needs to "assume" they wish to apply this "6th amendment right" only to "pauper prisoners" (previously rejected by the

Supreme Court as related to other "rights protected under the "Bill of Rights". As rights are intended to preserve "substantial rights" not maintain theories" (determined by a "paternalistic Judiciary") "only Abu Jamal "after shooting a police officer in the head" (has protections under the Liberty clauses) is absurd.

Constitutions are intended to preserve practical and substantial rights, (civil as well as criminal) not to maintain theories.

Andrew Davis v. Hiram Mills, 194 U.S. 451, 457 (1904)

Correct rejection of this implied premise (that the constitution only protects "criminals"):

Therefore, the right against unreasonable seizures would be no less transgressed if the seizure of the house was undertaken to collect evidence, verify compliance with a housing regulation, effect an eviction by the police, or on a whim, for no reason at all.

[see in 14-CV-922 to "threaten and intimidate" someone into paying bills they do not owe (Cumberland County as a "corrupt" enclave)]

As we have observed on more than one occasion, it would be "anomalous to say that the individual and his private property are fully protected by the Fourth Amendment only when the individual is suspected of criminal behavior."

Id. at 547-48 (citations omitted).

Soldal v. Cook County, 113 S.Ct. 538 (1992)

**Cited in Open Ins Ltd v. Chester County Sheriff's Dept Id. NO. 97-4822 (ED PA 1998) p. 19**

15.     Plaintiff Keith Dougherty/Larry Runk II hereby respectfully moves for the Federal Court for an emergency hearing and injunction.

16.     When arraignment was scheduled as of 4/17/2014 "malicious prosecution" can be added to the "bill" Gallo v. Philadelphia.

17.     When the Declaratory Judgment was "avoided" it was to protect Smith, CID as well as ERIE, as once the "comprehensive rider" is defined the criminal case must be dismissed and a damages hearing is the only issue left see Open Inns Ltd.

18.     Amended DJ 14-529 filed 5/27/2014 Affidavit of Larry Runk II as "only amendment" EXHIBIT B.

## Argument

I.     Taken in its entirety this conduct comports with a RICO conspiracy to use the laws and statutes to discourage and "punish" litigants from/for asserting their "constitutional protections".

> The fact that ERIE seeks one set of goals and the State Courts another is more in keeping with "the enemy of my enemy is my friend" not evidence of "parallel conduct" "innocently undertaken" [criminals are more sophisticated in this information age]

> See Justice Kennedy;

**JUSTICE KENNEDY: Well, including the criminals who are more dangerous, more sophisticated, more more elusive…. That's the that's the other side of this.**

**Riley v. California 4/29/2014**

> **The Art of War is an ancient Chinese military treatise attributed to Sun Tzu, (coupled with Saul Alinsky's 12 Rules for Radicals makes up the "constitution" of the PA State Courts "in their desire to invalidate "self-representation").**

> **'the threats to enforce the statutes against …[plaintiffs],,, are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights…[of the "self-represented"]…' [see here 14-CV-480, 14-CV-922, 14-529, CV-2011-2531, 11-CV-1295/11-2631, 13-CV-1868] 380 U.S., at 482, 85 S.Ct., at 1118—1119. Id. p. 48**

> **Younger v. Harris 401 U.S. 37 91 S.Ct. 746 27 L.Ed.2d 669 (1971)**

**II.    The Courts of the Northeast are "in denial" that they are overseeing a "profession in decline"**

> **see Disbarment of Attorney Baily, Forced Retirement of Joseph Buckley, imprisonment of Karl Rominger and Suicide of Mottern (current events in the Middle District of PA alone (sad state of affairs for the legal profession)).**

**A.    The True Form Market Analysis theory provides "all that is knowable is in the price" [or as in this situation "in the challenge of the corrupt Court Orders" (no one is fooled)]**

It can be said the coordination of the Court Order(s) is not rooted in justice but rather in the reality that "there is no defense" so protection is all that can be provided for "the good ole boys"

1.    With inexpensive "research programs" and the internet any "litigant" can do "adequate research" and provide his or her own questions and arguments properly (or suffer the consequences):

2.    The German system where Judges get to decide what is fair and who should win has been "rejected" (in America);

> Footnote 3 Cf. Kaplan, Civil Procedure—Reflections on the Comparison of Systems, 9 Buffalo L. Rev. 409, 431–432 (1960) (U. S. system "exploits the free-wheeling energies of counsel and places them in adversary confrontation before a detached judge"; "German system puts its trust in a judge of paternalistic bent acting in cooperation with counsel of somewhat muted adversary zeal"). Greenlaw v. United States 554 U. S. ____ (2008)

3.    IN addressing this "corruption" (while not in so many words) the Supreme Court in Greenlaw v. United States established the outer limits of "sua sponte" conduct of the Courts; refusing jurisdiction not possible; see in 13-CV-447 "magistrate Carlson absent consent" suggested "there may be a problem" with "venue" "sua sponte" on the 24th day with no "filing by Advanced Wings LP" (don't worry "we've got your back"???) (cited as authority by ERIE counsel in 14-529) and the 13-1904 panel "apparently service was defective" is a GEICO commercial "not legal citation"]

According to Greenlaw Keith Dougherty files for default; the clerk enters default; Defendant files 55(c); not "let's just skip that as we all know how this should come out"

4.    The non-responding parties have 21 days to file a 12(b)(5) motion

and the court is without jurisdiction to "assume service was improper".

("Jurisdiction over the person is a waivable defect (see Eberhart), which must be asserted early in the action by the party who would take advantage of it."); cf. Fed.R.Civ.P. 12(h)(1) (describing steps to be taken to preserve defense of lack of in personam jurisdiction).

Accordingly, we hold the district court had power to adjudicate the right to the accounts as between Friko and the government. Id. p. 984 [selective enforcement?]

[The Clerk/Magistrate Blewitt conspired with Defense Counsel for Carlisle Tire and Wheel to "rule on a motion to enter default" (13-CV-857) without jurisdiction see 28 USC 636 "absent consent" which has now increased the Costs to CTP by $300,000+]

U.S. v. Contents of Accounts Numbers 3034504504 and 144-07143 at Merrill Lynch, Pierce, Fenner and Smith, Inc. 971 F.2d 974 (3rd Cir 1992)

[here we face the same situation related to RG Smith and Cumberland County CID]

5.    The parties must plead and defend for themselves; without the

help of Clerks, Magistrates, and Judges (who may properly disfavor

Keith Dougherty (as a self-represented)).

## II

In our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation [see must file a 12(b)(5) motion within 21 days]…

… Id., at 386 (SCALIA, J., concurring in part and concurring in judgment).3 As cogently explained:

> "[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties.

> 554 U. S. ____ (2008)
> Id. p. 6

There is "no **lawful way to ignore and or avoid the questions and arguments presented (so as to control outcomes)** used in the paternalistic European style "rejected by the court".

See for example a proper approach:

### B

Amicus supporting the Eighth Circuit's judgment links the argument based on Rule 52(b) to a similar argument based on 28 U. S. C. §2106. See Brief for Amicus Curiae by Invitation of the Court…. Were the construction amicus offers correct, §2106 would displace the cross-appeal rule cross-the-board. The authority described in §2106, we have observed, "must be exercised consistent with the requirements of the Federal Rules of Civil Procedure as interpreted by this Court." (emphasis in the original)

> [see in the Middle District of PA invalidating Rule 73, [with LR73(d)] 55(a) and the 3rd Cir's refusal to "address these issues in numerous Mandamus" "without lawful jurisdiction"]

> (only Supreme Court Opinions matter invalidating "the oft cited the "3rd Cir Disfavors default" dictum)

Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc., 546 U. S. 394, 402–403, n. 4 (2006). No different conclusion is warranted with respect to the "inveterate and certain" cross-appeal rule. [see Frow v. De La Vegas as to 55(a)] Morley Constr. Co., 300 U. S., at 191....id. p. 10

[if CID and Detective Smith "refused to plead and or defend" within "the time allowed by Congress" they are in default and the RICO corruption of the Middle District Clerk in his "refusal to enter default"; Rule 55(c) is available to the "non-responders" in their hour of need, no Judge has "jurisdiction" to "extend the 21 days provided by congress"] see Bowles v. Russell.

Greenlaw v. United States 554 U. S. ____ (2008)

Non Jurisdictional: 12 Rules for Radicals (Adopted by PA Courts)

* RULE 3: "Whenever possible, go outside the expertise of the enemy." Look for ways to increase insecurity, anxiety and uncertainty.

[whereas the 3rd Cir "refuse" to answer the arguments presented that "55(a) is mandatory and jurisdictional" Federal Rules of Civil Procedure see Frow v. Del La Vega and Justice Ginsberg's "unanimous opinion in Sebelius v. Auburn Regional indicating the only path to challenging Supreme Court prior precedent even by the RICO conspiracy in the Middle District of PA Courts (state and Federal) write your "challenge to Irish Ins Co Lt." and or "Frow v. De La Vega"].

Irish Insurance Co Ltd. (personal jurisdiction/venue waivable "not as applied by the wholly incompetent and corrupt Chief Magistrate Carlson" in 13-CV-447" adopted by ERIE Counsel here in his "preliminary objections 14-529 "granted by PJ Hess; "e.g. we "got your back buddy"???) 456 U.S. 694 102 S.Ct. 2099 72 L.Ed.2d 492 (1982)

18

> **(c) The Court of Appeals did not resolve the related question whether…[Fed.R.Civ.P 55(a)//73 "consent" is/are "mandatory and jurisdictional" as pronounced under Bowels v. Russell] …though it should have done so, since the allegation of usurpation of power was before it [clerk/Magistrate(s) out of control], and to do so would avoid piecemeal litigation and settle new and important problems. P. 379 U. S. 111.**

> **[see here again under Frow v. De La Vega "must enter default" against RG Smith and CID]**

> **Schlagenhauf v. Holder - 379 U.S. 104 (1964)**

**4.     Pennsylvania is one of 5 States that "elects all of its judges" and as such its courts have a higher percentage of the "most detestable personage" in a civilized society "politicians who wear robes to work";**

**5.     We fought a revolution to invalidate "different classes" of Persons; see the Equal Protection Clause;**

**6.     The Rule of Law can and will be espoused by the litigants themselves;**

**7.     No Court may "refuse to answer the questions and arguments presented by the litigants and still proclaim they have provided "equal access to the courts" and "equal protection under the law";**

**8.     The abject corruption of the Courts of the Middle District of PA and by extension the 3rd Cir are a "symptom" of the Middle District Court's repeated violation of Quackenbush v. Allstate (using various**

forms of abstention as an affirmative weapon against "self-representation") "reaffirmed"  now by the unanimous position of the Supreme Court "this Term"…let me say again "this term" in Sprint 571 U. S. ____ (2013); Federal Courts cannot run away from "questions and arguments presented" so long as there is "jurisdiction".

## A.

> We have often acknowledged that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress… ("[F]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them'" (remand impossible see 11-CV-1295, 13-CV-447 "invalidation of Federal Jurisdiction");…("`When a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction'")…(federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not"). (Citations Omitted).
>
> Quackenbush v. Allstate 517 U.S. 706 (1996)

See this term;

No. 12–815. Argued November 5, 2013—Decided December 10, 2013.

GINSBURG, J., delivered the opinion for a unanimous Court.

SPRINT COMMUNICATIONS, INC. v. JACOBS ET AL. 571 U. S. ____ (2013)

Federal courts, it was early and famously said, have "no more right to decline the exercise of jurisdiction which is given, than to

usurp that which is not given." [see here even if Keith Dougherty predicts your position ("3rd Cir's desire to invalidate the rights of any and all closely held for profit entities and individuals") see Conestoga Wood Specialties will be reversed as to "close corporations"(and affirmed as to "sole proprietors" (leaving SMLLC's "orphans" along with "large international corporations"?)] Cohens v. Virginia, 6 Wheat. 264, 404 (1821). Jurisdiction existing, this Court has cautioned, a federal court's "obligation" to hear and decide a case is "virtually unflagging." [what is the "legal entity status of a SMLLC who "freely elected" (an organizational choice required by law) "disregarded" on IRS Form 8832?] Colorado River Water Conservation Dist. v. United States, 424 U. S. 800, 817 (1976). Parallel state-court proceedings do not detract from that obligation. See ibid.

Hear and decide….hear and decide…hear and decide.

WE the "pro se movants" aver The Courts of the Middle District of PA are engaged in a "civil/criminal conspiracy" to invalidate the "self-representation" protections of the 6th amendment;

It is far more honorable to say "in an opinion" "self-representation" is void in Pennsylvania.

(is this Why Judge Motz has been assigned by Chief Justice Roberts, to now oversee 13-CV-857, 13-CV-1868, 14-CV-480, and probably 14-CV-922(as well?);

Which could all have been "mooted" if someone would

answer (establish the 3rd Cir Precedent):

1.    What is the "legal entity structure" of a SMLLC electing "disregarded entity status on IRS Form 8832"?

[about to be mooted in Conestoga Wood Specialties Supreme Court  13-356]

2.    Is "self-representation" a constitutional value?

3.      Is 55(a) "mandatory and jurisdictional"?

See Greenlaw v. United States 554 U. S. ____ (2008) affirmed and further defined in Wood v. Milyard 566 U.S. ____ (2012)

9.      This Court has an unflagging responsibility to answer;

(a) Is "self-representation" a Constitutional Value protected by the Federal Statute 28 USC 1654?

(b) What is the "legal entity status" of any SMLLC that has "freely elected to be Disregarded" by way of IRS Form 8832 and has chosen "not to be managed by managers"?

(c) Does the First Amendment protect "assignment"?

(d) Can the Courts of PA assert "judicial and qualified immunity" so as to invalidate the 1st, 4th, 5th and 6th amendments 13-CV-1868?

(e) Is 55(a) "mandatory and jurisdictional"?

(f) Can the Middle District of PA invalidate "consent" as a requirement under Fed.R.Civ.P 73 (excepted motions)?

(g) Does the collective conduct amount to a "Bill of Attainder"?

III.    Ultimately when the Statutory System is Crumbling the Court

must refer to the Constitution;

A.      If your outcomes always arrive at a position where you can never

"get to the merits" you are using the wrong standard (no hard feelings);

Constitutions are intended to preserve practical and substantial rights, not to maintain theories.

Andrew Davis v. Hiram Mills, 194 U.S. 451, 457 (1904)

B.      Keith Dougherty is a "salesman" who believes he can convince a

**Jury of his peers that this conduct is a RICO "conspiracy" [see 12(b)(6) Standard];**

> **RICO 18 U.S.C. § 1963 (1982 ed., Supp. V); and a person found in a private civil action to have violated RICO is liable for treble damages, costs, and attorney's fees, 18 U.S.C. § 1964(c).**

> **'[C]riminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes (denial of "self-representation"), results, participants, victims ("the self-represented"), or methods of commission (invalidation of Federal Jurisdiction" and ignoring the Rules of Procedure to ensure outcomes ), or otherwise are interrelated by distinguishing characteristics and are not isolated events,' " ante, at 240. This definition has the feel of being solidly rooted in law, since it is a direct quotation of 18 U.S.C. § 3575(e). id. p. 252**

> **Inc v. Northwestern Bell Telephone Company 492 U.S. 229 109 S.Ct. 2893 106 L.Ed.2d 195 (1989)**

> **[the Courts and "RICO"]**

**1.      WE respectfully request a hearing to invalidate the Criminal Charges against Larry Runk II, Strike the Lien against the Best Real Estate, preliminary Injunction against "any order" to invalidate "assignment" as protected under the first Amendment (time if of the essence).**

## Conclusion

**The denial of the First Amendment "free assembly" and "freedom to contract" is interrelated to all issues "denying assignment" as a**

protected activity. It is far more sinister than what it may appear. PS 4117 is being employed (in Cumberland County) as an antidote to Act 78; by simply "accusing any insured of fraud" ERIE evades the "Administrative Law" protections contemplated by the PA Legislature subjecting 4117 to a "facial challenge" Chicago v. Morales 527 U.S. 41 118 S.Ct. 1849 144 L.Ed.2d 67 (1999) (where the DA/CID have intimidated Attorney ORR) and Keith Dougherty sought to unravel the issues with a "declaratory judgment" [and to make some money on the denial of a valid insurance claim] (ERIE PO Granted (absurd)) maybe a hearing would provide what "magic words" are required to indicate "contracts are protected under the First Amendment" [no different than Abu Jamal being able to contract with NPR, even "bad people have rights"] to include "assignment"; and if the assignor "says he assigned" the Insurance claim (which after denial is nothing more than "bad debt") the decision cannot be interfered with.

> Held: An assignee of a legal claim for money owed has standing to pursue that claim in … court, even when the assignee has promised to remit the proceeds of the litigation to the assignor. Pp. 2535 – 2546.

> Sprint Communications Co., L.P. v. APCC Services, Inc., 554 U.S. 269 (2008)

> Consistent with:

In this Commonwealth, we have long permitted causes of action to be assigned. 2 See, e.g., Gray v. Nationwide Mutual Insurance Co., 422 Pa. 500, 223 A.2d 8 (1966); Coons v. Borough of McKees Rocks, 243 Pa. 340, 90 A. 141 (1914); Galey v. Mellon, 172 Pa. 443, 33 A. 560 (1896).

Privity is not an issue in cases involving an assigned claim because the assignee stands in the shoes of the assignor and does not pursue the cause of action in the assignee's own right. Gray, supra, 422 Pa. at 507, 223 A.2d at 9.

Hedlund Mfg. v. Weiser, Stapler & Spivak 539 A.2d 357 517 Pa. 522 (1988)

Respectfully Submitted,

Keith Dougherty, CFP®, CLU®, IAR, EA

8075 Manada View Drive
Harrisburg, PA 17112-9383
866-391-7295
Fax: 866-255-2944
keithdoughertycfp@comcast.net



**Larry Runk II**
**32 George Brown Rd.**
**Millerstown Pa, 17062**
**717-438-3042**
**Fax:717-2430338**
**billsmechanical@embarqmail.com**

**Certification of Compliance**

**I Keith Dougherty do hereby certify the total word count has been tabulated to be 4,997 absent heading and index (by word processor count).**

**/S/ Keith Dougherty**

## Certification of Service

**I Keith Dougherty hereby certify a copy of the foregoing has been**

**properly served by ECF:**

**Johnson, Duffie, Stewart & Weidner**
**Jeffrey B. Rettig, Esquire**
**301 Market Street**
**P. O. Box109**
**Lemoyne, Pennsylvania 17043-0109**
**(717) 761-4540**
**jbr@jdsw.com**


**Colin S. Haviland**
**Legal Counsel**
**Supreme Court of Pennsylvania**
**Administrative Office of PA Courts**
**1515 Market Street, Suite 1414**
**Philadelphia, PA 19102**
**colin.haviland@pacourts.us**

**(v) 215.560.6300**
**(f) 215.560.5486**

**/S/ Keith Dougherty**

# EXHIBIT A

KEITH DOUGHERTY,                :   IN THE COURT OF COMMON PLEAS OF
    Plaintiff                            :   CUMBERLAND COUNTY, PENNSYLVANIA
                            :
    vs.                                  :   CIVIL ACTION – LAW
                            :   NO. 14-0529 CIVIL
ERIE INSURANCES,                :
    Defendant                            :

IN RE:  PRELIMINARY OBJECTIONS OF DEFENDANT, ERIE INSURANCE EXCHANGE,

TO PLAINTIFF'S DECLARATORY JUDGMENT COMPLAINT

BEFORE HESS, P.J., AND MASLAND, J.

ORDER

AND NOW, this    **7ʹ**    day of May, 2014, it being evident from the face of the

pleadings that the plaintiff, Keith Dougherty, does not have a direct, substantial and present

interest in the outcome of the action as required by 42 Pa.C.S.A. 7540 and applicable case law,

and, in any event, is not a real party in interest as required by Pa.R.C.P. 2001 et seq., the

preliminary objections of the defendant are SUSTAINED and the complaint in this matter is

DISMISSED.

BY THE COURT,

Kevin A. Hess, P.J.

Keith Dougherty
8075 Manada View Drive
Harrisburg, PA  17112
Plaintiff

Jeffrey B. Rettig, Esquire
301 Market  Street
P. O. Box 109
Lemoyne, PA  17043
For the Defendant

CUMBERLAND COUNTY
PENNSYLVANIA
2014 MAY -7  AM II: 30
FILED-OFFICE
OF THE PROTHONOTARY

EXHIBIT B

**5/27/2014**

**I Larry Runk II of 32 George Brown Rd. Millerstown, PA 17026 do hereby certify under penalty of Perjury 28 U.S.C § 1746 that this affidavit and the Civil Rights/RICO complaint are a true account of the "1st, 5th and 6th amendment violations" relating to an "improper use of 4117 to circumvent the restrictions as an "Exclusive Remedy" to Act 78 for RICO styled "Insurance Carriers" as identified in ERIE v. Lake 671 A.2d 681 (PA 1996) and as here their co-conspirators Cumberland County CID and its chief protector in the person of President Judge Hess.  As previously proved and provided on numerous occasions to the carrier and the court I hereby affirm Keith Dougherty is the lawful assignee of the ERIE insurance Claim #010171282556 in assumpsit which has been converted into nothing more than "bad debt"  (as all insurance is simply a promise to pay sums certain) by the RICO conduct. The denial of the Declaratory Judgment Action (in the form of "granting Preliminary Objections, in a vexatious and obdurate fashion) is a denial of "equal access to the court" as well as "equal protection under the law" and the attempt at invalidating the "assignment" is a direct violation of the First Amendment freedom to contract under "free assembly".**

**Keith Dougherty advised: "when first seeing the "ERIE Denial Letter" that the language in the referenced contract "was in violation of Pennsylvania Insurance law" (Erie v. Lake) and was nothing more than a thinly veiled effort to circumvent the administrative law process; he further averred "ERIE's 2007 Policy seeks to "prohibit" "assignment without permission" another violation of the First Amendment (since replaced and not applicable here).**

   **He avers ERIE is attempting to use 4117 to invalidate the limited options for carriers related to ACT 78.**

**1.	He advised; "they want to cancel your coverage" (rescinding is just an added benefit as to the collision claim) in place beyond the 60 day initial review window (which they know to be impossible).**

**2.	Since Act 78 prohibits "recision" and or using "any comprehensive claim" as a basis for non-renewal; this RICO scheme was concocted;**

3.      He further avers; 4117 does not apply to these facts;

4.      He avers CID "pretends to be so incompetent" that they do not know "what due process is required" under these facts;

5.      He avers if as here an entire County "violates the constitution" as a means of intimidating citizens who would dare to assert their constitutional protections it is a Younger v. Harris violation;

> 'the threats to enforce the statutes against appellants are not made with any expectation of securing valid convictions, but rather are part of a plan to employ arrests, seizures, and threats of prosecution under color of the statutes to harass appellants and discourage them and their supporters from asserting and attempting to vindicate the constitutional rights…[of the "self-represented"]…' [see here 14-CV-480, 14-CV-922, 14-529, CV-2011-2531, 11-CV-1295/11-2631, 13-CV-1868] 380 U.S., at 482, 85 S.Ct., at 1118—1119. Id. p. 48
>
> Younger v. Harris 401 U.S. 37 91 S.Ct. 746 27 L.Ed.2d 669 (1971)
>
> [preliminary injunction filed in 14-CV-480]

6.      He further avers that is why an assistant DA was assigned to the 4/17/2014 hearing to "threaten and intimidate" Larry Runk II to accept ARD (so as to invalidate the Federal Suit 14-CV-480 (assigned to Frederick Motz); Previously assigned to the "bad debt collection" Larry Runk II had assigned to Keith Dougherty, 13-CV-857 Keith Dougherty v. Carlisle Transportation Products Inc.).

> Held: An assignee of a legal claim for money owed has standing to pursue that claim in federal court, even when the assignee has promised to remit the proceeds of the litigation to the assignor. Pp. 2535 – 2546.
>
> (a) History and precedent show that, for centuries, courts have found ways to allow assignees to bring suit; where assignment is at issue, courts—both before and after the founding—have always permitted the party with legal title alone to bring suit; and there is a strong tradition specifically of suits by assignees for collection. And while precedents of

this Court, Waite v. Santa Cruz, 184 U.S. 302, 22 S.Ct. 327, 46 L.Ed. 552, Spiller v. Atchison, T. & S.F.R. Co., 253 U.S. 117, 40 S.Ct. 466, 64 L.Ed. 810, and Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653, do not conclusively resolve the standing question here, they offer powerful support for the proposition that suits by assignees for collection have long been seen as "amenable" to resolution by the judicial process, Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 102, 118 S.Ct. 1003, 140 L.Ed.2d 210. Pp. 2535 – 2542.

(b) Petitioners offer no convincing reason to depart from the historical tradition of suits by assignees,…

Sprint v. APCC SERVICES, INC., et al. 554 U.S. 269 28 S.Ct. 2531 171 L.Ed.2d 424 (2008)

Where "who ya gonna believe me or those liars on the Supreme Court is not sufficient"!

[to deny assignment is a violation of the 1st, 5th and 6th amendments, as in if we "rule on the DJ we "lose all cases" criminal (must be dismissed), Civil Rights/Defamation (conceded), RICO (obvious)]

7.     He further avers this is why President Judge Hess "granted the preliminary objections" of ERIE so as to "protect the RICO conduct of his DA, CID, Sheriff's Department, and Prothonotary" see also 14-CV-480, 14-CV922;

8.     `When as here a RICO enclave has utilized any Statue "4117" to "threaten, harass and intimidate" any party "claiming an interest" so long as there is an "actual case" the litigant a right to "petition his government for redress of grievance" Under the First Amendment (let them eat cake is "detached" from the reality at hand);

9.     He further avers once having read the contract in question it will be established "at all times Larry Runk II was entitled to his "comprehensive deductible" and the rest is subterfuge (so Keith Dougherty makes money and Larry Runk II gets out of Jail Free) demonstrating the ability to walk and chew gum simultaneously;

3

10.     If the act of "swerving to avoid a herd of deer" requires the carrier to "pay the comprehensive claim" (otherwise the "comprehensive rider is illusory) Larry Runk II could have piled "all the deer hair in the county on his vehicle's hood and have been guilty of nothing" even if he then lied about being "the greatest deer hair collector in the country";

This application of the law is a Saul Alinsky tactic "create a crime" by saying "you lied" (so what?) to cover up the RICO "conspiracy";

Then say "you aren't reading that right" (absurd)

11.     As the Corrupt Enclave of Cumberland County only seeks to "collect fines" neither President Judge Hess, the DA, nor any of its detectives are willing to familiarize themselves with ACT 78 to see this "conspiracy" for what it is;

§ 7533.  Construction of documents.

Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise, and obtain a declaration of rights, status, or other legal relations thereunder.

How can someone be convicted of insurance fraud for submitting a "valid claim"?

[Keith Dougherty took assignment of the "insurance claim/contract"]

12.     The wholly corrupt DA actually implied "lying to an insurance agent is a crime" (legally impossible) to cover up the RICO "conspiracy";

1.     Further violations of law as applied; Larry Runk II is not "in confidence" with ERIE nor is he ERIE's "Fiduciary" {declaratory judgment as to these terms demanded) even if; "ACT 78 is the "Exclusive Remedy" no authority to "refuse to pay the claim"?

4

§ 3922.  Theft by deception.

(a)  Offense defined.--A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally:

(3)  fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

[at no time is "filing a comprehensive claim" "theft by deception"]

2.      The Tactic of adding (3) additional counts is so that the Assistant DA can assert "this is not the crime of the Century" and you should take ARD (to threaten and intimidate to coerce a guilty plea and accept ARD);

> Keith Dougherty averred; "if we are successful and the County is required to pay its share of the multi-million dollar judgments "it will be the crime of the century" that CID with the help of President Judge Hess has squandered the taxpayer's money.

3.      If Magistrate Fegley is not in possession of the "legal acumen required" to "interpret the insurance contract" the entire process used in Pennsylvania is subject to a Chicago v. Morales "Facial Challenge" where citizens can-not be charged with a crime "absent mens rea" whereas the implementation of ACT 78 does require "scienter" (to circumvent).

DA's, Detectives, and Insurance Department Consumer investigators are required to "have the legal acumen to understand What ERIE is Doing (as the criminals are more sophisticated than they use to be);

See Comments of Justice Kennedy at oral argument 4/29/2014

**JUSTICE KENNEDY: Well, including the criminals who are more dangerous, more sophisticated, more more elusive…. That's the that's the other side of this.**

**Riley v. California**

**[where ERIE after repeatedly losing at the "administrative law" level circumvents ACT 78 with this RICO scheme]**

**To enforce 4117 as an antidote to ACT 78 requires "scienter";**

**The Insurance Commissioner and Magistrate Fegley may not assert "I'm confused" otherwise the process is "unconstitutional".**

> **It is allowable to charge ERIE and its co-Conspirators "with crimes of avoidance" as they do have scienter".**

### III

> **…This is not an ordinance that "simply regulates business behavior and contains a scienter requirement." See Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 499 (1982). [whereas ACT 78 is and does]**

> **4117 as applied is "void"; not just as a "criminal statute" but as an unlawful means to "rescind a valid claim without rescinding the insurance contract" (RICO slick).**

> **JUSTICE KENNEDY: Well, including the criminals who are more dangerous, more sophisticated, more more elusive…. That's the that's the other side of this.**

> **It is a criminal law that contains no mens rea requirement, [guilty of a crime by "filing a claim"] see Colautti v. Franklin, 439 U.S. 379, 395 (1979), and infringes on constitutionally protected rights, When vagueness permeates the text of such a law, it is subject to facial attack.22…**

**Chicago v. Morales 527 U.S. 41 118 S.Ct. 1849 144 L.Ed.2d 67 (1999)**

**[I'm so stupid I did not realize it could not be a crime is not a valid defense (for the County Players) "although Magistrate Fegley does have "judicial immunity"] see Dennis v. Sparks.**

**[the inverse here is Larry Runk II is not an "insurance expert" all licensed ERIE employees are; so too must the DA, Detective et all possess such "scienter" (otherwise they are "selling their badges" to circumvent ACT 78 see Open Inns LTD (ED PA 1998) and have become "defendants" whether by "omission or commission"].**

**NO. 97-4822**

> **While Lieutenant LaRose is correct that we cannot expect sheriffs or police to have the same level of legal knowledge as lawyers,32 they must at a minimum make some general inquiry into the legality of private parties' actions [see here charge him with insurance fraud to protect us from our crimes] before actively and at length…[seeking s criminal prosecution]… at those parties' behest. From making the briefest stop to ferreting out the most cunning fugitive, American law always expects law enforcement officers to engage their brains. That expectation does not change as the constabulary exercises its civil duties when constitutional interests are at stake. Officers cannot sell their judgment when they rent their badges.**

**Accordingly, we will enter summary judgment against all defendants in their official capacities. An Order follows.**

> **1. Defendant "Chester County Sheriff's Department" [see here Cumberland County DA, et al] is DISMISSED;**

**2. Plaintiffs are granted leave to amend their complaint to add Chester County as a defendant prior to a trial on damages; and**

**4. Plaintiffs' motion for summary judgment as to liability only is GRANTED against all defendants.**

**BY THE COURT:**

_____

**Stewart Dalzell, J.**

**[get out your check book we're a comin...]**

**13.   Keith Dougherty avered; the Order of 5/7/2014 is nothing more than a Saul Alinsky type tactic Rules for Radical Rule 3;**

**\* RULE 3: "Whenever possible, go outside the expertise of the enemy." Look for ways to increase insecurity, anxiety and uncertainty.**

**[same tactic employed by the ADA at the 4/17/2014 preliminary hearing]**

**He further stated; One need only to read the content of the 5/7/2014 Order (§ 7540) and compare to the Pennsylvania Statue Language;**

**[the nebulous "case law" (out there somewhere) is where you are supposed to believe President Judge Hess as opposed to your "lyin eyes"]**

**§ 7540.  Parties.**

**(a)  General rule.--When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party and shall be entitled to be heard.**

**"Actual Case Law"!!!!**

**Keith Dougherty avered his interest is as "assignee";**

> **In this Commonwealth, we have long permitted causes of action to be assigned. 2 See, e.g., Gray v. Nationwide Mutual Insurance Co., 422 Pa. 500, 223 A.2d 8 (1966); Coons v. Borough of McKees Rocks, 243 Pa. 340, 90 A. 141 (1914); Galey v. Mellon, 172 Pa. 443, 33 A. 560 (1896). Privity is not an issue in cases involving an assigned claim because the assignee stands in the shoes of the assignor and does not pursue the cause of action in the assignee's own right. Gray, supra, 422 Pa. at 507, 223 A.2d at 9. Id. p. 358**

> **Hedlund Mfg. Co., Inc. v. Weiser, Stapler & Spivak 539 A.2d 357 (PA 1988)**

> **[allowing "legal mal practice claims to be assigned in PA, which is likely to be filed as a result of Paul Orr's Conduct in the matter of the Commonwealth v. Larry Runk II, [where the DA obtained Orr's cooperation in the preliminary hearing to avoid these topics in their entirety, so as to obtain the decision they sought] (arraignment scheduled) where CID can now be cited with "malicious prosecution" under Gallo v. Philadelphia 161 F.3d 217 (3rd Cir 1998).**

>> **Judge Motz is Presiding over 13-CV-857, 13-CV-1868 (Keith Dougherty assignee of Larry Runk II's, bad debt) and has now been assigned 14-CV-480, and will likely be assigned 14-CV-922 (RICO complaint naming Judge Hess as a co-defendant, seeking preliminary injunction service complete 5/22/2014] where under Monell Principles the County is "the" Defendant.**

>> **RICO 18 U.S.C. § 1963 (1982 ed., Supp. V); and a person found in a private civil action to have violated RICO is liable for treble damages, costs, and attorney's fees, 18 U.S.C. § 1964(c).**

>> **[prothonotary and sheriff's department as "defendants"]**

**Further this Term the Supreme Court (United States) reaffirmed simultaneous State/Federal Actions (because of this wide spread corruption);**

**Federal courts, it was early and famously said, have "no more right to decline the exercise of jurisdiction which is given, [see here 1983/RICO] than to usurp that which is not given." Cohens v. Virginia, 6 Wheat. 264, 404 (1821). Jurisdiction existing, this Court has cautioned, a federal court's "obligation" to hear and decide a case is "virtually unflagging." Colorado River Water Conservation Dist. v. United States, 424 U. S. 800, 817 (1976). Parallel state-court proceedings do not detract from that obligation. See ibid. id. p. 6**

**[see now 14-CV-480, 14-CV-922]**

**SPRINT COMMUNICATIONS, INC. v. JACOBS 571 U. S. ____ (2013)**

**Keith Dougherty averred the Constant "denial of standing" is the functional equivalent of "let them eat cake" (while the people are starving, and "the politicians who wear robes to work" being told "there is no bread"); here Keith Dougherty avers Larry Runk II has been charged "with a crime" so that ERIE can circumvent ACT 78 and void his coverage;**

**The adjuster was first instructed to "offer him 50% so the insured gets angry and "fires us" as we cannot "Void His Coverage" or refuse to renew; when that didn't work "accuse him of Fraud" so he will "fire us"; then, when Keith Dougherty "threatened to buy the claim so he could sue"; the ERIE "criminals" conspired to file an "information complaint" without "corroboration" in violation of "due process" with the assistance of an incompetent Detective (and corrupt DA); when that prompted a civil rights action, an ADA was sent out to threaten and intimidate Larry Runk II;**

when that didn't work,  President Judge Hess said "throw it out" as Keith Dougherty has "no standing"???? The fact that an innocent man has been charged with a crime is "for someone else to be concerned with" ("let him eat cake"). And as Paul Orr Stated (trying to get Larry Runk II to accept ARD at the 2/4/2014 hearing) "the prisons in this county are filled with "innocent people" (the goal is not justice, it is intimidation).

when Keith Dougherty intervened ERIE had to "get Magistrate Fegley to say there was a crime" so as to try and establish (fecklessly) "qualified immunity" (unavailable see Leatherman v. Tarrant County); if the contract is properly "interpreted" "there can be no crime" (let Larry Runk II eat cake) and Keith Dougherty receives 1/3 of the claims and 8371 "punitive damages" (Greed is Good "Gordon Gecko" Wall Street)

14.    Keith Dougherty then advised "either President Judge Hess was "trying to protect his DA, & CID" or ERIE had been successful in bribing yet another Judge (either motive not suffiicent to invalidate a 1983/RICO action, (Keith Dougherty said) where the cover up is where all such schemes are revealed);

ERIE is known to "bribe and otherwise conduct RICO enterprises to gain advantage in Pennsylvania Courts" see U.S. v. Joyce, No. 07–31, 2009 WL 578544 (W.D.Penn. March 5, 2009)



Date <u>05/27/2014</u>

I Larry Runk do further certify the forgoing is true and correct to the best of my knowledge and belief under 18 § 4904 unsworn falsifications to authorities (which does not include insurance agents and investigators).

11

EXHIBIT C

**Keith Dougherty**

| | |
|---|---|
| **From:** | PAMDEfilingstat@pamd.uscourts.gov |
| **Sent:** | Thursday, May 01, 2014 3:56 PM |
| **To:** | pamd_ecf_nef@pamd.uscourts.gov |
| **Subject:** | Activity in Case 1:14-cv-00480-JFM Dougherty et al v. Erie Insurance Exchange et al Docket Annotation |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

## United States District Court

## Middle District of Pennsylvania

## Notice of Electronic Filing

The following transaction was entered on 5/1/2014 at 3:55 PM EDT and filed on 5/1/2014

| | |
|---|---|
| **Case Name:** | Dougherty et al v. Erie Insurance Exchange et al |
| **Case Number:** | 1:14-cv-00480-JFM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**DOCKET ANNOTATION: Case received by the District of Maryland and opened under docket 1:14CV1463. (kn)**

**1:14-cv-00480-JFM Notice has been electronically mailed to:**

Jeffrey B. Rettig     jbr@jdsw.com, csj@jdsw.com

Keith Dougherty     keithdoughertycfp@comcast.net

**1:14-cv-00480-JFM Filer will deliver notice by other means to::**

Assignee of Bill's Mechanical and Welding

Keith Dougherty Investmnets & Consulting LLC (SMLLC)

Larry Runk, II
32 George Brown Lane
Millerstown, PA 17062

## Keith Dougherty

| | |
|---|---|
| **From:** | PAMDEfilingstat@pamd.uscourts.gov |
| **Sent:** | Thursday, May 01, 2014 11:36 AM |
| **To:** | pamd_ecf_nef@pamd.uscourts.gov |
| **Subject:** | Activity in Case 1:14-cv-00480-JEJ-SES Dougherty et al v. Erie Insurance Exchange et al Case Tramsferred Out - District |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### United States District Court

### Middle District of Pennsylvania

### Notice of Electronic Filing

The following transaction was entered on 5/1/2014 at 11:35 AM EDT and filed on 5/1/2014

| | |
|---|---|
| **Case Name:** | Dougherty et al v. Erie Insurance Exchange et al |
| **Case Number:** | 1:14-cv-00480-JEJ-SES |
| **Filer:** | |
| **WARNING: CASE CLOSED on 05/01/2014** | |
| **Document Number:** | No document attached |

**Docket Text:**
**Case transferred to District of Maryland. Original file, certified copy of transfer order, and docket sheet sent. (pw)**

**1:14-cv-00480-JEJ-SES Notice has been electronically mailed to:**

Jeffrey B. Rettig      jbr@jdsw.com, csj@jdsw.com

Keith Dougherty      keithdoughertycfp@comcast.net

**1:14-cv-00480-JEJ-SES Filer will deliver notice by other means to::**

Assignee of Bill's Mechanical and Welding

Keith Dougherty Investmnets & Consulting LLC (SMLLC)

Larry Runk, II
32 George Brown Lane
Millerstown, PA 17062

# EXHIBIT D

**1/15/2014**

**I JolLyn Best of 405 Ricky Rd. Mechanicsburg, PA 17050  do hereby certify under penalty of Perjury 28 U.S.C § 1746 that this affidavit and the RICO complaint are a true account of the "5th and 6th amendment violations" relating to an "improper use of a confessed judgment" related to my personal residence in violation of the "Unfair Trade Practices and Consumer Protection Law."**

_(signature)_                                         5/22/14

**JolLyn Best**                                        **Date**

**Keith Dougherty at all times in question: served as "Financial Advisor" to MJCB LLC and Successor Trustee to the Best Family Revocable Trust "hereinafter trustee";**

> **Keith Dougherty advised that when executing the Equitable Distribution property settlement; all interest in the real property was the sole property of JolLyn Best.**

> **Keith Dougherty had advised that 11-CV-1295 (where Docson Consulting LLC, was unlawfully joined by the RICO enterprise Cluck U Corp) was under appeal in the 3rd Cir 11-3598. Keith Dougherty averred if and when a hearing on the merits would be ordered it would be revealed that the "original dispute" was under a AAA arbitration agreement and therefore the "Foreign State Default Judgment" was void. Being void "no passage of time could ever make the judgment valid". Keith Dougherty further advised Chief Magistrate Carlson and District Judge Jones are "unnamed" defendants in the pending RICO complaint 14-CV-922 as they are named in 13-CV-1868.**

> **Keith Dougherty advised in keeping with Liljeberg v. Health Services acquisition Corp  a 60(b)(4)(6) motion was properly filed in the district Court where the RICO individuals (Clerk/Magistrate/District Court**

Judge) refused to allow the filing of the "Brief in Support"; necessitating the filing of this RICO case; 14-CV-922.

Keith Dougherty has advised the "corrupt courts" and Clerks of the Middle District of PA enforce Rules, Statues and Constitutional Protections so as to discourage or deny "equal access to the court and equal protections under the law".

Keith Dougherty advised the only way to allow the HARP financing to proceed is to seek preliminary injunction and have the "criminal Robert Kodak" forced to remove the lien fraudulently attached to the 405 Ricky Rd Mechanicsburg PA Property.

Keith Dougherty advised "All Courts/Clerks of PA are Corrupt" and manipulate "per se rules" to ensure an orderly market place for "law school graduates" (Rules for Radicals as their only "constitution").

I JolLyn Best did suffer a 50% share (loss) of the $41,500 advanced as "good faith money" (to purchase the Cluck U Franchise at College Park) and did not sign any "personal guarantee". The operating entity Ken & Jim CUC Inc. (a wholly owned subsidiary of CUC of MD Inc.) never issued the preferred stock (cumulative and participating) as the "sale was never completed". Keith Dougherty further advised "the Judges and Lawyers" of the Middle District of PA are either "legally incompetent" as to these "entity structures" and their consequences or are Criminals who have Joined the RICO enterprises outlined in detail in 13-CV-1868, 14-CV-480, 14-CV-922 (no one is that "stupid").

The "Corporate "personal guarantee" (as applied) is the "functional equivalent" of a "Confessed Judgment" and as such is "void as a matter of the "PA Consumer Protection Law" (if applied as here).

§ 201-1. Short title

This act shall be known and may be cited as the "Unfair Trade Practices and Consumer Protection Law."

2

And applies US Foods Inc. (even though they are "a Delaware Corporation").

> (2) "Person" means natural persons, corporations, trusts, partnerships, incorporated or unincorporated associations, and any other legal entities.
>
> 73 P.S. § 201-2
>
> (1) "Documentary material" means the original or a copy of any book, record, report, memorandum, paper, communication, tabulation, map, chart, photograph, mechanical transcription or other tangible document or recording, wherever situate.
>
> (xviii) Using a contract, form or any other document related to a consumer transaction which contains a confessed judgment clause that waives the consumer's right to assert a legal defense to an action;

Keith Dougherty advised "what the RICO courts are trying to imply" is "even though the confessed judgment law as applied here was invalidated" 20 plus years ago (even when lawfully applied to "commercial transactions") they (the PA Courts) are not aware that it is unlawful in any "consumer transactions" 73 P.S. § 201; as applied under the "full faith and credit clause" (that was ignored in 11-CV-1295 by the criminal RICO enterpriser(s) to include Carlson and Jones, who refuse to define SMLLC's as a "legal entity" which would then make this all impossible and unnecessary).

Keith Dougherty advised this is a RULE 11 challenge to the "unconstitutional conduct" of the "Courts of the Middle District of PA" and preliminary injunction would allow for my refinancing to be completed (when properly resolved) emergency review is requested (time is of the essence).

_JolLyn M Best_                    _5/22/14_

**JolLyn Best**                    **Date**

3