## IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. Michael Best pro se | : |
| Keith Dougherty pro se | : |
| President/Secretary of CUC of MD | : |
| Inc. Maryland Close Corp (S Corp) | : |
| (Director) of Ken & Jim CUC Inc. | : |
| Wholly owned subsidiary of CUC of | : |
| MD Inc. | : |
| Docson Consulting LLC (SMLLC) | : |
| | : |
| **Plaintiff(s),** | : |
| | : |
| | : Civil Action NO: 1: 14-CV-922 |
| **v.** | : |
| | : |
| **US Foods Inc. Delaware Division** | : |
| **Cluck U Corp** | : |
| **JP Haddad** | : |
| **Richard Daniels** | : |
| **Curtis Property Management aka** | : |
| **"the landlord"** | : |
| | : |
| **Cumberland County Sheriff's** | : |
| **Department; Cumberland County** | : |
| **Prothonotary** | : |
| | : |
| **President Judge Hess Cumberland** | : |
| **County Common Pleas** | : |
| **Judge Bratton Dauphin County** | : |
| **Common Pleas** | : |
| | :    **Filed Electronically** |
| | : |
| **Defendant(s),** | : |
| | :    **Jury Trial Demanded** |
| | : |

_____

**Brief In Opposition "motion to dismiss" As to U.S. Foods Inc. and in support of Motion to Strike "motion to dismiss"**
_____

1

**And now Comes Keith Dougherty, and R. Michael Best pro se and move Under Fed.R.Civ.P 11 to challenge the unconstitutional conduct of the Courts and Authorities of Pennsylvania in their invalidation of the 1st, 4th, 5th and 6th amendment rights for "closely held for profit entities and individuals" from asserting constitutional protections without "paid attorneys".**

## Standard of Review

**On a motion to dismiss, "we must 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine, whether under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).**

**RJ Holdings No. 10-1047 (3rd Cir 2011)**

## Preliminary Injunction

**See Motion for Emergency Hearing;**

## Summary of Argument

**Motion to Strike Appropriate even when referring to a "claim processing rule": We can assume, arguendo, that had …[Dougherty]… timely asserted the untimeliness of …[U.S. Foods Brief in Support of its motion to dismiss]…, Kontrick [Dougherty] would have prevailed in the litigation. Kontrick, 540 U.S., at 458**

**Federal Court is an adversarial system (see Greenlaw v. US). The Personal Jurisdiction of any litigant is both "mandatory and jurisdictional" and waivable by the party "asserting it".**

**Therefore when as here Defense Counsel has "wasted the court's time" with formulaic recitation of "failure to be able to read the complaint" and simultaneously "failed to comply with the formal requirements of motions practice" they have by their mistakes subjected their client to "default". Keith Dougherty (unlike Kontrick and the Government in Eberhart) raised this objection to "untimely briefs being filed" beyond the 21 days allowed by Congress.**

## Questions Presented

**1.    Can local rules provide 35 days to file a responsive pleading so long as the response is in the form of a "motion to dismiss"?**

**Suggested Answer: No see Footnote 5 Lujan v Defenders of Wildlife (1990).**

**2.    Can an attorney simply file an appearance (to preserve the right to object to in personam jurisdiction) and be given an additional 14 days to then file a "motion to dismiss"?**

**Suggested Answer: No.**

**3.    Can US Foods Inc., be defaulted by their counsel?**

**Suggested Answer: Yes see Pioneer Investment Services Company v. Brunswick Associates Limited Partnership 507 U.S. 380 113 S.Ct. 1489 123 L.Ed.2d 74 (1993)**

**4.    Since Conestoga Wood Specialties has established "new precedent" (adopting Keith Dougherty's argument referencing Bellis v. US referencing Boyd v. US (1886)) that "sole proprietors" and "sole practitioners" (unique amongst all other entities) can assert the "protection against self-incrimination" and therefore can assert all other "purely personal rights" (personally/for their business(s))  can Fed.R.Civ.P 4 invalidate the First Amendment "right to petition one's government for redress" (without first hiring an agent)?**

**Suggested Answer: No.**

**5. What is the "legal entity status" of any SMLLC who has asserted his "first amendment freedoms" to choose not to be "managed by managers" and further "elected" to be "disregarded" under IRS Form 8832 "Entity Classification Election" (Required Under Federal Law for ACA and other purposes) under Federal Law who refuses to accept LLC as an entity classification?**

**Suggested Answer: "sole proprietor".**

Argument

**I. A Naked Motion cannot stand on its own and must be dismissed under the principles of "proper pleading" just as a "entry of appearance" is not sufficient Rule 11 indicates when an attorney signs the pleadings and seek entry of appearance he is aware of these perils.**

**A. Pursuant to violations of Federal Rules of Civil Procedure Keith Dougherty avers the Middle District would be in violation of the law to permit an additional 14 days to file a response.**

**1. Fed.R.Civ.P 6 Provides for time:**

**Rule 6. Computing and Extending Time; Time for Motion Papers**

**(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule (emphasis added) or court order, or in any statute that does not specify a method of computing time.**

**(b) Extending Time.**

**(1) In General. When an act may or must be done within a specified time, the court may, for good cause (which does not include not understanding Federal Rules), extend the time:**

4

**(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or**

**(B) on motion made after the time has expired if the party failed to act because of excusable neglect. (not available for "jurisdictional violations" unless granted leave by your opponent)**

**(a) If Congress has allowed 21 days to file a "responsive pleading" and provided an option to make specific pleadings in the form of motions the time is not changed (by local rule).**

**(b) It is a simple matter to request an extension of time within 21 days so long as there is "good cause" an additional 14 days cannot be assumed.**

> **The jurisdiction of the courts… is fixed by Congress. See Bowles v. Russell, 551 U. S. ___, ___ (2007) (slip op., at 6); Ankenbrandt v. Richards, 504 U. S. 689, 698 (1992) ("'[T]he judicial power of the United States . . . is dependent for its distribution and organization, and for the modes of its exercise, [modes of its exercise includes responsive pleading time allowed] entirely upon the action of Congress'" (quoting Cary v. Curtis, 3 How. 236, 245 (1845))). Id. p. 2 Dissent of Justice Alito**
>
> **Greenlaw v. US 554 U. S. ____ (2008)**
>
> **[local enclaves cannot develop customs to extend the time to file a "responsive pleading" (in the form of a motion) to 35 days (or in the case of 13-CV-447 to 80 days) because you think it would be a good idea, while the court figures the best way to "deny Federal Jurisdiction"]**

**2.     There has been routine violation of the Rules as established by the Supreme Court; Even Claim processing rules are subject to "formality**

ignored here".

> Rule 6(b) establishes a clear distinction between "requests" and "motions," and the one cannot be converted into the other without violating its provisions—or at least cannot be converted on the basis of such lax criteria that conversion would be not only marginally permissible but positively mandatory in the present case. Rule 6(b)(1) allows a court ("for cause shown" and "in its discretion") to grant a "request" for an extension of time, whether the request is made "with or without motion or notice," provided the request is made before the time for filing expires. After the time for filing has expired, however, the court (again "for cause shown" and "in its discretion") may extend the time only "upon motion." … Surely the postdeadline "request," to be even permissibly treated as a "motion," must contain a high degree of formality and precision, putting the opposing party on notice that a motion is at issue and that he therefore ought to respond. …
>
> Lujan v. Defenders of Wildlife 497 U.S. 871 110 S.Ct. 3177 111 L.Ed.2d 695 (1990)
>
> According to local rule "if a supporting brief is not filed "timely" the motion is deemed withdrawn [unless we like you?]
>
> To allow Defense's interpretation is to say our local custom provides 35 days to respond (absurd).
>
> LR 7.5 Submission of Briefs Supporting Motions.
>
> Within fourteen (14) days after the filing of any motion,…. If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.
>
> Why not authorize a rule that says "see presiding judge" for how long you have to respond (if ever).

3.    Owing to the incompetence of Counsel "U.S. Foods Inc. has

defaulted" (as their responsive pleading says nothing)?

> Clients may be held accountable for their attorney's acts and omissions. See, e.g., Link v. Wabash R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734. Thus, in determining whether respondents' failure to timely file was excusable, the proper focus is upon whether the neglect of respondents and their counsel was excusable. Pp. ____.
>
> Pioneer Investment Services Company v. Brunswick Associates Limited Partnership 507 U.S. 380 113 S.Ct. 1489 123 L.Ed.2d 74 (1993)
>
> The Supreme Court does not care that the locals feel this "formality is unnecessary when discouraging "self-representation".

4.  Beginning in Kontrick Justice Ginsberg established "what is jurisdictional"; it was later confirmed per curiam in Eberhart.

> "Clarity would be facilitated," we have said, "if courts and litigants used the label `jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick, 540 U.S., at 455. Id. p. 16
>
> Eberhart v. US 546 U.S. 12 126 S. Ct. 403 163 L. Ed. 2d 14 (2005)

5.  And if Counsel for the "U.S. Foods Inc." were to make the mistake of asserting "claims processing rules are fungible"; one need to proceed with caution;

> > We can assume, arguendo, that had Kontrick timely asserted the untimeliness of Ryan's amended complaint, Kontrick would have prevailed in the litigation. Kontrick, 540 U.S., at 458; The net effect of Robinson, viewed through the

> **clarifying lens of Kontrick, is to admonish the Government that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence, since the Government is unlikely to miss timeliness defects very often (except as here). Eberhart 546 U.S. 18; A court may lack the power to do something for reasons other than want of jurisdiction, and a rule can be inflexible without being jurisdictional. See Eberhart v. United States, 546 U. S. 12, 19 (2005) (per curiam). Justice Alito Dissenting Greenlaw v. US id. p. 2; Robinson is correct not because the District Court lacked subject-matter jurisdiction, but because district courts must observe the clear limits of the Rules of …. Procedure when they are properly invoked. Eberhart 546 U.S. 17.**

6. **Jurisdiction exists on numerous fronts and the case cannot be dismissed because we wish to discourage "self-representation".**

A.

> **We have often acknowledged that federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress… ("[F]ederal courts have a virtually unflagging obligation . . . to exercise the jurisdiction given them'" (remand impossible see 11-CV-1295[necessitating 14-CV-922], 13-CV-447 "invalidation of Federal Jurisdiction");…("`When a federal court is properly appealed to in a case over which it has by law jurisdiction, it is its duty to take such jurisdiction'")…(federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not"). (Citations Omitted).**

> **Quackenbush v. Allstate 517 U.S. 706 (1996)**

7. **An Alinsky-ite would try and characterized Justice O'Connor's use of the word "jurisdiction" in Quackenbush (identical fact patter as to 11-CV-1295 "arbitration mandatory") as a "mistake" as implied in**

8

Eberhart. However the broader concept is "Federal Courts cannot refuse jurisdiction" even if to discourage "self-representation" even when using Rooker-Feldman (a term that is now officially dead).

> Footnote 4 Since we granted certiorari, the Iowa state court issued an opinion rejecting Sprint's preemption claim on the merits. Sprint Communications Co. v. Iowa Utils. Bd., No. CV–8638, App. to Joint Supp. Brief 20a–36a (Iowa Dist. Ct., Sept. 16, 2013). The Iowa court decision does not, in the parties' view, moot this case, see Joint Supp. Brief 1, and we agree. Because Sprint intends to appeal the state-court decision, the "controversy . . . remains live." Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U. S. 280, 291, n. 7 (2005). [where the 3rd Cir was Reversed related to Rooker Feldman but refuses to accept its fate]
>
> SPRINT COMMUNICATIONS, INC. v. JACOBS ET AL.
> 571 U. S. ____ (2013)

8. This Supreme Court term however the concept (requiring Federal Courts to hear and decide) was clarified (jurisdiction is not optional even to discourage "self-representation") by Justice Ginsberg in a Unanimous opinion yet again;

> No. 12–815. Argued November 5, 2013—Decided December 10, 2013.
>
> GINSBURG, J., delivered the opinion for a unanimous Court.
>
> SPRINT COMMUNICATIONS, INC. v. JACOBS ET AL.
> 571 U. S. ____ (2013)
>
> Federal courts, it was early and famously said, have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." [see here even if Keith Dougherty

**predicts the 3rd Cir position ("3rd Cir's desire to invalidate the rights of any and all closely held for profit entities and individuals") see Conestoga Wood Specialties will be reversed as to "close corporations"(and affirmed as to "sole proprietors")] Cohens v. Virginia, 6 Wheat. 264, 404 (1821). Jurisdiction existing, this Court has cautioned, a federal court's "obligation" to hear and decide a case is "virtually unflagging." [what is the "legal entity status of a SMLLC who "freely elected" (an organizational choice required by law) "disregarded" on IRS Form 8832?] Colorado River Water Conservation Dist. v. United States, 424 U. S. 800, 817 (1976). Parallel state-court proceedings do not detract from that obligation. See ibid.**

9.    **Late last term Justice Ginsberg delivered another "unanimous opinion" that clarifies (her Reed Elsevier Compromise position) "any statute that can be plainly read to have a provision that is intended to be "jurisdictional" is, any Rule that is being referred to as "jurisdictional" may only involve "subject matter or the persons "personal jurisdiction" and must only be supported by "long standing Supreme court Precedent"; see Here Frow v. De La Vega.**

II

A

**Characterizing a rule as jurisdictional renders it unique in our adversarial system. Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy. Tardy jurisdictional objections can therefore result in a waste of adjudicatory resources and can disturbingly disarm litigants. See Henderson v. Shinseki, 562 U. S. ___, ___ (2011) (slip op., at 5); Arbaugh v. Y & H Corp., 546 U. S. 500, 514 (2006). With these untoward consequences in mind, "we have tried in recent cases to**

10

bring some discipline to the use" of the term "jurisdiction." Henderson, 562 U. S., at ___ (slip op., at 5); see also Steel Co. v. Citizens for Better Environment, 523 U. S. 83, 90 (1998) (jurisdiction has been a "word of many, too many, meanings" (internal quotation marks omitted)). Id. p. 6

**SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER 568 U. S. ____ (2013)**

10. Under the principles of agents and agency Robert Kodak sued on behalf of U.S. Foods Inc. In the Complaint he used the following;

> 1.  The Plaintiff US FOODSERVICE DELAWARE DIVISION is a Delaware corporation authorized to do business in the Commonwealth of Pennsylvania having an office and place of business at 13 Rutledge Drive Pittston PA18640.
>
> 2.  The Defendant KEN JIM CUC INC doing business as Cluck U Chicken and Cluck U College Park is a corporation organized and existing under the laws of the State of Maryland having an address of co/R Michael Best 405 Ricky Road Mechanicsburg Cumberland County PA 17055.

11. Absolutely none of this is "factually accurate" it can be said that Robert Kodak violated his "ethical responsibility" to provide "due diligence" prior to starting the levers of corruption alleged here.

12. It is a derivation of the Menendez defense to say "we hired a corrupt attorney" who used his connections to obtain a "default judgment" but we never thought it would come back to us"…. "most people would have settled" and no one really gets hurt"…

13. The question is "did the proper defendant receive a copy of the

**complaint and summons through their "lawful agent" since the answer is yes; whatever they wish to call themselves in the caption can be corrected by the Court.**

**Rule 21. Misjoinder and Nonjoinder of Parties**

**Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.**

**14.     Since the entry of appearance was timely and no motion to extend or even request to extend one can only assume once again "they have been sloppy in their due diligence" and assume "local rule provides them with 35 days to complete their response". Only Supreme Court opinions may be cited;**

> **Although Rule 6(b) allows a court, "in its discretion," to extend any filing deadline "for cause shown," a post -deadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." Here, respondent made no motion for extension nor any showing of "cause." Moreover, the failure to timely file did not result from "excusable neglect,"….Even if the court could have overcome these obstacles to admit the …[brief in support of the motion to strike]…, it was not compelled, in exercising its discretion, to do so. Pp. 894-898.  Id. p. 873**

> **[whereas as this timeframe is related to "personal jurisdiction" it is "mandatory and jurisdictional" and therefore not subject to the "discretion of the court" see Bowles v. Russell]**

> **Lujan v. National Defenders 497 U.S. 871 110 S.Ct. 3177**

**111 L.Ed.2d 695 (1990)**

## Conclusion

**Defense Counsel for US Foods Inc. has sought to rely on the "good ole boys network" [or has been misled] to once again invalidate the need for compliance with the rules of civil procedure and indicate the consistent theme "I'm confused" or more properly "Keith Dougherty should not be allowed to incant the magic words needed because he is not an attorney".**

> **This is not to say that …[self-represented litigants]… must incant magic words in order to speak clearly. We consider "context, including this Court's interpretations of similar provisions in many years past," [see Faretta v. California, Frow v. De La Vega] as probative of whether Congress intended a particular provision to rank as jurisdictional. Reed Elsevier, Inc. v. Muchnick, 559 U. S. 154, 168 (2010); see also John R. Sand & Gravel Co. v. United States, 552 U. S. 130, 133– 134 (2008). Id. p. 7**
>
> **SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER 568 U. S. \_\_\_\_ (2013)**

## Prayer For Relief

**As Defense Counsel for U.S. Food Inc., have failed to "timely respond" and or "file the supportive brief" required under Rule within the 21 days allowed by Congress (and their opponent has properly cited the Rules in opposition) their "motion to dismiss is to be stricken"; the clerk shall enter default**

against U.S. Foods Inc.

> **The true mode of proceeding where a bill makes a joint charge against several defendants and one of them makes default is simply to enter a default and a formal decree pro confesso against him, and proceed with the cause upon the answers of the other defendants. The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing. But if the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike -- the defaulter as well as the others.**
>
> **Frow v. De La Vega - 82 U.S. 552 (1872)**

**Respectfully Submitted,**

*[signature]*

**Keith Dougherty, CFP®, CLU®, IAR, EA**
**Sole Member Keith Dougherty Investments & Consulting LLC**

**8075 Manada View Drive**
**Harrisburg, PA 17112-9383**
**866-391-7295**
**Fax: 866-255-2944**
**keithdoughertycfp@comcast.net**

R. Michael Best
6493 Carlisle Pike
Mechanicsburg, PA
17055 (717) 795-9350
Fax: 717-691-6636

Bestautosales1@gmail.com

## Certification of Service

**I Keith Dougherty doe hereby certify a copy of the foregoing was served by 1st class mail prepaid and by ECF where indicated;**

**JP Haddad**
**Cluck U Corp**
**14504 Greenview Drive**
**Suite 200,**
**Laurel, MD 20708**
**(301) 604-2535**
**Fax: (301) 604-2536**

**Cumberland County Sheriff's Department**
**Courthouse Square**
**Room 303**
**Carlisle, PA  17013**

**Cumberland County Prothonotary**
**Courthouse Square**
**Suite 100**
**Carlisle, PA 17013**

**College Park LLC**
**Curtis Property Management**
**5620 Linda Ln,**

**Joseph M. Cincotta, Esquire**
(Attorney I.D. No. 31844) **Stephen J. Finley, Esquire** (Attorney I.D. No. 200890) **GIBBONS P.C.**
**1700 Two Logan Square**
**18th & Arch Streets**
**Philadelphia, PA 19103-2769**
**Tel:   215-665-0400**
**Fax:   215-636-0366 jcincotta@gibbonslaw.com**
**sfinley@gibbonslaw.com**

**Kathleen A. Stimeling, Esquire**
**(PHV to be filed) SCHIFF HARDIN LLP One Market**
**Spear Street Tower, Suite 3200**
**San Francisco, CA 94105**
**Tel:   415-901-8712**
**Fax:   415-901-8701**
**KStimeling@schiffhardin.com**

**Brian 0. Watson, Esquire**
**(PHV pending)**
**SCHIFF HARDIN LLP**
**233 S. Wacker Dr. Suite 6600**
**Chicago, IL   60606**
**Tel:   312-258-5845**
**Fax:   312-258-5600**
**BWatson@schiffhardin.com**

**Attorneys for Defendant**
**US Foods, Inc., improperly sued as**
**US Foods Inc. Delaware Division**

**EDWIN A.D. SCHWARTZ, ESQUIRE**
**Attorney ID 75902**
**NICOLE M. EHRHART, ESQUIRE**
**Attorney ID 2000538**
**100 Corporate Center Road, Suite 201**
**Camp Hill, PA 17011**
**(717) 651-3700**
**easchwartz@mdwcg.com**

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**/s/Timothy J. McMahon**
**Timothy J. McMahon, Esquire**
**I.D. No. 52918**
**100 Corporate Center Drive, Suite 201**
**Camp Hill, PA 17011**
**(717) 651-3505**
**tjmcmahon@mdwcg.com**