IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. MICHAEL BEST, ET AL | : | Civil No. 1:14-CV-922 |
| Plaintiff | : | |
| | : | (Judge Conner) |
| vs. | : | |
| | : | |
| US Foods Inc. ET AL, | : | |
| Defendant | : | |
| | : | **Filed Electronically** |

DEFENDANTS CLUCK-U CORP. AND J.P. HADDAD'S
BRIEF IN SUPPORT OF MOTION FOR PRE-FILING INJUNCTION

## I.   PROCEDURAL HISTORY

On May 13, 2014, Plaintiffs filed a complaint against numerous individuals and entities including Defendant Cluck-U Corp. and J.P. Haddad.  On June 11, 2014, Defendants Cluck-U Corp. and J.P. Haddad filed a motion to dismiss the summons and complaint pursuant to F.R.C.P. 12(b)(1), (b)(5) and (b)(6), and a motion for a pre-filing injunction against Plaintiff Keith Dougherty pursuant to 28 U.S.C.A. § 1651.  This brief is filed in support of the motion for the pre-filing injunction.

## II.   STATEMENT OF FACTS

In February 2011, Defendant Cluck-U Corp. obtained a default judgment in a Maryland state court against a number of individuals and entities, including the

1

Plaintiff Docson Consulting, LLC.  Since that time, Plaintiff Keith Dougherty, a non-attorney purportedly acting on behalf of Docson Consulting, LLC, has attempted to defend against execution of that judgment by way of numerous filings in the United States District Court for the Middle District of Pennsylvania and the United States Court of Appeals for the Third Circuit.

On July 12, 2011, Plaintiff Keith Dougherty filed in this court, purportedly on behalf of Plaintiff Docson Consulting, LLC, a notice to remove a writ of execution that Defendant Cluck-U Corp. had procured in the Dauphin County Court of Common Pleas after transferring the Maryland state court judgment to Dauphin County.  (See Docket 1:11-1295-JEJ).  On September 13, 2011, the District Court remanded the matter back the Dauphin County Court of Common Pleas.  An appeal filed by Dougherty with the United States Court of Appeals for the Third Circuit (See Docket 11-3598), purportedly on behalf of Docson, was dismissed by the Third Circuit on December 14, 2011.

After the dismissal of the appeal in Docket 11-3598, Dougherty continued to file no less than nine separate motions with the Third Circuit between December 28, 2011 to November 9, 2013.  The Third Circuit took no action on said filings until March 7, 2014, when it entered an order dismissing all outstanding motions.

2

During the pendency of the motions that he filed after the dismissal of his appeal, Dougherty filed a mandamus action against the United States Court of Appeals for the Third Circuit on December 25, 2013. (See Docket 13-1040). The Third Circuit viewed the mandamus action as a request for rehearing of the dismissal of appeal 11-3598. The Third Circuit dismissed the mandamus petitions. (ECF Doc. 003111581138). The Third Circuit further found Dougherty to be "a frequent and frequently vexatious litigator in this Court." Id., p. 1. It advised if Dougherty "persists in challenging our rulings by filing additional proceedings in this Court or by filing documents in these (or other) closed cases, he may be subject to sanctions, including an injunction against filing documents in the Court without this Court's prior leave." Id.

Dougherty has now filed a Motion to Strike Remand and a supporting brief in the District Court at docket Docket 1:11-1295-JEJ.

Plaintiff, Docson Consulting, LLC is a limited liability corporation organized pursuant to the laws of Pennsylvania. Keith Dougherty is an adult individual who is not licensed to practice law in the Commonwealth of Pennsylvania nor in the Federal District Court for the Middle District of Pennsylvania. In spite of knowledge that he cannot represent Docson Consulting,

3

LLC in court proceedings, see Complaint paragraph 22, Keith Doughery signed the instant complaint on behalf of Docson Consulting, LLC.

## III.   QUESTIONS PRESENTED

**A.     Whether the Court should enjoin Keith Dougherty from filing any new action or proceeding, the claims of which arise from the entry of a default judgment by Circuit Court of Prince George County Maryland on February 11, 2011, without first obtaining leave of the Magistrate Judge of the District Court; and from filing documents on behalf of corporate entities, and from filing documents in closed cases in this Court.**

**Suggested Answer in the AFFIRMATIVE.**

## IV.   ARGUMENT

### Standard of Review

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to usages and principles of law." This includes enabling a "district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that have already been adjudicated. In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982).

Three requirements must be met before a court may issue a pre-filing injunction: (1) exigent circumstances must exist, such as a litigant's continuous

abuse of the judicial process by filing meritless and repetitive actions, (2) should

the circumstances warrant an injunction, notice must be given to the litigant to

show cause why the proposed injunctive relief should not issue, and (3) the scope

of the injunction must be narrowly tailored to fit the particular circumstances of the

case. Crooker v. Delta Mgmt. Associates, Inc., No. 1:CV-10-01101, 2010 WL

1390868, at *4 (M.D.Pa. Apr. 1, 2010)(citing Brow v. Farelly, 994 F.2d 1027,

1038 (3d Cir. 1993).   The litigant must be given notice to show cause why the

proposed injunctive relief should not issue. Id.   A judge fashioning a remedy to

curtail a vexatious litigant should consider limiting relief to the preclusion of future

lawsuits arising out of the same matters that were the subject of the prior dismissed

actions.   Chipps v. United States Dist. Court for the Middle Dist. Of Pa., 882 F.2d

72, 73 (3d Cir. 1989).

A.      **The Court should enjoin Plaintiff Keith Dougherty from filing any
new action or proceeding, the claims of which arise from the entry
of a default judgment by Circuit Court of Prince George County
Maryland on February 11, 2011, without first obtaining leave of
the Magistrate Judge of the District Court; and from filing
documents on behalf of corporate entities, and from filing
documents in closed cases in this Court.**

Plaintiff Keith Dougherty has demonstrated continuous abuse of the judicial

process by filing meritless and repetitive actions.

On July 12, 2011, Plaintiff Keith Dougherty filed in this court, purportedly on behalf of Plaintiff Docson Consulting, LLC, a notice to remove a writ of execution that Defendant Cluck-U Corp. had procured in the Dauphin County Court of Common Pleas after transferring the Maryland state court judgment to Dauphin County.  (See Docket 1:11-1295-JEJ).   On September 13, 2011, the District Court remanded the matter back the Dauphin County Court of Common Pleas.  An appeal filed by Dougherty with the United States Court of Appeals for the Third Circuit (See Docket 11-3598), purportedly on behalf of Docson, was dismissed by the Third Circuit on December 14, 2011.

After the dismissal of the appeal in Docket 11-3598, Dougherty continued to file no less than nine separate motions with the Third Circuit between December 28, 2011 to November 9, 2013.  The Third Circuit took no action on said filings until March 7, 2014, when it entered an order dismissing all outstanding motions.

During the pendency of the motions that he filed after the dismissal of his appeal, Dougherty filed a mandamus action against the United States Court of Appeals for the Third Circuit on December 25, 2013.  (See Docket 13-1040).  The Third Circuit viewed the mandamus action as a request for rehearing of the dismissal of appeal 11-3598.   The Third Circuit dismissed the mandamus petitions.  (ECF Doc. 003111581138).

The above filings demonstrate continuous abuse of the judicial process. Keith Dougherty, a non-attorney who is not even authorized to represent corporate entities in this Court, has filed numerous motions in closed cases, and even brought a suit in mandamus against the Third Circuit. These types of actions are clearly abusive. See The Matter of Packer Avenue Assoc., 884 F.2d 745, 748 (3d Cir. 1989)(parties to previous litigation enjoy the repose of *res judicata* and the right not to have a frivolous litigant become an unwarranted drain on their resources).

Dougherty has notice from the Third Circuit that he may be subject to a pre-filing injunction. The Third Circuit found Dougherty to be "a frequent and frequently vexatious litigator in this Court." ECF Doc. 003111581138, p. 1. It warned if Dougherty "persists in challenging our rulings by filing additional proceedings in this Court or by filing documents in these (or other) closed cases, he may be subject to sanctions, including an injunction against filing documents in the Court without this Court's prior leave." Id.

Dougherty is undaunted by the Third Circuit's admonition. He subsequently filed a Motion to Strike Remand and a supporting brief in the District Court at docket Docket 1:11-1295-JEJ.

The scope of the requested injunction is narrowly tailored to fit the particular circumstances of this case. The proposed order sets out relief preventing

Dougherty from new filings that attack the Maryland state court judgment. Defendants also request that the Court enjoin Dougherty from filing documents in closed cases or filing documents on behalf of corporate entities. This relief is reasonable because Keith Dougherty has repeatedly made unauthorized filings on behalf of Docson Consulting, LLC in spite of knowing that he is not authorized to do so because he is not an attorney.

## V.   CONCLUSION

WHEREFORE, Plaintiff, Cluck-U Corp., requests this Honorable Court to enjoin Keith Dougherty, or anyone acting on his behalf, from filing any new action or proceeding, the claims of which arise from the entry of a default judgment by Circuit Court of Prince George County Maryland on February 11, 2011, without first obtaining leave of the Magistrate Judge of the District Court; and from filing documents on behalf of corporate entities, and from filing documents in closed cases in this Court.

NAUMAN, SMITH, SHISSLER & HALL, LLP

By: s/Joshua D. Bonn, Esquire
    **Craig J. Staudenmaier, Esquire**
    Supreme Court ID# 34995
    **J. Stephen Feinour, Esquire**
    Supreme Court ID# 24580
    **Joshua D. Bonn, Esquire**
    Supreme Court ID# 93967
    200 North Third Street, P. O. Box 840
    Harrisburg, Pennsylvania 17108-0840
    Telephone:  (717) 236-3010
    Facsimile:  (717) 234-1925
    Counsel for Cluck-U, Corp. and J.P.
    Haddad, Defendants

Date: June 11, 2014

9

## CERTIFICATE OF SERVICE

**AND NOW**, on the date stated below, I, **Joshua D. Bonn, Esq.**, of the firm of Nauman, Smith, Shissler & Hall, LLP, hereby certify that I this day served the foregoing "BRIEF IN SUPPORT OF MOTION FOR PRE-FILING INJUNCTION" by depositing a copy of the same in the United States Mail, first class, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

Keith Dougherty
Docson Consulting LLC
8075 Manada View Drive
Harrisburg, PA 17112-9385

R. Michael Best
6493 Carlisle Pike
Mechanicsburg, PA 17055

**NAUMAN, SMITH, SHISSLER & HALL, LLP**


By: s/Joshua D. Bonn
      **Craig J. Staudenmaier, Esquire**
      Supreme Court ID#34996
      **J. Stephen Feinour, Esquire**
      Supreme Court ID #24580
      **Joshua D. Bonn, Esquire**
      Supreme Court ID #93967

200 North Third Street, P. O. Box 840
Harrisburg, PA  17108-0840
Telephone:  (717) 236-3010
Counsel for Defendants, Cluck-U Corp. and
J.P. Haddad

Date: June 11, 2014

10