## IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R. Michael Best                                    :
Keith Dougherty                                    :
Docson Consulting LLC (SMLLC)                      :
Keith Dougherty Investments & Consulting           :
LLC (SMLLC)                                        :
                                                   :
                                                   :
                    **Plaintiff(s),**    **: Civil Action NO: 1:14-CV-922**
                                                   :
              **v.**                               :
**U.S. Food Inc et al**                            :
                                                   :   **Frederick Motz (Judge)**
                                                   :
                                                   :   **Filed Electronically**
                                                   :
                                                   :
                    **Defendant(s),**              :
                                                   :   **Jury Trial Demanded**
                                                   :
                                                   :
                                                   :
_____

**Plaintiff's Reply Brief in support of his/their "motion to strike"**
_____

**And now comes Keith Dougherty and R. Michael Best pro se and aver as follows.**

### Summary of Argument

**The order of operation (of Law) is "constitution"; "Federal Statutes"; "Federal Rules of Procedure"; Local Rules**

**The most protected "category of law" is a "Constitutional Value" protected by Federal Statute "free exercise", "self-representation"  (see RFRA, 28 USC 1654);  interpretation of a Federal Statute when congress utilizes Article I Sec 8 "necessary**

and proper" (necessary due to the corruption of the court opinions or practice infringing on these rights protected under the "Bill of Rights").

If you think "The Rules Enabling Act" causes any "clause of the constitution to be without effect it cannot be sustained"; Marbury v. Madison (not a new concept).

In 13-CV-1868 Keith Dougherty averred that Pennsylvania Courts have elevated "discouraging "self-representation" to the Prime Directive, and the "Saul Alinsky Tactic employed" was to "expand the definition of corporation" so as to employ Simbraw.

Simbraw was Invalidated as to "sole proprietor" (when Keith Dougherty prevailed in his motion 11-2631 Causing the formation of Scirica, Smith and Chagares to "stay all briefing" and find a way to dismiss without reaching the merits "RICO")

Present: FISHER and BARRY, Circuit Judges.

_____ORDER_____

The foregoing motions are considered. Appellant Keith Dougherty's motion to reconsider the Clerk's order of June 20, 2011, is granted in part [invalidating Simbraw as to "sole proprietors and SMLLC's]

Appellant contends that he is permitted to appeal pro se on behalf of Keith Dougherty Insurance and Consulting, which he asserts is a sole proprietorship, and Docson Consulting LLC, of which he asserts he is the sole member. Appellant's motion is granted to the extent that he will be permitted to file a brief on behalf of both entities.

Case: 11-2631 Document: 003110616909 Page: 2 Date Filed: 08/05/2011

and "sole practitioner" in Conestoga Wood Specialties (by the 3rd Cir) and about to be expanded to "S-Corps" and other "closely held for profit entities" by the Supreme Court 13-356 (no later than 6/30/2014).

When the 3rd Cir adopted Keith Dougherty's arguments equating the "prohibition against self-incrimination" to all purely person rights protected under the Bill of Rights (to invalidate the Hahn's RFRA Claim they set up the elements of their own demise.

If your interpretation of a Federal Rule of Civil procedure invalidates the Right to Petition your Government for Redress of Grievance "personally" "it cannot be sustained" the rest is subterfuge see also 10-CV-1071.

I.                    Relevant Factual Detail

1.       Service as to County Officials (Judges) was provided

in accord with Pa.R.C.P 422(a) at their respective county offices.

By Hand Delivery in person to "person in charge" in accord with:

Pa.R.C.P. 422(a) Incorporated by Fed.R.Civ.P 4(j)(2).

Rule 422. The Commonwealth and Political Subdivisions.

(a)  Service of original process…or instrumentality of the Commonwealth, or a member thereof, shall be made at the office of the defendant … by handing a copy to the person in charge thereof.

Incorporated by Fed.R.Civ.P 4(j)(2)(B)

(2) State or Local Government. A state, …or any other state-created governmental organization that is subject to suit must be served by:

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. [can only bring 1983 action (against County/State agencies) in Commonwealth Court]

Pa.R.A.P. 121

**(c)  Manner of service.—Service may be:**

   **(1)  by personal service, which includes delivery of the copy to a clerk or other responsible person at the office of the person served, but does not include inter-office mail;**

**During the reign of Former Chief Kane, former Chief Clerk D'Andrea, and Former Chief Judge Scirica the Middle District of PA and the 3rd Cir were little more than an incestuous cesspool for law school graduates where "self-representation" was to be discouraged at all costs; (see 13-CV-1868) when reviewing the "Sanctions of Attorney Bailey" the Honorable Christopher Conner was seen as the "outlier" (see also CV-2011-2531 (legal malpractice assigned to Keith Dougherty) forced retirement of Joseph Buckley, Imprisonment of Karl Rominger suicide of Mottern, and most Recently Disbarment of Attorney Bailey);**

> **See "Refusal to Enter Default" 14-CV-480; Cumberland County CID, Detective R.G. Smith (Peter Welsh again?).**

> **Case 1:14-cv-00480-JEJ-SES Document 9 Filed 04/06/14 Page 1 of 7**

> **"case closed and transferred to District Court of MD EXHIBIT A; by Peter Welsh" (identified as a mistake) now 6/10/2014 "reopened"; see also Default of Cumberland County Sheriff's Department,  Cumberland County Prothonotary (sought 6/6/2014), Appearance entered 6/10/2014.**

> **Case 1:14-cv-00922-CCC Document 35 Filed 06/06/14 Page 1 of 19**

> **As an aside: this case "mushroomed into RICO by the "entry of Default Judgment Against R. Michael Best" where he has no ability to obtain a "post judgment hearing" (cannot incant the magic words) whereas Default against the Sheriff's Department and Prothonotary, as well as CID, and its Detectives cannot be had???? (Peter Welsh the protector of Government everywhere see also 10-CV-1071).**

[is 55(a) "mandatory and jurisdictional"?] Is anyone fooled?

2.      Pursuant to Rule Defendant Judge(s) had to file a completed responsive pleading no later than 6/5/2014.

## II.      Counter Factual Detail

1.      42 USC 1983 is a "Petition For Redress" that is protected under the First Amendment (something foreign in Pennsylvania).

Theoretically you can bring "like process" in the court of common pleas (townships) except when suit is brought against "higher ups" and must be brought in the Commonwealth Court which provides for "personal service" and "certified mail as well" see Affidavit of Stilp Attached "attorney Martin (very capable) provided service personally". You can sue the Attorney General by "personal service hand delivery" but not County Judges (absurd) [see PA Unified Judiciary]?

(a) Example: if you wish to petition your government for redress of grievance "you must first employ an agent of the government's choosing" "the sheriff even though he is a defendant" (absurd).

1.      You can only exercise your freedom of religion by paying an agent to pray for you;

2.      You may only provide offensive political speech if you pay someone to speak for you;

See here Keith Dougherty says "politicians who wear robes to work are all corrupt" and that's why we fought a

revolution (elected Judges) who do I have to pay to say this in a "protected fashion"?

**3.**     **You can only assemble with a group of associates if you pay an agent to organize the meeting for you.**

**(b) This position directly contradicts the Conestoga Wood Specialties Precedent;**

**"sole proprietors" and "sole practitioners" can "assert all Constitutional Protections "personally" whereas Corporations may only act through an agent (see 13-356).**

**(c) None the less when an attorney filed something other than an entry of appearance the "method of service" was deemed acceptable and if one were to properly file a 12(b)(5) it must include a "supportive brief"[within 21 days] as in personam is "waivable".**

> **Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived. In McDonald v. Mabee, supra, the Court indicated that regardless of the power of the State to serve process, an individual may submit to the jurisdiction of the court by appearance. Id. p. 703**

> **Finally, unlike subject-matter jurisdiction, which even an appellate court may review sua sponte, under Rule 12(h), Federal Rules of Civil Procedure, "[a] defense of lack of jurisdiction over the person . . . is waived" if not timely raised in the answer or a responsive pleading. Id. p. 704**

> **Insurance Corp of Ireland v. BAUXITES**
> **456 U.S. 694 102 S.Ct. 2099 72 L.Ed.2d 492 (1982)**

> **(d) Local Rule says if a "supportive brief is not timely" the "motion to dismiss is withdrawn"**

> **LR 7.5**

If a supporting brief is not filed within the time provided …[by],,, rule the motion shall be deemed to be withdrawn.

**Rule 6. Computing and Extending Time; Time for Motion Papers**

**(a) Computing Time. The following rules apply in computing any time period specified in these rules, in any local rule or court order, [see the corruption of Magistrate Carlson in 13-CV-447]\**

**(b) Extending Time.**

**(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:**

**(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or**

**(B) on motion made after the time has expired if the party failed to act because of excusable neglect.**

**(was the complete motion timely or must we fill in the blanks)?**

**[claim processing rules are subject to local times not initial responses (unless your opponent waives objection) see Kontrick v. Ryan (claim processing waiver)]**

**(e) Rule 6 trumps "local rule" [all defense needed to do was contact the court and "describe good cause" for the delay "upon receipt of such request or motion in the court's discretion" the judge could have provided up to an additional 21 days]. After the 21st day it would then need to be by motion and "cite excusable neglect" (Does not include**

I prefer local rules as to "claim processing rules" Or I was really busy).

## Brief Discussion

**III.    Federal Rules are "inflexible when properly invoked"**

**Eberhart;**

**A.    In Greenlaw v. United States 554 U. S. ____ (2008) confirmed in**

**Wood v. Milyard Warden et al. 566 U. S. ____ (2012) the Supreme**

**Court emphasized it would be an abuse of discretion for "Federal**

**Courts" both district and circuit to act sua sponte, and must abide by**

**Supreme Court Cases "establishing the Rules of Civil Procedure" (no**

**exceptions).**

> "[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." Id., at 386 (SCALIA, J., concurring in part and concurring in judgment).3 As cogently explained:

> > "[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties.

**B.    Keith Dougherty has avered an "undefined approach" in the**

**Middle District and 3rd Cir" see 13-CV-1868 leaves nothing but**

**unresolved issues (what are the Court afraid of?).**

These Questions are not intended to "offend anyone".

1.      What is the legal entity status of a SMLLC that chooses

"disregarded entity status" under Federal Form IRS 8832 "Entity

Classification Election" (required under ACA)?

2.      If as here Chief Conner allowed a "person" (not licensed to

practice law in PA, who then followed the lead of "you can take an

additional 14 days") to appear by special permission to represent U.S.

Foods Inc. (leading to default) how does one suggest a single member

cannot appear for his SMLLC (while protecting the "equal protection

clause of the 5th amendment")?

> Truly if the status of a SMLLC is not resolved how does one take
> faith in Chief Conner's Decision to "grant special appearance" to
> Watson  see Holiday Tax 417 F.Supp. 182 (ED NY 1976)  [other
> than to conclude special rules for  "law school graduates" even if
> they do not know what they are doing?

C.      It does not matter what the "lower courts" would "like to do"

they are completely restricted by the Supreme Court Opinions [even in

the Facebook era]; even when dealing with "claim processing rules

when the litigant misses his filing deadline; The Judges cannot be

assessed "money damages" but telling them what to do is a "Fate Worse

than Death"?

> First, any extension of a time limitation must be "for cause
> shown." Second, although extensions before expiration of the time
> period may be "with or without motion or notice," any
> postdeadline extension must be "upon motion made," and is

permissible only where the failure to meet the deadline "was the result of excusable neglect." Thus, in order to receive the ...[briefs]… here, the District Court would have had to regard the very filing of the late document as the "motion made" to file it; 5 it would have had to interpret "cause shown" to mean merely "cause," since respondent made no "showing" of cause at all; and finally, it would have had to find as a substantive matter that there was indeed "cause" for the late filing, and that the failure to file on time "was the result of excusable neglect." Id. pp. 896-897

Lujan v. National Wildlife Federation
497 U.S. 871 110 S.Ct. 3177 111 L.Ed.2d 695 (1990)

[take note counsel for Cluck U/JP Haddad has met the filing deadline without problem and has filed for additional relief (in that same time); earlier Counsel for ERIE filed a 12(b)(5) motion included in his "motion to dismiss and supportive brief" it can be done 14-CV-480]

[this is not optional here because "personal jurisdiction" within the court's adjudicatory authority is "jurisdictional"; only your opponent can "waive objection" (by not filing for default and or not objecting to the untimeliness of your filing) which they here "refuse" to do, we pounced on your fumble]

D.    Keith Dougherty has provided a herculean effort to "reduce or eliminate the remaining questions" in 10-3253 "55(a) mandatory jurisdictional"; 13-1040 "55(a) mandatory and jurisdictional, 28 USC 46(b) "mandatory and jurisdictional", LR 73(d) "void, LAR 27.4 "void" all under Bowles v. Russell where the Rules Enabling Act is "mandatory and jurisdictional" if the subject of the Rules (referenced) is "related to subject matter jurisdiction, and or "personal jurisdiction" (controlled by an initial response in whatever form). To ignore the rules is

"usurpation of power the court does not possess).

      **(c) The Court of Appeals did not resolve the related question whether…[Rule 6 extension of time invalid beyond 21 days and an additional 14 days beyond the scheduling order impermissible see 13-CV-447, 13-1904] …though it should have done so, since the allegation of usurpation of power was before it, and to do so would avoid piecemeal litigation and settle new and important problems. P. 379 U. S. 111.**

      **Local District Interpretation/or Circuit interpretation irrelevant;**

      **(d) Since the issues presented here concern construction of the Federal Rules of Civil Procedure, which it is the duty of this Court to formulate and put in force, this Court will consider the merits of such issues and formulate necessary guidelines, rather than remand the cause to the Court of Appeals to reconsider the issue of …[timeliness of filings see Lujan v. National Wildlife Federation (1990)]… Pp. 379 U.S. 111-112.**

      **[they will not allow different interpretations at the circuit level or below]**

      **Schlagenhauf v. Holder - 379 U.S. 104 (1964)**

**1.**      **This concept cites Justice Ginsberg's Kontrick v. Ryan (identifying a "motion to strike") as the proper process for preserving an objection to "untimely filings".**

**2.**      **The Definition (what can and cannot be referred to as jurisdictional) was "adopted per curiam" in Eberhart;**

      **In Kontrick, we determined that defenses made available by the time limitations of Federal Rules… may be forfeited. 540 U.S., at 458-460. They are not "jurisdiction[al]," but are instead "claim-processing rules," that may be "unalterable on a party's**

application" (emphasis in the original) but "can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." Id., at 456. Id. p. 15

"Clarity would be facilitated," we have said, "if courts and litigants used the label `jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick, 540 U.S., at 455.   Id. p. 16

Eberhart v. US 546 U.S. 12 126 S. Ct. 403 163 L. Ed. 2d 14 (2005) per curiam [have they spoken clearly enough?]

Explanation "in accord with Irish Insurance Co LTD "in personam "protections" (see Rule 12 defenses) are subject to forfeiture; so too are "claim processing rules" and if "your opponent" timely "objects" the court cannot save you because he like(s) you more. If the opponent of any action "does not timely object" the right is "waived" not "waivable by a corrupt clerk, magistrate, or judge" under Local Rule interpretation. See "drive by jurisdictional rulings that shall be accorded no precedential effect".

In Bowles the District Court Judge wrote a date down 3 days more than the Rules Enabling Act allowed (the Supreme Court indicated it did not matter if it was a "mistake or on purpose" it was "without jurisdiction") it was void because it was defined as "jurisdictional";

The Dissent in Bowles made the most proper definition of what that means;

JUSTICE SOUTER, with whom JUSTICE STEVENS, JUSTICE GINSBURG, and JUSTICE BREYER join, dissenting.

The stakes are high in treating time limits as jurisdictional. While a mandatory but nonjurisdictional limit is enforceable at the insistence of a party claiming its benefit or by a judge concerned with moving the docket, it may be waived or mitigated in

exercising reasonable equitable discretion. But if a limit is taken to be jurisdictional (see here "personal jurisdiction"), waiver becomes impossible, meritorious excuse irrelevant (unless the statute so provides), and sua sponte consideration in the courts of appeals mandatory, see Arbaugh, supra, at 514.2 As the Court recognizes, ante, at 5-6, this is no way to regard time limits set out in a court rule rather than a statute, see Kontrick, supra, at 452 ("Only Congress may determine a lower federal court's subject-matter jurisdiction").

Bowles v. Russell 551 US 205 (2007)

Further clarification "post deadline motions" ( for extension of time) can be had for a motion for example "summary judgment"; cannot be had for "default" [in either instance must have "excusable neglect" unless your opponent waives his right to challenge untimeliness see Eberhart]. The Dissent in Bowles "feels your pain".

3.      Justice Ginsburg attempted to cure the rift that was established

and growing in Bowles and Arbaugh (successfully);

JUSTICE GINSBURG, with whom JUSTICE STEVENS and JUSTICE BREYER join, concurring in part and concurring in the judgment.

…Aiming to stave off continuing controversy over what qualifies as "jurisdictional," and what does not, I set out my understanding of the Court's opinions in Arbaugh and Bowles, and the ground on which I would reconcile those rulings…id. p. 1….Id., at 136 ("[P]etitioner can succeed only by convincing us that this Court has overturned, or that it should now overturn, its earlier precedent."). id. p. 3

[this is key; the "unifying principle" indicates "all justices" agree if "long standing precedent" indicates a "rule is jurisdictional"

Amicus cites well over 200 opinions that characterize … as jurisdictional, but not one is from this Court, and most are "

'drive-by jurisdictional rulings' that should be accorded 'no
precedential effect,' " Arbaugh, 546 U. S., at 511 (quoting Steel
Co. v. Citizens for Better Environment, 523 U. S. 83, 91 (1998));
see Arbaugh, 546 U. S., at 511–513; ante, at 5–6. Id. pp. 3-4

**REED ELSEVIER, INC. v. MUCHNICK 559 U. S. ____(2010)**

4.      Inevitably this was misquoted or implied to include "only

statutes" as the Saul Alinsky types choose to be "blind". This was

corrected and confirmed in Sebelius v. Auburn Regional 1/22/2013 by a

"unanimous court".

GINSBURG, J., delivered the opinion for a unanimous Court.

Characterizing a rule as jurisdictional renders it unique in our
adversarial system. Objections to a tribunal's jurisdiction can be
raised at any time, … Tardy jurisdictional objections can
therefore result in a waste of adjudicatory resources and can
disturbingly disarm litigants…. Id. p. 6 [if your opponent
indicates your "untimely filing" impacts "personal jurisdiction"
you are dead, as to the proceedings (the court cannot save you)]
Frow v. De La Vega and you must look to the Rules for your next
move if any would be available.

[justice Ginsburg purposefully used the word "rule" (to unify the
court) and then went on to provide preemption as to "the Saul
Alinsky Tactics employed by some  in the Middle District and 3rd
Cir";]

This is not to say that…[parties].. must incant magic words in
order to speak clearly….id. p. 7

[see R. Michael Best "unable"! Larry Runk II cannot affirm he
"assigned his bad debt and ERIE claim"]

**SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER 568
U. S. ____ (2013)**

14

"Clarity would be facilitated," we have said, "if courts and litigants used the label `jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick, 540 U.S., at 455.   Id. p. 16

Eberhart v. US 546 U.S. 12 126 S. Ct. 403 163 L. Ed. 2d 14 (2005) per curiam

The clarifying paragraph shows what the "intent is"

We can assume, arguendo, that had Kontrick timely asserted the untimeliness of Ryan's amended complaint [or in 14-CV-922 file a responsive brief in support of a "motion to dismiss" within 21 days otherwise it is late], Kontrick would have prevailed in the litigation. Kontrick, 540 U.S., at 458; The net effect of Robinson, viewed through the clarifying lens of Kontrick, is to admonish the Government [or any other tardy litigant] that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence, since the Government is unlikely to miss timeliness defects very often (has the Supreme Court spoken clearly enough?). Eberhart 546 U.S. 18; A court may lack the power to do something for reasons other than want of jurisdiction, and a rule can be inflexible without being jurisdictional. See Eberhart v. United States, 546 U. S. 12, 19 (2005) (per curiam).; Justice Alito Dissenting Greenlaw v. US id. p. 2; Robinson is correct not because the District Court lacked subject-matter jurisdiction [the first use of "mandatory and jurisdictional"], but because district courts must observe the clear limits of the Rules of …. Procedure when they are properly invoked. Eberhart 546 U.S. 17.

## Conclusion

The only way to get an additional 14 days is to ask or have

your opponent fail to object.

Had defense been smart he would have concurred with

"default" to preserve options (oh well?).

The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing.

Frow v. De La Vega - 82 U.S. 552 (1872)

Jurisdiction as to the question "is assignment protected under the First Amendment" is with the court see RFRA and Conestoga Wood Specialties.

Respectfully Submitted,

Keith Dougherty, CFP®, CLU®, IAR, EA
Sole Member Keith Dougherty Investments & Consulting LLC
8075 Manada View Drive
Harrisburg, PA 17112-9383
866-391-7295
keithdoughertycfp@comcast.net

R. Michael  Best
6493 Carlisle Pike
Mechanicsburg, PA
17055 (717) 795-9350
Fax: 717-691-6636

Bestautosales1@gmail.com

**Certification of Service**

**I Keith Dougherty doe hereby certify a copy of the foregoing was served
by 1st class mail prepaid and by ECF where indicated;**

**College Park LLC
Curtis Property Management
5620 Linda Ln,**

**By ECF;**

**Colin S. Haviland**
**Legal Counsel**
**Supreme Court of Pennsylvania**
**Administrative Office of PA Courts**
**1515 Market Street, Suite 1414**
**Philadelphia, PA 19102**
**colin.haviland@pacourts.us**
**(v) 215.560.6300**
**(f) 215.560.5486**

**Joseph M. Cincotta, Esquire**
**(Attorney I.D. No. 31844) Stephen J. Finley, Esquire (Attorney I.D. No.**
**200890) GIBBONS P.C.**
**1700 Two Logan Square**
**18th & Arch Streets**
**Philadelphia, PA 19103-2769**
**Tel:   215-665-0400**
**Fax:  215-636-0366**
**jcincotta@gibbonslaw.com  sfinley@gibbonslaw.com**

**Kathleen A. Stimeling, Esquire**
**(PHV to be filed) SCHIFF HARDIN LLP One Market**
**Spear Street Tower, Suite 3200**
**San Francisco, CA 94105**
**Tel:   415-901-8712**
**Fax:  415-901-8701**
**KStimeling@schiffhardin.com**

**Brian 0. Watson, Esquire**
**(PHV pending)**
**SCHIFF HARDIN LLP**
**233 S. Wacker Dr. Suite 6600**
**Chicago, IL  60606**
**Tel:   312-258-5845**
**Fax:  312-258-5600**
**BWatson@schiffhardin.com**

**Attorneys for Defendant**
**US Foods, Inc., improperly sued as**
**US Foods Inc. Delaware Division**

**EDWIN A.D. SCHWARTZ, ESQUIRE**
**Attorney ID 75902**
**NICOLE M. EHRHART, ESQUIRE**
**Attorney ID 2000538**
**100 Corporate Center Road, Suite 201**
**Camp Hill, PA 17011**
**(717) 651-3700**
**easchwartz@mdwcg.com**

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**/s/Timothy J. McMahon**
**Timothy J. McMahon, Esquire**
**I.D. No. 52918**
**100 Corporate Center Drive, Suite 201**
**Camp Hill, PA 17011**
**(717) 651-3505**
**tjmcmahon@mdwcg.com**

**WILLIAM  J. FERREN & ASSOCIATES**

**Leticia J. Santiago Leticia J. Santiago, Esquire Attorney**
 **Attorney ID# 308519**
**10 Sentry Parkway,  Suite 301**
**Blue Bell, PA  19422 (215) 274-1724**
**(215) 274-1735- Fax**
**Email: ljsantia@travelers.com**

**Joshua D. Bonn**
**jbonn@nssh.com  , klfarhat@nssh.com**

AO 440 (Rev. 02/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

## MIDDLE DISTRICT of PENNSYLVANIA

| | |
|---|---|
| Gene Stilp | |
| _Plaintiff_ | ) |
| v. | ) |
| Pennsylvania State Ethics Commission, John J. | ) |
| Contino, Executive Director of the State Ethics | ) Civil Action No.   1:CV-09-524 |
| Commission, in his official capacity only, and | ) Judge Conner |
| Thomas W. Corbett, Jr., Attorney General of | ) |
| Pennsylvania, in his official capacity only | ) |
| _Defendant_ | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
    *(SEE COMPLAINT)*

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Aaron D. Martin, Esquire, Hoppe & Martin, LLP, 423 McFarlan Road, Suite 100, Longwood Corp. Center South, Kennett Square, PA 19348, (610) 444-2001

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*, MARY E. D'ANDREA

Date: _____3/20/09_____            _____
                                        *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 02/09)  Summons in a Civil Action (Page 2)

Civil Action No. 1: CV-09-524

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Thomas W. Corbett, Jr., Attorney

was received by me on *(date)* 3/20/09 . General of Pennsylvania

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ served the summons on *(name of individual)* Kelly Spittle, PIC , who is

designated by law to accept service of process on behalf of *(name of organization)* Attorney General of Pa.

per Pa. R.C.P. 422(a) incorporated by on *(date)* 3/20/09 ; or

F. R. Civ. P. 4(j)(2)   1:41 p.m.

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____

_____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: 3/24/09

_____
Server's signature

Aaron D. Martin
_____
Printed name and title

423 McFarlan Road, Suite 100
Kennett Square, PA 19348
_____
Server's address

Additional information regarding attempted service, etc: