IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. MICHAEL BEST,<br>KEITH DOUGHERTY,<br>MARYLAND CLOSE CORP, and<br>DOCSON CONSULTING, LLC.<br>      PLAINTIFFS,<br><br>v.<br><br>U.S. FOODS INC., DELAWARE<br>    DIVISION,<br>CLUCK U CORP,<br>J.P. HADDAD,<br>RICHARD DANIELS,<br>CUMBERLAND COUNTY<br>    SHERIFF'S DEPT.,<br>CUMBERLAND COUNTY<br>    PROTHONOTARY,<br>PRESIDENT JUDGE HESS, and<br>JUDGE BRATTON,<br>        DEFENDANTS. | CIVIL ACTION<br><br>No. 1:14-cv-00922<br><br><br><br>(Magistrate Judge Motz)<br><br><br>*ELECTRONICALLY FILED* |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR EMERGANCY HEARING PRELIMINARY INJUNCTION
AGAINST "MALICIOUS PROSECUTION" UNDER GALLO V.
PHILADELPHIA TO QUASH THE ARRAIGNMENT SCHEDULED FOR
6/19/2014 AND CONFIRM "ASSIGNMENT AS LAWFUL" RE: 14-529, CV-
2011-2531, CR-226-13, CID20130500007**

**I.    PROCEDURAL POSTURE**

Plaintiffs filed a complaint against above captioned defendants in the Middle District of Pennsylvania alleging violations of the Racketeer Influenced and Corrupt Organization Act as well as violation of their Fourth, Fifth and Sixth Amendment rights.  Doc.1.  Plaintiffs' Complaint, in part, seeks a "preliminary and

permanent injunction" against defendants, President Judge Hess and Judge Bratton. *Id.* ¶¶ 37-38.  On June 3, 2014, Plaintiff's filed a motion and a brief in support seeking an emergency hearing to address several issues including the prayed for injunction against President Judge Hess and Judge Bratton.  Docs. 9, 10.

On June 4, 2014, defendants President Judge Hess and Judge Bratton filed a motion seeking a dismissal of all claims.  Doc. 11.  Plaintiffs responded moving that the motion be struck and default entered.  Docs. 30-32.  President Judge Hess and Judge Bratton filed a brief in opposition to Plaintiffs' motion to strike and entry of default on June 10, 2014.  Doc. 37.  Plaintiffs filed a reply to President Judge Hess and Judge Bratton's response on June 12, 2014.  Doc. 46.  In the interim, this case has been assigned to the Honorable J. Fredrick Motz to preform judicial duties.  Doc. 39.

The instant brief is in opposition to Plaintiffs motion seeking an emergency hearing and injunction specifically in regards to the orders issued by President Judge Hess and Judge Bratton.[1]

## II.   QUESTION PRESENTED

1.   Are Plaintiffs likely to succeed on the merits of the underlying action against President Judge Hess and Judge Bratton?

Suggested Answer:   No.

---

[1] Larry Runk, II is not a party to the instant action and there appears no basis in any of Plaintiff's filings for this Court's jurisdiction to enjoin his arraignment.

## III.   ARGUMENT

**PLAINTIFFS ARE NOT LIKELY TO SUCCEED ON THE MERITS OF THE UNDERLYING ACTION AND ARE NOT ENTITLED TO A PRELIMINARY INJUNCTION**

A preliminary injunction is only appropriate if "(1) the plaintiff is likely to succeed on the merits (2) denial will result in irreparable harm to the plaintiff, (3) granting the injunction will not result in irreparable harm to the defendant, and (4) granting the injunction is in the public interest." *Nutrasweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). "A plaintiff seeking an injunction must meet all four criteria . . . ." *Conestoga Wood Specialties Corp. v. Secretary of U.S. Dept. of Health and Human Services*, 724 F.3d 377, 382 (3d Cir. 2013).

Plaintiffs cannot and have not provided any basis for finding that they have any likelihood of success on their claims against President Judge Hess and Judge Bratton. It appears that Plaintiffs seek to enjoin President Judge Hess and Judge Bratton from enforcing their orders in civil matters concerning assignments of claims from Larry Runk, II to Plaintiff Keith Dougherty. Doc. 10 ¶ 13. However, President Judge Hess and Judge Bratton are protected from suit by the doctrine of Judicial Immunity and the enforcement of their orders by the *Rooker-Feldman* doctrine.

### A. Plaintiff cannot succeed in his claims against President Judge Hess and Judge Bratton because they are protected by the doctrine of Judicial Immunity.

The allegations contained in Plaintiff's Complaint are predicated upon judicial acts taken within President Judge Hess and Judge Bratton's jurisdiction for which they are immune. A judge is immune from liability for all acts taken in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity is not only immunity from damages, but also immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (U.S. 1991). A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356. Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005). Immunity will not be lost merely because the judge's action is "unfair" or controversial. *Id.* A judge is immune even if the acts were committed during an alleged conspiracy. *Dennis v. Sparks*, 449 U.S. 24 (1980).

Judicial immunity applies to § 1983 claims. *Id.* at 27. Judicial immunity also applies to civil RICO actions. *Wallace v. Powell*, No. 09-cv-286, 2009 WL 4051974, *3 (M.D. of Pa., Nov. 20, 2009), attached as Exhibit A. Judges are immune from liability when (1) the judge has jurisdiction over the subject matter;

and (2) he or she is performing a judicial act. *Stump*, 435 U.S. at 356. Whether an act is "judicial" depends on "whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id.* at 362.

In this Commonwealth, the "courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings. . . ." 42 Pa.C.S. § 931(a). As common pleas court judges, President Judge Hess and Judge Bratton had jurisdiction to preside over Plaintiff Dougherty's civil proceedings. *See* 42 Pa.C.S. § 931(a). Also, Plaintiff's allegations concern President Judge Hess and Judge Bratton's orders and decisions in cases before them; quintessential judicial acts. *See Stump*, 435 U.S. 349.

> **B.    Plaintiff cannot succeed in his claims against President Judge Hess and Judge Bratton because the *Rooker-Feldman* doctrine bars federal district court review of state court decisions.**

It is well settled that federal courts lack jurisdiction to review state-court judgments where the relief sought is in the nature of appellate review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Blake v. Papadakos*, 953 F. 2d 68, 71 (3d Cir. 1992). Under the *Rooker-Feldman* doctrine, a "losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state

judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The four requirements necessary for the application of the *Rooker-Feldman* doctrine are:

> (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). All elements are clearly established. Plaintiff Dougherty lost in state court. Plaintiff Dougherty complains that he has been injured by those decisions and those judgments were rendered before the instant federal suit was filed. Finally, Plaintiffs are asking that this Court review those decisions and enjoin enforcement Doc 1 ¶¶ 37-38; Doc. 10 ¶¶13-14.

## IV. Conclusion

Plaintiffs have no likelihood of success concerning their prayer for injunctive relief against defendants President Judge Hess and Judge Bratton because the judges are protected by the doctrine of judicial immunity and the *Rooker-Feldman* doctrine prohibits district court review of state court decisions.

[signature page follows]

DATED:   June 13, 2014

                                     **/s/Colin S. Haviland**
                                     COLIN S. HAVILAND, ESQ.
Attorney I.D. No. PA308969
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6300 Fax (215) 560-5486
legaldepartment@pacourts.us
*Attorney for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. MICHAEL BEST, <br> KEITH DOUGHERTY, <br> MARYLAND CLOSE CORP, and <br> DOCSON CONSULTING, LLC. <br>       PLAINTIFFS, <br><br> v. <br><br> U.S. FOODS INC., DELAWARE <br>    DIVISION, <br> CLUCK U CORP, <br> J.P. HADDAD, <br> RICHARD DANIELS, <br> CUMBERLAND COUNTY <br>    SHERIFF'S DEPT., <br> CUMBERLAND COUNTY <br>    PROTHONOTARY, <br> PRESIDENT JUDGE HESS, and <br> JUDGE BRATTON, <br>       DEFENDANTS. | CIVIL ACTION <br><br> No. 1:14-cv-00922 <br><br><br> (Magistrate Judge Motz) <br><br><br> *ELECTRONICALLY FILED* |

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on *June 13, 2014*, he personally caused to be served upon the following a true and correct copy of the foregoing Response to Plaintiffs' *Brief in Opposition*, via ECF and first class mail.

| | |
|---|---|
| R. Michael Best<br>6493 Carlisle Pike<br>Mechanicsburg, PA  17055<br>*Pro Se Plaintiff* | Keith Dougherty<br>Keith Dougherty Investments &<br>Consulting LLC<br>8075 Manada View Drive<br>Harrisburg, PA  17112-0384<br>*Email:  keithdoughertycfp@comcast.net* |
| David Buell, Prothonotary<br>Cumberland County Court of<br>Common Pleas<br>1 Courthouse Square, Suite 100<br>Carlisle, PA 17013 | Cumberland County Sheriff's Office<br>1 Courthouse Square<br>3rd Floor<br>Carlisle, PA 17013 |
| Brian O. Watson, Esquire<br>Schiff Hardin LLP<br>233 S. Wacker Drive, Suite 6600<br>Chicago, IL  60606<br>*Email: bwatson@schiffhardin.com* | Joseph M. Cincotta, Esquire<br>Gibbons PC<br>1700 Two Logan Square<br>18th & Arch Streets<br>Philadelphia, PA  19103-2769<br>*E-mail: jcincotta@gibbonslaw.com* |
| Kathleen A. Stimeling, Esquire<br>Schiff Hardin LLP<br>One Market, Spear Street Tower<br>32nd Floor<br>San Francisco, CA 94105<br>*Email: kstimeling@schiffhardin.com* | Stephen J. Finley, Esquire<br>Gibbons, P.C.<br>1700 Two Logan Square<br>18th Arch Streets<br>Philadelphia, PA  19103-2769<br>*Email: sfinley@gibbonslaw.com* |

| | |
|---|---|
| Timothy J. McMahon, Esquire<br>Marshall, Dennehey, Warner,<br>Coleman & Goggin<br>4200 Crums Mill Road, Suite B<br>Harrisburg, PA  17112<br>*Email: tjmcmahon@mdwcg.com* | Edwin A.D. Schwartz, Esquire<br>Nicole M. Ehrhart, Esquire<br>Marshall Dennehey Warner Colman &<br>Goggin<br>100 Corporate Center Drive, Suite 201<br>Camp Hill, PA  17011<br>*Email: easchwartz@mdwcg.com* |

**/s/Colin S. Haviland**
COLIN S. HAVILAND, ESQ.
Attorney I.D. No. PA308969
Supreme Court of Pennsylvania
Administrative Office of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA 19102
(215) 560-6300 Fax (215) 560-5486
legaldepartment@pacourts.us
*Attorney for Defendants*