IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. MICHAEL BEST, pro se, | : | |
| KEITH DOUGHERTY, pro se, | : | |
| President/Secretary of CUC of | : | |
| MD, Inc., MARYLAND CLOSE | : | |
| CORP (S Corp) (Director) of | : | |
| Ken & Jim CUC, Inc., wholly | : | |
| owned subsidiary of CUC of MD, | : | CIVIL ACTION 1:14-CV-00922 |
| Inc., DOCSON CONSULTING, | : | |
| LLC (SMLLC), | : | |
|     Plaintiffs | : | |
| | : | |
|     v. | : | |
| | : | |
| US FOODS, INC., Delaware | : | |
| Division, CLUCK U CORP., J.P. | : | |
| HADDAD, RICHARD DANIELS, | : | |
| CUMBERLAND COUNTY | : | |
| SHERIFF'S DEPARTMENT, | : | |
| CUMBERLAND COUNTY | : | |
| PROTHONOTARY, PRESIDENT | : | |
| JUDGE HESS, Cumberland County | : | |
| Common Pleas, and JUDGE | : | |
| BRATTON, Dauphin County | : | |
| Common Pleas, | : | |
|     Defendants | : | JURY TRIAL DEMANDED |

## DEFENDANT RICHARD DANIELS' BRIEF IN SUPPORT OF MOTION TO DISMISS

## I.     FACTUAL/PROCEDURAL HISTORY

On May 13, 2014, Plaintiffs filed a Complaint against numerous individuals and entities, including Defendant Richard Daniels.  Plaintiffs allege that their Complaint is "to challenge the constitutional conduct of the courts and authorities of Pennsylvania in their invalidation of the 1st, 4th, 5th and 6th Amendment rights..." The Complaint goes on to allege that Defendant Daniels is an attorney for Defendant Cluck U Corp., a Maryland corporation.

Despite stating that "at its core this is a civil rights complaint brought under 42 U.S.C. §1983," the Complaint alleges little substantive facts about a wrong inflicted upon the Plaintiffs.  Moreover, the Complaint lacks any facts illustrating how Defendant Daniels (a private attorney) is acting under the color of law.

The Complaint is a rambling and unintelligible document that transitions back and forth between criticizing the judiciary and discussing a purported prior business deal between the Plaintiffs and Defendant Cluck U.  Plaintiffs have engaged in a long history of litigation with Defendant Cluck U Corp., which is best recapped in the brief of Defendant Cluck U Corp. in support of its motion to dismiss.  Moving Defendants have refrained from restating the tortured litigation history herein.

Plaintiffs' Complaint contains a number of legal insufficiencies and defects and as such, Defendant Richard Daniels filed a Motion to Dismiss, and in support thereof, submits the following argumentative brief.

## II.   QUESTIONS PRESENTED

A. **Whether Plaintiffs' Complaint fails to comply with Federal Rule of Civil Procedure 8 requiring a short and plain statement and showing Plaintiffs are entitled to relief**?

B. **Whether Plaintiffs' action lacks subject matter jurisdiction because the Complaint sets forth no Article III case or controversy**?

C. **Whether Plaintiffs' Complaint fails to set forth appropriate facts to establish the requisite standing**?

D. **Whether Plaintiffs' Complaint fails to state a claim upon which relief may be granted and therefore must be dismissed**?

E. **Whether the claims made by Plaintiff Docson Consulting LLC must be dismissed because the corporation is appearing in federal court without counsel**?

*Suggested Answer for all of the above*:  In the affirmative.

### III.   ARGUMENT

**Standards of Review**

Federal Rule of Civil Procedure 12 (b)(1) allows a party to file a preliminary motion objecting due to lack of subject matter jurisdiction.  When subject matter jurisdiction is challenged pursuant to F.R.C.P. 12(b)(1), the plaintiff bears the burden of persuasion.  The District Court need not presume the truthfulness of plaintiff's allegations and rather must evaluate for itself the merits of the jurisdictional claim.  See <u>Reislinger v. Luzerne County</u>, 712 F. Supp. 2(d) 332 (M.D. Pa, 2010).

Additionally, F.R.C.P. 12(b)(6) allows a party to file a motion objecting due to the failure of a complaint to state a claim upon which relief can be granted.  A complaint cannot survive a motion to dismiss if it would lack sufficient factual matter to "state a claim to relief that is plausible on its face."  <u>McTerman v. City of York</u>, 577 F.3d 521 (3d Cir. 2009).  Facial plausibility requires the plaintiff to plead sufficient facts providing more than just "sheer possibility" of the defendant's unlawful action and it necessitates that the plaintiff pleads sufficient factual content to allow the court to draw a reasonable inference of Defendant's liability to alleged misconduct.  See <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009).

**A. Plaintiffs' Complaint must be dismissed for its failure to comply with F.R.C.P. 8.**

F.R.C.P. 8 requires "a short and plain statement of the claims showing that the pleader is entitled to relief."  See F.R.C.P. 8.

Moving Defendant submits that a review of Plaintiffs' Complaint provides no coherent narrative on the issue at hand.  Plaintiffs never articulate a cause of action, especially as against moving Defendant Daniels.

This Court has previously observed, in dismissing some of Plaintiffs' prior Complaints, that "dismissal under Rule 8 is proper when a complaint 'left the defendants having to guess what of the many things discussed constituted a cause of action,' but when the complaint is so 'rambling and unclear' as to defy a response."  Dougherty v. Advanced Wings, LLC, No. 13-CV-447, 2013 W.L. 40041589 at *7.  (M.D. Pa. August 7, 2013);  Accord in re: Dougherty, 2014 W.L. 1347003 at *12 (3d Cir. April 7, 2014) (affirming dismissal and finding that plaintiff's complaint in these actions are "largely unintelligible.").

### B.  The Court should dismiss Plaintiffs' Complaint pursuant to F.R.C.P. 12(b)(1) if the Court lacks subject matter jurisdiction.

Defendant submits that the Court lacks subject matter jurisdiction as Plaintiffs' Complaint fails to allege in Article III case for controversy as against Defendant.  Plaintiffs' Complaint alleges that at its core it is a civil rights complaint.  However, the scant facts set forth in the Complaint do not establish a civil rights challenge as against Defendant Richard Daniels – and therefore no controversy exists.

Additionally, this Court lacks subject matter jurisdiction to disturb prior judgments entered by the state courts against Plaintiff Docson Consulting, LLC.

Lower federal courts lack subject matter jurisdiction to engage in appellate review of state-court determinations or to evaluate constitutional claims that are "inextricably intertwined with the state court's decision in a judicial proceeding." Port Authority Police Benevolent Association, Inc. v. Port Authority of New York and New Jersey Police Department, 937 F.2d 169, 177 (3d Cir. 1992).   This so called Rooker-Feldman doctrine also applies to interlocutory state court judgments. Id., 937 F.2d 177-78.  When a "federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state court judgment and seeks

review and reversal of that judgment, the federal claim is inextricably intertwined with state judgment." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010).  A finding that Rooker-Feldman bars a litigant's federal claims divests a district court of subject matter jurisdiction over those claims.  Guarino v. Larsen, 11 F.3d 1151, 1156-57 (3d Cir. 1993).

The purpose of the principle of *res judicata* is to end litigation.  Williams v. Columbia Gas & Electric Corp., 186 F.2d 464, 469 (3d. Cir. 1950).  Parties should not have to litigate issues which they have already litigated or had a reasonable opportunity to litigate.  Id.  Claims are precluded where there is a final judgment on the merits in a prior suit involving the same parties or their privities and a subsequent suit based on the same cause of action.  Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999).

This Court lacks subject matter jurisdiction to address challenges by Plaintiff Docson Consulting, LLC, and its privies/privities, to the default judgment entered by the Maryland state court.  The Plaintiffs' instant complaint appears to be yet another attempt to re-litigate the entry of the default judgment by the Maryland state court.  Paragraphs 7-24 of the complaint inaccurately summarize occurrences leading up to the entry of the default judgment in Maryland state court.  Counts I-

III of the Complaint appear to attach the state court judgment obtained by

Defendant Cluck-U.   Although the remaining Counts appear to be directed solely

at common pleas judges in Dauphin and Cumberland County, it appears the

Plaintiffs are seeking to enjoin said judges from entering orders related to

Defendant Cluck-U Corp.'s state court judgment.   Since every Count in the

Complaint appears to attack the Maryland state court judgment, the Court should

dismiss the entire Complaint.

### C. Plaintiffs' Complaint lacks required allegations regarding standing and therefore must be dismissed.

Plaintiffs' Complaint does not allege the three mandatory constitutional

elements of standing:  (1) "Injury in Fact" which requires an injury that is both

"concrete and particularized" and "actual or imminent, not conjectural or

hypothetical,"  (2) "A causal connection between injury and the conduct

complained of – the injury has to be fairly traceable to the challenged action of the

Defendant,"  and (3) "A showing that it is likely, as opposed to merely speculative,

that the injury will be redressed by a favorable decision."   N.J. Physicians, Inc. v.

The President of the United States, 653 F.3d 234, 238 (3d Cir. 2011) (quoting

Lujan v. Defendants of Wildlife, 504 U.S. 555, 560-61 (1992).

8

Plaintiffs' Complaint lacks any allegations of an "injury in fact."  There are
repeated unintelligible statements that the Plaintiffs are seeking constitutional
redress.  However, the Complaint never articulates the actual constitutional injury
nor how the Defendants allegedly inflicted this injury.  As such, Plaintiffs have
failed to allege requisite facts to establish the requirement of standing and therefore
the action must be dismissed.

### D.   Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

F.R.C.P. 12(b)(6) allows a defendant to file for a dismissal due to the
Plaintiffs' failure to state a claim upon which relief may be granted.  The
Complaint contains a number of purported causes of action, however, none of the
claims allege the mandatory requisite elements and therefore state a claim upon
which relief may be granted.

Count I of the Complaint allegedly sets forth a cause of action for a RICO
claim.  The requisite elements for the RICO claim are not pled within the
Complaint.  See Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).

Additionally, Count II purportedly makes the claim for constitutional
violations of the 5th and 6th Amendment.  Yet, the Complaint sets forth no factual

allegations of how Defendant Richard Daniels violated Plaintiffs' constitutional

rights afforded by those Amendments.

Count III purports to alleged "treble damages related to the unlawful 'writ of

garnishment.' "  This is not a cause of action, and at most, is a request for a

particular form of relief.  See <u>Hartman v. Wilkes-Barre General Hospital</u>, 237 F.

Supp. 2d 552, 556 (M.D. Pa 2002).

It must further be mentioned that to the extent the Complaint seeks to set

forth a cause of action for professional liability, there are no facts alleged in the

Complaint to show any acts or omissions on the part of Defendant Richard

Daniels, as an attorney, that could serve as a basis for a cognizable cause of action.

As such, Plaintiffs' Complaint fails to set forth a claim for which relief may

be granted.

**E. The claims made by Plaintiff Docson Consulting, LLC, must be dismissed as it is a corporation appearing in federal court without counsel.**

It is well established that a corporation may only appear in federal court

through properly licensed counsel.  Plaintiffs recognize this requirement yet still

filed the Complaint in the face of the case law.  Furthermore, Plaintiffs themselves

have been dismissed previously by the Third Circuit for failure to appear through

licensed counsel.   See <u>Dougherty v. Snyder,</u> 469 Fed. App'x 71, 72 (3d Cir. 2012).

## IV.    CONCLUSION

WHEREFORE, Defendant Richard Daniels requests that this Honorable

Court dismiss Plaintiffs' Complaint with prejudice.


Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

/s/*Timothy J. McMahon*

Timothy J. McMahon, Esquire
PA Attorney I.D. No. 52918
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
(717) 651-3505; Fax 717-651-3707
tjmcmahon@mdwcg.com
Attorney for Defendant Richard Daniels

Dated:   June 17, 2014

05/1237978.v1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the foregoing document in the above-captioned matter this date via ECF system or U.S. Mail, postage prepaid, which services satisfies the Federal Rules of Federal Procedure, addressed to:

**<u>Via Email:  bestautosales1@gmail.com</u>**
R. Michael Best
6493 Carlisle Pike
Mechanicsburg, PA  17050

**<u>Via Email: keithdoughertycfp@comcast.net</u>**
Keith Dougherty
8075 Manada View Drive
Harrisburg, PA  17112

Docson Consulting, LLC
8075 Manada View Drive
Harrisburg, PA  17112

**<u>Via Email: jcincotta@gibbonslaw.com</u>**
**<u>Via Email: sfinley@gibbonslaw.com</u>**
Joseph M. Cincotta, Esquire
Stephen J. Finley, Esquire
GIBBONS, P.C.
1700 Two Logan Square
18th and Arch Streets
Philadelphia, PA  19103
*Counsel for US Foods, Inc.*

05/1237978.v1

**Via Email:  kstimeling@schiffhardin.com**
Kathleen A. Stimeling, Esquire
Schiff Hardin, LLP
One Market
Spear Street Tower, 32nd Floor
San Francisco, CA  94105
*Counsel for US Foods, Inc.*

**Via Email:  bwatson@schiffhardin.com**
Brian O. Watson, Esquire
233 South Wacker Drive, Ste. 660
Chicago, IL  60606
*Counsel for US Foods, Inc.*

Cluck U Corp.
14504 Greenview Drive, Suite 200
Laurel, MD  20708

J. P. Haddad
c/o Cluck U Corp.
14504 Greenview Drive, Suite 200
Laurel, MD  20708

**Via Email: ljsantia@travelers.com**
Leticia J. Santiago, Esquire
WILLIAM J. FERREN & ASSOCIATES
10 Sentry Parkway, Suite 301
Blue Bell, PA  19422
*Counsel for Cumberland County Sheriff's Department and Prothonotary*

05/1237978.v1

**Via Email:  legaldepartment@pacourts.us**
Colin S. Haviland, Esquire
Supreme Court of Pennsylvania
Administrative Offices of PA Courts
1515 Market Street, Suite 1414
Philadelphia, PA  19102
*Counsel for Judge Kevin A. Hess sand Judge Bruce F. Bratton*

**Via Email: easchwartz@mdwcg.com**
**Via Email:  nmehrhart@mdwcg.com**
Edward Schwartz, Esquire
Nicole M. Ehrhart, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
*Counsel for Attorney Kodak*

Curtis Property Management
5620 Linda Lane
Temple Hills, MD  20748

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

/s/*Timothy J. McMahon*
Timothy J. McMahon, Esquire
PA Attorney I.D. No. 52918
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
(717) 651-3505; Fax 717-651-3707
tjmcmahon@mdwcg.com

Dated:  June 17, 2014

14