**IN THE UNITED STATES DISTRICT COURT**
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R. Michael Best                                  :
Keith Dougherty                                  :
Docson Consulting LLC (SMLLC)                     :
Keith Dougherty Investments & Consulting :
LLC (SMLLC)                                       :
                                                  :
                                                  :
              Plaintiff(s),        : Civil Action NO: 1:14-CV-922
                                                  :
         v.                        :
U.S. Food Inc et al                               :
                                   :     **Frederick Motz (Judge)**
                                                  :
                                   :     **Filed Electronically**
                                                  :
                                                  :
         Defendant(s),             :
                                   :     **Jury Trial Demanded**
                                                  :
                                                  :
                                                  :
_____

**Plaintiff's Reply Brief in Support of a Hearing and in Opposition
to US Foods Inc.**

_____

**And now comes Keith Dougherty and R. Michael Best pro se and
aver as follows.**

**Brief Factual Background**

**Keith Dougherty is a "capitalist". He therefore saw an
opportunity to make money when ERIE "denied the Claim of
Larry Runk II" see 14-CV-480 ERIE Claim #010171282556**

**ERIE Insured: Larry Runk II see Assignment attached to 480; Date of Loss: 3/4/13 ERIE Policy #Q02-25057 43**

**Keith Dougherty offered to purchase the claim "initially" and Larry Runk II rejected (as we were busy working on his Legal Malpractice Claim).**

**As of 10/7/2013 Larry Runk II was receiving "solicitations" from "criminal attorneys" with dire warnings. This prompted Keith Dougherty to do an online search and found the "criminal indictment".**

**At that point the issue ripened.**

**What was revealed in the denial letter is ERIE Insurance "routinely uses an outdated Contract" to threaten and intimidate its insured to "accept reduced claims". If they refuse to accept the "low ball offer" they threaten to "charge the insured with insurance fraud".**

**When ERIE took note of Keith Dougherty purchasing the Claim where he promised to "seek treble damages" with the underlying threat from Larry Runk II to seek "defamation" ERIE sought to bribe and influence Cumberland County Detective RG Smith and CID (under a false notion that if they got**

the Police to charge Fraud they would be protected by Immunity

of some sort).

The easiest way to "prove a valid claim" and thereby

invalidate any charges against Larry Runk II was to seek

Declaratory Judgment of the Contract involved.

It just so happens ACT 78 was established as the

"exclusive remedy" for Insurance Carriers seeking to sever a long

term relationship with an insured in ERIE v. Lake 1996.

In 1998 the Act was amended to Act 68 where it added

Paragraph 14. This makes it unlawful to "refuse to renew" an

insured for any "comprehensive claim".

If as Keith Dougherty avers "swerving to avoid a herd of

deer" requires ERIE to pay its "comprehensive claim deductible"

it would be impossible for as here to accuse Larry Runk II that he

is trying to steal the $450 different in the Collision Claim they said

they owed and the $50 deductible Larry Runk II is entitled to.

The Standard is "in any contract of adhesion the language

must be strictly read against the drafter" for any interpretation

the carrier seeks to enforce.

Just as the Courts "refuse to define SMLLC" (because

3

Keith Dougherty wins under Conestoga Wood Specialties)

President Judge Hess knew Keith Dougherty was right and he

sought to protect Cumberland County by "invalidating the First

Amendment and indicating "assignment is not possible in

Cumberland County" (absurd). This identical course of conduct

was employed by Judge Bratton in CV-2011-2531 (it must be a

well known tactic).

See previous arguments as to why infringement of first

Amendment Freedoms for even minimal periods of time is

"irreparable injury" Elrod v. Burns.

> Case 1:09-cv-00524-CCC Document 50 Filed 09/30/2010
> Page 1 of 21
>
> A.    Irreparable Injury "stare Decisis"
>
> See Stilp v. Contino, 629 F. Supp. 2d 449 (M.D. Pa. 2009).
> On July 22,2010, the Third Circuit Court of Appeals
> affirmed this court's decision to grant a preliminary
> injunction. See Stilp v. Contino, 613 F.3d 405 (3d Cir. 2010).
> For the reasons that follow, the plaintiffs motion for
> summary judgment (Doc. 35) will be granted, and the
> defendants' motion for summary judgment (Doc. 39) will be
> denied.
>
> Case 1:09-cv-00524-CCC Document 50 Filed 09/30/2010
> Page 1 of 21
>
> Section 1983 affords an avenue of relief when official action
> deprives an individual of his or her First Amendment
> rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658,690

(1978); see also Burnett v. Graham, 468 U.S. 42,43-48 (1984) (assuming applicability of 8 1983 as remedy for contravention of constitutionally protected speech). To enjoin application of an unconstitutional state statute [or here local custom under Monell/Bivens] under 8 1983, a plaintiff must bring suit against those officials charged with enforcement of the contested measure. See Kentucky v. Graham, 473 U.S. 159,166-67 & n.14 (1985); & Parte Young, 209 U.S. 123, 153-61 (1908). Accordingly, Stilp identifies Contino and Corbett [ see here Hess, Bratton] as responsible for enforcement of …

Once someone reviews the contract Keith Dougherty wins Money. It just so happens Larry Runk II must be released from "the malicious prosecution" with indictment scheduled for 6/19/2014.

It is absurd to suggest they "innocently do not know Insurance Law" but can still charge crimes that are legally impossible.

Keith Dougherty seeks the protection of the Federal Court of Keith Dougherty's 1st, 5th, and 6th amendment rights (so that I can make money). The sooner the better.

Argument

I.     U.S. Foods Inc. is in Default;

A.     It is vexatious and obdurate for U.S. Foods to continue to file pleadings when by all accounts they are in default.

5

**B.     The best that U.S. Foods Inc. Could hope for is to concur with default and then file a 55(c) motion if there is a "meritorious defense" for violating R. M. Best's 4th amendment rights and seizing his personal property for a sale that was never completed "with no post judgment hearing" See EXHIBIT A (I did not know?).**

> **1.     See Open Ins Ltd v. Chester County "hearing on damages" after granting of summary Judgment (here default).**

## Conclusion

**The only way to get an additional 14 days is to ask the Court or have your opponent fail to object.**

> **The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing.**
>
> **Frow v. De La Vega - 82 U.S. 552 (1872)**
>
> **Jurisdiction as to the question "is assignment protected under the First Amendment" is with the court see RFRA and Conestoga Wood Specialties.**

**Respectfully Submitted,**

**Keith Dougherty, CFP®, CLU®, IAR, EA**
**Sole Member Keith Dougherty Investments & Consulting LLC**
**8075 Manada View Drive**
**Harrisburg, PA 17112-9383**
**866-391-7295**
**keithdoughertycfp@comcast.net**

R. Michael  Best
6493 Carlisle Pike
Mechanicsburg, PA
17055 (717) 795-9350
Fax:  717-691-6636

Bestautosales1@gmail.com

**Certification of Service**

**I Keith Dougherty doe hereby certify a copy of the foregoing was served by 1st class mail prepaid and by ECF where indicated;**

**College Park LLC**
**Curtis Property Management**
**5620 Linda Ln,**

**By ECF;**

**Colin S. Haviland**
**Legal Counsel**
**Supreme Court of Pennsylvania**
**Administrative Office of PA Courts**
**1515 Market Street, Suite 1414**
**Philadelphia, PA 19102**
**colin.haviland@pacourts.us**
**(v) 215.560.6300**
**(f) 215.560.5486**

**Joseph M. Cincotta, Esquire**
**(Attorney I.D. No. 31844) Stephen J. Finley, Esquire (Attorney I.D. No.**
**200890) GIBBONS P.C.**
**1700 Two Logan Square**
**18th & Arch Streets**
**Philadelphia, PA 19103-2769**
**Tel:   215-665-0400**
**Fax:   215-636-0366**
**jcincotta@gibbonslaw.com  sfinley@gibbonslaw.com**

**Kathleen A. Stimeling, Esquire**
**(PHV to be filed) SCHIFF HARDIN LLP One Market**
**Spear Street Tower, Suite 3200**
**San Francisco, CA 94105**
**Tel:   415-901-8712**
**Fax:   415-901-8701**
**KStimeling@schiffhardin.com**

**Brian 0. Watson, Esquire**
**(PHV pending)**
**SCHIFF HARDIN LLP**
**233 S. Wacker Dr. Suite 6600**
**Chicago, IL  60606**
**Tel:   312-258-5845**
**Fax:   312-258-5600**
**BWatson@schiffhardin.com**

**Attorneys for Defendant**
**US Foods, Inc., improperly sued as**
**US Foods Inc. Delaware Division**

**EDWIN A.D. SCHWARTZ, ESQUIRE**
**Attorney ID 75902**
**NICOLE M. EHRHART, ESQUIRE**
**Attorney ID 2000538**
**100 Corporate Center Road, Suite 201**
**Camp Hill, PA 17011**
**(717) 651-3700**
**easchwartz@mdwcg.com**

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**/s/Timothy J. McMahon**
**Timothy J. McMahon, Esquire**
**I.D. No. 52918**
**100 Corporate Center Drive, Suite 201**
**Camp Hill, PA 17011**
**(717) 651-3505**
**tjmcmahon@mdwcg.com**

**WILLIAM  J. FERREN & ASSOCIATES**

**Leticia J. Santiago Leticia J. Santiago, Esquire Attorney**
 **Attorney ID# 308519**
**10 Sentry Parkway,  Suite 301**
**Blue Bell, PA  19422 (215) 274-1724**
**(215) 274-1735- Fax**
**Email: ljsantia@travelers.com**

**Joshua D. Bonn**
**jbonn@nssh.com  , klfarhat@nssh.com**

# EXHIBIT A

MEMBER D.C., MD., N.Y. BARS          **PHILIP A. MUELLER**                    TEL: (202) 667-1462
                                        ATTORNEY AT LAW                        FAX: (202) 667-1463
                                     **3133 ADAMS MILL RD, NW**
                                     **WASHINGTON, D.C. 20010**
                                       philipamueller@yahoo.com

                                                                    March 20th, 2009

**By Fax only – Fax Tel: 866 255 2944**

Keith Dougherty
Docson Consulting, LLC
8075 Manada VW Dr.
Harrisburg, PA 17112-9385

                          Re: Cluck U, Corp. / College Park, MD

Mr. Dougherty:

I received your fax of March 19th.

My client has been trying in good faith to resolve this issue.

Your letter did not respond to the questions raised in my letter of March 18th. It contains
numerous new factual assertions and opinions of law. You have repeatedly refused to state
whether you represent the named individuals. You have presented a confused litany of
complaints, allegations, and unintelligible statements that seem to have little or no bearing on the
matter at hand. For example, your statement that "the counter offer of 2/9/2009 is unacceptable"
makes no sense. If there was some offer in February, we are clearly beyond that now. Other
ramblings are equally out of place.

Your allegations of incompetence and childishness are offensive and unprofessional.

My client generously offered you the option to either have a full refund of the transfer fee and
return to the status quo prior to January 15th, 2009, or pay the transfer fee and obtain a current
franchise agreement. You have failed to respond to the offer.

My client is not interested in wasting any more time on this matter. All offers are withdrawn.
The transfer, if ever there was one, is void. My client will instruct its bank to wire a refund of
the transfer fee paid to the CUC of MD, Inc. account from which it came after making deduction
for the unpaid royalty and marketing fees. If you do not want the fees deducted CUC of MD,
Inc. must pay the entire outstanding balance in cash or certified check before the refund is wired,
and my client will wire the entire transfer fee paid to CUC of MD, Inc.'s account. My client will
remove the late fees assessed for February. The franchise agreement that Mike Ghiglieri
purchased in 2005 is still in effect exactly as written.

All terms and conditions of that agreement are in effect. No transfer has been made. CUC of
MD, Inc. and Mr. Ghiglieri are responsible for all obligations they accepted in that agreement

and any related agreements.  CUC of MD, Inc. must follow its franchise agreement and operating manual in all respects.  Current recipes must be followed.  Correct product must be purchased, prepared and sold according to the operating manual and franchise agreement.  The rights conveyed to Mr. Ghiglieri in 2005, no more and no less, are reinstated.  They remain conditional on the faithful performance of its obligations.

My client has done all it can to address this matter.  The status quo prior to January 2009 has been reinstated.  There is nothing further to discuss.  I am not authorized to review or respond to any further correspondence from you.  You are simply wasting my client's time and resources for no further purpose.  Please do not send me any more letters, faxes, emails, voicemails, or other communications.  I will not read them or respond to them.

As I have previously advised you, the marketing fund material may be reviewed by appointment at Cluck-U, Corp.'s offices.

If CUC of MD, Inc. has any operational needs it should contact Cluck-U, Corp. directly for assistance.

I understand that if the Haddads are ever asked to act on the guaranty they signed, they will contest any agreements made by other parties that might exceed or change the scope of their guaranty.

I look forward to not hearing from you.


Sincerely,

Philip A. Mueller


cc: Cluck-U, Corp.