IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. MICHAEL BEST, pro se, KEITH DOUGHERTY, pro se, President/Secretary of CUC of MD, Inc., MARYLAND CLOSE CORP (S Corp) (Director) of Ken & Jim CUC, Inc., wholly owned subsidiary of CUC of MD, Inc., DOCSON CONSULTING, LLC (SMLLC), | : : : : : : : : : | CIVIL ACTION 1:14-CV-00922-CCC |
| Plaintiffs | : : | Jury Trial Demanded |
| v. | : : : | (Honorable J. Frederick Motz) |
| US FOODS, INC., Delaware Division, CLUCK U CORP., J.P. HADDAD, RICHARD DANIELS, CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, CUMBERLAND COUNTY PROTHONOTARY, PRESIDENT JUDGE HESS, Cumberland County Common Pleas, and JUDGE BRATTON, Dauphin County Common Pleas, | : : : : : : : : : : : : : | ELECTRONICALLY FILED |
| Defendants | : | |

## DEFENDANT ROBERT D. KODAK'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 12(b)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. MICHAEL BEST, pro se, KEITH DOUGHERTY, pro se, President/Secretary of CUC of MD, Inc., MARYLAND CLOSE CORP (S Corp) (Director) of Ken & Jim CUC, Inc., wholly owned subsidiary of CUC of MD, Inc., DOCSON CONSULTING, LLC (SMLLC), | : : : : : : : : : | CIVIL ACTION 1:14-CV-00922-CCC |
| Plaintiffs | : : | Jury Trial Demanded |
| v. | : : | (Honorable J. Frederick Motz) |
| US FOODS, INC., Delaware Division, CLUCK U CORP., J.P. HADDAD, RICHARD DANIELS, CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, CUMBERLAND COUNTY PROTHONOTARY, PRESIDENT JUDGE HESS, Cumberland County Common Pleas, and JUDGE BRATTON, Dauphin County Common Pleas, | : : : : : : : : : : : : : | ELECTRONICALLY FILED |
| Defendants | : | |

## DEFENDANT ROBERT D. KODAK'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 12(b)

## TABLE OF CONTENTS

Table of Authorities.................................................................................................iv

Procedural History...............................................................................................2

Factual History ......................................................................................................2

Statement of Questions Presented ..............................................................4

Argument...............................................................................................................5

    **A.  Plaintiffs' Complaint fails to adhere to the federal pleading standard and must be dismissed accordingly** ...................................8

    **B.  Plaintiffs' claims sounding in and/or premised upon Mr. Kodak Participation in an alleged conspiracy fail as a matter of law and must be dismissed** .........................................................................11

    **C.  Plaintiffs' Complaint should be dismissed for failure to state a a viable claim under 42 U.S.C. § 1983**.................................................14

    **D.  Plaintiffs' claims are barred by the <u>Rooker-Feldman</u> Doctrine**.........................................................................................15

    **E.  Plaintiffs' claims which substantively sound in professional Negligence must fail as a matter of law..** ...........................................17

Conclusion...........................................................................................................20

Certificate of Service......................................................................................End

# TABLE OF AUTHORITIES

## Cases

Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L.Ed. 2d. 868 (2009) ........................ 5-6,8-9

Baker v. Rangos, 324 A.2d 498 (Pa. Super. 1974) ................................................ 12

Ballentine v. United States, 486 F.3d 806, 810, 48 V.I. 1059 (3d Cir. 2007) ......... 7

Barrister v. Wendy's Int'l, Inc.,
1993 U.S. Dist. LEXIS 10422 (E.D. Pa. 1993) ..................................................... 7

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) ......................................... 5, 8

Berardi v. Swanson Memorial Lodge, 920 F.2d 198, 200 (3d Cir. 1990) ............... 7

Burlington Coat Factory SEC Litigation,
111 F.3d 1410, 1429-30 (3d. Cir. 1997) ............................................................. 10

Cost v. Cost, 677 A.2d 1250 (Pa. Super. 1996) .................................................... 18

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) ............ 15

Erickson v. Pardus, 551 U.S. 89 (2007) .............................................................. 10

Evans v. Chichester School District, 533 F. Supp. 2d 523 (E.D. Pa. 2007) .......... 13

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
544 U.S. 280 (U.S. 2005) ................................................................................. 16

Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d. Cir. 2009) .............................. 5

Gary v. Braddock Cemetery, 517 F.3d 195 (3rd Cir. 2008) ............................... 15-16

General Refractories Co. v. Firemen's Fund Insurance Co.,
337 F.3d 297 (3rd Cir. 2003) ............................................................................. 13

Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) ................. 6-7

Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d
Cir. N.J. 2010) ................................................................................................. 16

Guy v. Liederbach, 501 Pa. 47, 51, 459 A.2d 744, 746 (1983) ........................... 18

Hatbob v. Brown, 575 A.2d 607, 614 (Pa. Super. 1990) ...................................... 18

Hedges v. United States, 404 F.3 744, 750 (3rd Cir. 2005) ................................... 6

Heffernan v. Hunter, 189 F.3d 405 (3d Cir. 1999) ...........................................12-13

Henderson v. Fisher, 631 F.2d 1115, 1119 (3d Cir. 1980) .................................... 14

Herring v. Chicehester School District, et. al.,
2007 U.S. Dist. LEXIS 82571 (E.D. Pa. 2007) ..................................................... 13

Hess v. Fox Rothschild, LLP, 925 A.2d 798, 807 (2007) ...................................... 18

Kituskie v. Corbman, 522 Pa. 275, 714 A.2d 1027 (Pa. 1998)............................... 17

Labove v. Lalley, 809 F.2d. 220 (3d Cir. 1987) ...................................................... 10

McTernan v. City of York, 564 F. 3d 636 (3d. Cir. 2009)..... ................................... 5

Messa v. Allstate Ins. Co., 897 F. Supp. 876 (E.D. Pa. 1995) ............................... 15

Mortensen v. First Fed. Sav. & Loan Ass'n.,
549 F.2d 884, 891 (3d. Cir. 1977) ......................................................................... 7

Pellegrino Food Products v. City of Warren,
136 F. Supp.2d 391 (W.D. Pa. 2000) ..................................................................... 15

Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) ................................................. 15

Ricketts v. AW of Unicor, 2009 U.S. Dist. LEXIS 63733 (M.D. Pa. 2009) ........... 7

Rutherfoord v. Presbyterian-University Hosp.,
612 A.2d 500 (Pa. Super. Ct. 1992) ....................................................................... 12

Santiago v. Warminster Twp., 629 F.3d 121, 133 (3d. Cir. 2010) ........................... 8

<u>Schenkel v. Monheit</u>, 405 A.2d 493 (Pa. Super. Ct. 1979) ................................... 17

<u>Smith v. Griffiths</u>, 327 Pa. Super. 418, 476 A.2d 22, 26 (1984) .................... 18-19

<u>Thompson Coal Co. v. Pike Coal Co.</u>, 412 A.2d 466 (Pa. 1979) ........................... 12

<u>Turner v. Crawford Square Apartments III, LLP</u>,
449 F.3d 542 (3rd Cir. 2006) ................................................................. 16

<u>Victaulic Co. v. Tieman</u>, 499 F.3d 227, 234 (3d. Cir. 2007) .................................. 8

<u>Willis v. Carroll Twp.</u>, 2008 U.S. Dist. LEXIS 17020 (M.D. Pa. 2008) .............. 13

**<u>Statutes</u>**

42 U.S.C. §1983 ............................................................................... 14-15

**<u>Rules</u>**

F.R.C.P. 8 ......................................................................................... 10

F.R.C.P. 10 ....................................................................................... 2

United States District Court for the Middle District of Pennsylvania
Local Rule 7.5 ..................................................................................... 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. MICHAEL BEST, pro se, KEITH DOUGHERTY, pro se, President/Secretary of CUC of MD, Inc., MARYLAND CLOSE CORP (S Corp) (Director) of Ken & Jim CUC, Inc., wholly owned subsidiary of CUC of MD, Inc., DOCSON CONSULTING, LLC (SMLLC), | : : : : : : : : : | CIVIL ACTION 1:14-CV-00922-CCC |
| Plaintiffs | : : | Jury Trial Demanded |
| v. | : : : | (Honorable J. Frederick Motz) |
| US FOODS, INC., Delaware Division, CLUCK U CORP., J.P. HADDAD, RICHARD DANIELS, CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, CUMBERLAND COUNTY PROTHONOTARY, PRESIDENT JUDGE HESS, Cumberland County Common Pleas, and JUDGE BRATTON, Dauphin County Common Pleas, | : : : : : : : : : : : : | ELECTRONICALLY FILED |
| Defendants | : | |

## DEFENDANT ROBERT D. KODAK'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO 12(b)

AND NOW comes Defendant Robert D. Kodak by and through his undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, who

1

respectfully files this Brief in Support of his Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b).

## I.   PROCEDURAL HISTORY

Plaintiffs commenced this litigation by filing a Complaint in the United States District Court for the Middle District of Pennsylvania on May 13, 2014. (Doc. 1). A Summons was issued on May 13, 2014. (Doc. 3). Robert Kodak was served on May 15, 2014[1]. On June 6, 2014, Mr. Kodak filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b). (Doc. 26). On June 6, 2014, Plaintiffs' filed a Motion to Strike Robert Kodak's Motion to Dismiss[2] and a Brief in Opposition "motion to dismiss' as to Robert Kodak and in support of Motion to Strike "motion to dismiss." (Docs. 33 and 34). This is Mr. Kodak's timely Brief in Support of the Motion to Dismiss.

## II.   FACTUAL HISTORY

Plaintiffs have failed to set forth any conceivable basis for a claim against Mr. Kodak. Plaintiffs have failed to even identify Mr. Kodak as a Defendant. It is virtually impossible to ascertain the factual allegations from Plaintiffs' ramblings.

---

[1] It must be highlighted that Plaintiff has not listed Mr. Kodak as a defendant in the caption of this action in direct violation of Federal Rule of Civil Procedure 10(a) which mandates that the caption in a complaint **shall** include the names of **all parties**. F.R.C.P. 10(a)(emphasis added). As such, there remains a question as to whether Mr. Kodak is even a party to this litigation. Since Mr. Kodak has received a copy of the Complaint and his name is listed in Paragraph X, Mr. Kodak is filing this Motion to Dismiss and Brief out of an abundance of caution.

[2] Plaintiffs' Motion is wholly without merit. Plaintiffs' Motion seems to allege that the Motion to Dismiss should be stricken for failure to file a Brief. This is completely contrary to the Local Rules of Court for the Middle District with regards to a briefing schedule upon filing of a Motion which provides for 14 days to file a Brief in Support of a Motion. Middle District Local Rule 7.5.

Mr. Kodak is presented with no option but to guess as to what might be at issue in this matter.   Plaintiffs' only references throughout the entire Complaint to Mr. Kodak are: (a) a statement wherein Plaintiffs allege that "Robert D. Kodak is Attorney for US Foods Inc., who owed a duty to his client to investigate the legal ramifications of this RICO conduct" and (b) "[a]s this is 'custom' and 'practice' in Cumberland County (Monell Complaint) [and any 'self-represented' litigant cannot say the magic words to get a due process hearing on the 'merits' US Foods, Inc., Richard Daniels, JP Haddad, Cluck U, Robert D Kodak, and Curtis are acting under color of law for 1983 purposes Dennis v. Sparks." Id. at ¶¶ X and 30.

Broadly reviewing the pleadings as filed in this matter, it is appears as though Judgment was entered by default against some of the Plaintiffs in Prince George's County Maryland.   The Judgment was transferred to the Court of Common Pleas in Dauphin County, Pennsylvania for execution.  Since that time, it appears as though Plaintiffs have persistently filed a litany of Motions (in United States District Court for the Middle District of Pennsylvania, the Dauphin County Court of Common Pleas, and the United States Court of Appeals for the Third Circuit) regarding the purported Writ of Execution.

Plaintiffs' Complaint appears to be another attempt to re-litigate issues (including but not limited to the entry of default judgment) under the guise of a § 1983 action such that any efforts by Plaintiffs to amend their pleading would be

3

futile. Plaintiffs' Complaint fails for a variety of reason and can be dismissed in its entirety against Mr. Kodak for any of one of the reasons as set forth in detail below.

## III.   STATEMENT OF QUESTIONS PRESENTED

**A.   WHETHER PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO COMPLY WITH THE FEDERAL PLEADING STANDARD?**

**Suggested Answer in the Affirmative.**

**B.   WHETHER PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A VIABLE CLAIM FOR CIVIL CONSPIRACY?**

**Suggested Answer in the Affirmative.**

**C.   WHETHER PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A VIABLE CLAIM UNDER 42 U.S.C. § 1983?**

**Suggested Answer in the Affirmative.**

**D.   WHETHER PLAINTIFFS' CLAIMS ARE BARRED BY THE ROOKER-FELDMAN DOCTRINE?**

**Suggested Answer in the Affirmative.**

**E.   WHETHER PLAINTIFFS' CLAIMS WHICH SUBSTANTIVELY SOUND IN PROFESSIONAL NEGLIGENCE MUST FAIL AS A MATTER OF LAW?**

**Suggested Answer in the Affirmative.**

## IV.   ARGUMENT

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a complaint.  In deciding a motion to dismiss, the court must accept **all well-pleaded factual allegations** as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." McTernan v. City of York, 564 F. 3d 636 (3d. Cir. 2009)(citations omitted)(emphasis added).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009) *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing a motion to dismiss for failure to state a claim for which relief may be granted, the Court must conduct a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d. Cir. 2009).  First, the Court is required to separate "the factual and legal elements of the claim", accepting as true all of the complaint's "well-pleaded facts" but disregarding any legal conclusions. Id.

Second, the Court is required to ascertain "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a '**plausible claim for relief**.'" Id. *quoting* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), 173 L. Ed. 2d 868 (2009)(emphasis added).   "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged 'but it has not show[n] that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1950 *quoting* Fed. R. Civ. P. 8.

In the alternative, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss the matter if it lacks subject matter jurisdiction over the complaint. Fed. R. Civ. P. 12(b)(1).   Dismissal is warranted under Rule 12(b)(1) only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous." Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000)

When subject matter jurisdiction is challenged by way of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), it is the plaintiff, rather than the defendant, who bears the burden of persuading the Court that jurisdiction is appropriate; this is a much more stringent standard than that applied to challenges raised pursuant to Fed. R. Civ. P. 12(b)(6). Hedges v. United States, 404 F.3 744, 750 (3rd Cir. 2005).   In addition, this Honorable Court "may not presume the truthfulness of plaintiff's allegations but rather must evaluate for itself the merits of

the jurisdictional claims". Id. citing Mortensen v. First Fed. Sav. & Loan Ass'n., 549 F.2d 884, 891 (3d. Cir. 1977).

Parties may file motions to dismiss claims based upon lack of standing pursuant to Fed. R. Civ. P. 12(b)(1). Ballentine v. United States, 486 F.3d 806, 810, 48 V.I. 1059 (3d Cir. 2007). "Trial judges enjoy substantial procedural flexibility in handling Rule 12(b)(1) motions." Barrister v. Wendy's Int'l, Inc., 1993 U.S. Dist. LEXIS 10422 (E.D. Pa. 1993) citing Berardi v. Swanson Memorial Lodge, 920 F.2d 198, 200 (3d Cir. 1990). A 12(b)(1) motion to dismiss may be treated as either a "facial or factual challenge to the court's subject matter jurisdiction." Gould Electronics Inc., 220 F.3d at 176. Under a facial attack, the movant challenges the legal sufficiency of the claim and the Court considers only "the allegations of the complaint and documents referenced therein and attached thereto in the light most favorable to the plaintiff." Id. In reviewing a factual attack, the challenge is to the actual alleged jurisdictional facts; in such instances, a court is free in that instance to consider evidence outside the pleadings. Id. See also, Ricketts v. AW of Unicor, 2009 U.S. Dist. LEXIS 63733 (M.D. Pa. 2009). No presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating for itself the merits of jurisdictional claims." Barrister, 1993 U.S. Dist. LEXIS 10422 (E.D. Pa. 1993) citing Mortensen, 549 F.2d at 891.

### A. PLAINTIFFS' COMPLAINT FAILS TO ADHERE TO FEDERAL PLEADING STANDARDS AND MUST BE DISMISSED ACCORDINGLY.

The allegations in Plaintiffs' Complaint are so non-specific, incoherent and conclusory that it is difficult, if not impossible, to discern specifically what Mr. Kodak is alleged to have done (or not done), the factual allegations which might support any such claim and what Plaintiffs' theory of recovery against Mr. Kodak purports to be. Mr. Kodak is left with no option but to guess as to what claims Plaintiff may be attempting to set forth which is absolutely inappropriate pursuant to the pleading requirements as set forth in the Federal Rules of Civil Procedure.

Plaintiffs' Complaint fails to demonstrate that they are entitled to relief. "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level'." Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d. Cir. 2007) *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In other words, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) *quoting* Twombly. 550 U.S. at 570. Plaintiffs' Complaint must "describe 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' each necessary element of the claims alleged" in the Complaint. Santiago v. Warminster Twp., 629 F.3d 121 (3rd Cir. 2010). Allegations which are "'merely consistent with a defendant's liability' or

show the 'mere possibility of misconduct" are no longer sufficient to allow

plaintiff's complaint to pass muster.  See Iqbal, *supra*.

To satisfy the plausibility standard, a plaintiff's allegations must show that

defendant's liability is more than "a sheer possibility."  See Iqbal, *supra*.  "Where a

complaint pleads facts that are 'merely consistent with' a defendant's liability, it

'stops short of the line between **possibility** and **plausibility** of entitlement to

relief'".  Id. quoting Twombly, 550 U.S. at 570)(emphasis added).

The Supreme Court cautioned against "bare bones pleading" in Ashcroft v.

Iqbal, 2009 U.S. LEXIS 3472 (2009).  In emphasizing the requirement that a

plaintiff's allegations have some factual basis, the Supreme Court held as follows:

> As the Court held in Twombly, 550 U.S. 544 the
> pleading standard [Fed. R. Civ. P.] 8 announces does not
> require "detailed factual allegations," but it demands
> more than an unadorned, Defendant-unlawfully-harmed-
> me accusation. Id. at 555.  "A pleading that offers 'labels
> and conclusions' or a formulaic recitation of the elements
> of a cause of action will not do'.  Id., 550 U.S. at 555.
> Nor does a complaint suffice if it tenders 'naked
> assertions' devoid of 'further factual enhancement'. Id. at
> 557.

Iqbal, 2009 U.S. LEXIS 3472 at *28.  The Supreme Court went on to conclude that

while a plaintiff need not **prove** his or her case in the complaint, a plaintiff must

nevertheless demonstrate, by his or her complaint, that there is more than "a sheer

possibility that a defendant has acted unlawfully." Id.(emphasis added)   "A

pleading that states a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The Complaint must "give the defendant fair notice of what the …claim is and the grounds upon which it resets." <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007).

As a result of the Supreme Court's determination in <u>Iqbal</u>, this Court is **not** required to accept every allegation of Plaintiffs' Complaint as true. This Court need not credit "bold assertions" or "legal conclusions" in Plaintiffs' Complaint, nor is it required to accept unsupported conclusions and unwarranted inferences. <u>Burlington Coat Factory SEC Litigation</u>, 111 F.3d 1410, 1429-30 (3d. Cir. 1997). While the Court must accept as true those **well pled** allegations in Plaintiffs' Complaint and construe them in a light most favorable to the Plaintiff, the Court may nevertheless dismiss Plaintiffs' claim if it appears that they cannot prove those facts which are necessary to entitle them to the relief they seek. <u>Labove v. Lalley</u>, 809 F.2d. 220 (3d Cir. 1987)(emphasis added).

Applying this standard to Plaintiffs' Complaint, it is clear that their Complaint falls well short of the federal pleading standard mandated by the <u>Iqbal</u> Court. Plaintiffs' Complaint fails to articulate any claims against Mr. Kodak. The Complaint is so vague that it is impossible to discern what claims Plaintiffs seek to make. Mr. Kodak can do nothing but guess as to what Plaintiffs' claims may be and what claims, if any, are directed at Mr. Kodak. There are no allegations of

material fact demonstrating the plausibility of any claims for relief. Plaintiffs' allegations are merely conclusory in nature and devoid of any factual support and lacking any reasonable indication that Plaintiffs have any valid claims against Mr. Kodak.

In order to survive a motion to dismiss, it is incumbent upon Plaintiffs to make allegations of fact demonstrating entitlement to relief. Plaintiffs have not done so here and as such, the Complaint must be dismissed with prejudice.

**B.   PLAINTIFFS' CLAIMS SOUNDING IN AND/OR PREMISED UPON MR. KODAK'S PARTICIPATION IN AN ALLEGED CONSPIRACY FAIL AS A MATTER OF LAW AND MUST BE DISMISSED.**

As argued above, Plaintiffs' Complaint is so vague and overbroad that it is impossible for Mr. Kodak to discern what claims, if any, Plaintiffs endeavor to direct towards Mr. Kodak. Plaintiffs' Complaint is nothing more than an unintelligible tirade as to how they have been "wronged" by a "corrupt" legal system. Plaintiffs' Complaint, *supra*. Plaintiffs' Complaint has no basis in fact or reality. Plaintiffs' only references throughout the entire Complaint to Mr. Kodak are: (a) a statement wherein Plaintiffs allege that "Robert D. Kodak is Attorney for US Foods Inc., who owed a duty to his client to investigate the legal ramifications of this RICO conduct" and (b) "[a]s this is 'custom' and 'practice' in Cumberland County (Monell Complaint) [and any 'self-represented' litigant cannot say the

11

magic words to get a due process hearing on the 'merits' US Foods, Inc., Richard Daniels, JP Haddad, Cluck U, Robert D Kodak, and Curtis are acting under color of law for 1983 purposes Dennis v. Sparks." Plaintiffs' Complaint. at ¶¶ X and 30 (Doc. 1). One can assume based on the foregoing that Plaintiffs are attempting, albeit inappropriately, to set forth a contention of civil conspiracy against Mr. Kodak. Plaintiffs' unsupported conclusion must fail as a matter of law.

"In order to state a cause of action for civil conspiracy under Pennsylvania law 'it must be shown that two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means.'" Rutherfoord v. Presbyterian-University Hosp., 612 A.2d 500 (Pa. Super. Ct. 1992) citing Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466 (Pa. 1979). "Proof of malice, i.e., an intent to injure, is an essential part of a conspiracy cause of action; this unlawful intent must also be without justification." Id. Furthermore, a conspiracy is not actionable until "some overt act is done in pursuance of the common purpose or design . . . and actual legal damage results[.]" Id. citing Baker v. Rangos, 324 A.2d 498 (Pa. Super. 1974).

More importantly and unequivocally, the intracorporate conspiracy doctrine bars claims against attorneys based upon conspiracies formed in the attorney-client context. Heffernan v. Hunter, 189 F.3d 405 (3d Cir. 1999). In Heffernan v. Hunter, 189 F.3d 405, 411-413 (3d Cir. 1999), the Third Circuit extended the

intracorporate conspiracy doctrine to encompass the attorney-client relationship. Under Heffernan, it is impossible, as a matter of law, for an attorney and his client, within the context of the attorney-client relationship, to constitute "two or more persons" for the purpose of pleading the existence of a conspiracy. Id. Where the attorney is acting in his capacity as counsel for his client, the attorney and client are deemed to be one legal entity for purposes of defeating a conspiracy claim. Id.

Since the Third Circuit's extension of the intracorporate conspiracy doctrine to the attorney-client relationship in Heffernan, Pennsylvania's federal courts have repeatedly and consistently dismissed allegations of conspiracies between attorneys and their clients. See Willis v. Carroll Twp., 2008 U.S. Dist. LEXIS 17020 (M.D. Pa. 2008) (attorney cannot be held to have conspired with his or her client when the attorney's actions were conducted within the scope of the attorney-client relationship and for the benefit of the client); Herring v. Chicehester School District, et. al., 2007 U.S. Dist. LEXIS 82571 (E.D. Pa. 2007) (plaintiff cannot establish participation in conspiracy based upon attorney-client relationship); See also General Refractories Co. v. Firemen's Fund Insurance Co., 337 F.3d 297 (3rd Cir. 2003); Evans v. Chichester School District, 533 F. Supp. 2d 523 (E.D. Pa. 2007).

Here, Plaintiffs fail to establish that Mr. Kodak was acting in any capacity other than in his capacity as counsel for US Foods, Inc.  There are no factual

allegations whatsoever demonstrating that Mr. Kodak ever acted in his individual capacity. Moreover, there are no competent allegations of fact which would tend to even insinuate that Mr. Kodak was ever acting for his own benefit rather than in his capacity as counsel for US Foods, Inc.. Plaintiffs vague reference to Mr. Kodak is without any doubt in his capacity as Counsel for US Foods, Inc. Plaintiffs' Complaint ¶ X (Doc. 1). Plaintiffs have not alleged, nor can Plaintiffs honestly allege, that Mr. Kodak's alleged actions or inaction, if any, fell outside the scope of the attorney-client relationship.

Thus, application of the intracorporate conspiracy doctrine as set forth in Heffernan mandates dismissal of Plaintiffs' purported claim for conspiracy against Mr. Kodak.

### C.   PLAINTIFFS' COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A VIABLE CLAIM UNDER 42 U.S.C. § 1983.

Mr. Kodak is not a state actor, nor was he acting or alleged to be acting under color of state law, and thus Plaintiffs cannot state a legally viable claim under 42 U.S.C. §1983 as against Mr. Kodak. Mr. Kodak is a private attorney. He is not a "state actor" and therefore is not subject to liability under §1983. See Henderson v. Fisher, 631 F.2d 1115 (3rd Cir. 1980).

Additionally, although an attorney may "become" a state actor by conspiring with state officials to deprive others of their constitutional rights, Plaintiffs make

no such factual allegations (nor can Plaintiffs credibly make such factual allegations) that Mr. Kodak conspired with any state actors. See <u>Pellegrino Food Products v. City of Warren</u>, 136 F. Supp.2d 391 (W.D. Pa. 2000); <u>Messa v. Allstate Ins. Co.</u>, 897 F. Supp. 876 (E.D. Pa. 1995). Plaintiffs' unsubstantiated beliefs are inadequate to cloak Mr. Kodak with the requisite state authority such as to open him up to liability under 42 U.S.C. § 1983. Plaintiffs' Complaint makes no factual allegation that Mr. Kodak was a "state actor" or was otherwise acting under color of state law. Therefore, Plaintiffs have failed to state a viable claim under 42 U.S.C. § 1983 and the Complaint must be dismissed on that basis.

### D.   PLAINTIFFS' CLAIMS ARE BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

To the extent that Plaintiffs are requesting this Court to review, revise, reject and/or reverse state court decisions under the guise of a federal civil rights lawsuit such requests are barred by the <u>Rooker-Feldman</u> doctrine. It is well-settled that federal courts lack jurisdiction to review state-court judgments where the relief sought is in the nature of appellate review. <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923). As described by the Third Circuit:

> That doctrine takes its name from the two Supreme Court cases that gave rise to the doctrine. The doctrine is derived from 28 U.S.C. § 1257 which states that "[f]inal judgments or decrees rendered by the highest court of a state in which a decision could be had, may be reviewed by the Supreme

Court...." "Since Congress has never conferred a similar power of review on the United States District Courts, the Supreme Court has inferred that that Congress did not intend to empower District Courts to review state court decisions."

Gary v. Braddock Cemetery, 517 F.3d 195 (3rd Cir. 2008)(internal citations omitted).

Since federal district courts are not empowered by law to sit as reviewing courts reexamining state court decisions, "[t]he Rooker-Feldman doctrine deprives a federal district court of jurisdiction in some circumstances to review a state court adjudication." Turner v. Crawford Square Apartments III, LLP, 449 F.3d 542 (3rd Cir. 2006). When a losing party in state court files suit in federal court after the state proceedings end complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment, plaintiff's claim is barred by the application of the Rooker-Feldman doctrine. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (U.S. 2005). The Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159 (3d Cir. N.J. 2010) *citing* Exxon Mobil Corp. 544 U.S. at 248.

Just a cursory review of Plaintiffs' Complaint appears to reveal that Plaintiffs have alleged injuries as a result of state-court judgments which were rendered prior to this filing and Plaintiffs are requesting that this Honorable Court revisit, review and revise those Judgment. It is without question that this action in its entirety is barred by the application of the <u>Rooker-Feldman</u> doctrine. This Court lacks jurisdiction and Plaintiffs' Complaint must be dismissed.

### E.   PLAINTIFFS' CLAIMS WHICH SUBSTANTIVELY SOUND IN PROFESSIONAL NEGLIGENCE MUST FAIL AS A MATTER OF LAW.

To the extent that Plaintiffs are asserting a claim of professional negligence against Mr. Kodak, Plaintiffs have failed to allege any basis whatsoever for standing to bring a claim sounding in professional negligence against Mr. Kodak and Plaintiffs lack standing to do so. Furthermore, Plaintiffs' claim, to the extent it sounds in professional negligence, is legally deficient and cannot survive preliminary challenge. In Pennsylvania, a party seeking to make a claim for legal malpractice sounding in negligence is required to establish:

(a) the employment of the attorney or other basis for duty;
(b) the failure of the attorney to exercise ordinary skill and knowledge; and
(c) that such negligence was the proximate cause of the actual damages.

<u>Kituskie v. Corbman</u>, 522 Pa. 275, 714 A.2d 1027 (1998). The first necessary element in any claim of professional negligence is the existence of an attorney/client relationship. <u>Schenkel v. Monheit</u>, 405 A.2d 493 (Pa. Super. Ct.

1979).   Plaintiffs cannot meet the first essential element of such a claim and therefore their professional negligence claim should be dismissed.

Plaintiffs attempt (albeit inappropriately) to claim that Mr. Kodak as attorney for US Foods, Inc. "owed a duty to his client to investigate the legal ramifications of this RICO conduct."  Plaintiffs' Complaint ¶ X.  Pennsylvania law strictly enforces the requirement that a plaintiff seeking to pursue a professional negligence claim against his or her attorney <u>must</u> establish privity as between the attorney and the client.  To maintain a claim for legal malpractice, "a plaintiff must show an attorney-client or analogous professional relationship with the defendant-attorney."  <u>Guy v. Liederbach</u>, 501 Pa. 47, 51, 459 A.2d 744, 746 (1983); <u>Hess v. Fox Rothschild, LLP</u>, 2007 PA Super 133, 925 A.2d 798, 807 (2007).  Absent the existence of an attorney-client relationship, a plaintiff cannot pursue a claim for legal malpractice sounding in negligence.  <u>Guy</u>, 459 A.2d at 750.  <u>See also</u>, <u>Cost v. Cost</u>, 677 A.2d 1250 (Pa. Super. 1996).  In fact, courts have determined that "[p]rivity... between the attorney and client is required in order to bring an action for professional malpractice."  <u>Hatbob v. Brown</u>, 575 A.2d 607, 614 (Pa. Super. 1990).  Absent some extraordinary showing of an "analogous professional relationship" which is inapplicable to the instant matter, an attorney may be held liable for negligence **only** to his or her client.  <u>Smith v. Griffiths</u>, 327 Pa. Super. 418, 476 A.2d 22, 26 (1984).  (emphasis added).

18

The lack of an attorney-client relationship as between Plaintiffs and Mr. Kodak serves as a complete bar to Plaintiffs' purported professional negligence claim.   Pennsylvania law is clear and unequivocal in its determination that attorneys may be liable for professional negligence **only** to his or her client.   <u>See</u> <u>Smith</u>, *supra*.   Plaintiffs' Complaint fails to establish the requisite element of privity between themselves and Mr. Kodak necessary for their claim of professional negligence to survive.   Plaintiffs' Complaint must therefore be dismissed for failure to state a claim for which relief may be granted.


**[THE REMAINDER OF THIS SECTION IS INTENTIONALLY LEFT BLANK]**

## V.    **CONCLUSION**

For the foregoing reasons and for the reasons set forth in Defendant Robert

D. Kodak's Motion to Dismiss, Mr. Kodak respectfully requests that this

Honorable Court enter an Order dismissing Plaintiffs' Complaint as directed

against Mr. Kodak in its entirety with prejudice.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

Date:   June 17, 2014

By:   /s/ Edwin A.D. Schwartz
_____

EDWIN A.D. SCHWARTZ, ESQUIRE
Attorney ID 75902
NICOLE M. EHRHART, ESQUIRE
Attorney ID 200538
100 Corporate Center Road, Suite 201
Camp Hill, PA  17011
(717) 651-3700
*easchwartz@mdwcg.com*

20

## CERTIFICATION OF WORD COUNT

I, Edwin A.D. Schwartz, Esquire, counsel for Robert D. Kodak, hereby certify that Mr. Kodak's Brief in Support of his Motion to Dismiss does not exceed 5,000 words, and in submitting this certification, counsel has relied upon the word count feature of the word processing system used to prepare the Brief. According to the word processing system used to prepare the Brief, the actual number of words in the Brief is 4,365.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

Date:  June 17, 2014

_____

By:    /s/ Edwin A.D. Schwartz
_____

EDWIN A.D. SCHWARTZ, ESQUIRE
Attorney ID 75902
NICOLE M. EHRHART, ESQUIRE
Attorney ID 200538
100 Corporate Center Road, Suite 201
Camp Hill, PA  17011
(717) 651-3700
*easchwartz@mdwcg.com*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document in the above-captioned matter this date via ECF system or U.S. Mail, postage prepaid, which services satisfies the Federal Rules of federal Procedure, addressed to:

R. Michael Best
6493 Carlisle Pike
Mechanicsburg, PA  17055
*Pro Se Plaintiff*

Maryland Close Corp. (S.Corp)
8075 Manada View Drive
Harrisburg, PA 17112
*Pro Se Plaintiff*

Docson Consulting, LLC (SMLLC)
8075 Manada View Drive
Harrisburg, PA 17112
*Pro Se Plaintiff*

Keith Dougherty, CFP, CLU, IAR, EA
Keith Dougherty Investments & Consulting, LLC
8075 Manada View Drive
Harrisburg, PA  17112-9383
*Pro Se Plaintiff*

Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Drive, Ste 660
Chicago, IL 60606
*Counsel for Defendant US Foods, Inc. Delaware Division*

22

Joseph M. Cincotta
Stephen J. Finley
Gibbons PC
1700 Two Logan Sq.
18th& Arch Sts.
Philadelphia, PA 19103
*Counsel for Defendant US Food,s Inc. Delaware Division*

Kathleen A. Stimeling
One Market
Spear Street Tower, Suite 3200
San Francisco, CA 94105
*Counsel for Defendant US Foods, Inc., Delaware Division*

Joshua D. Bonn
Nauman, Smith, Shissler & Hall, LLP
P O Box 840
200 North 3rd Street
Harrisburg,PA 19108
*Counsel for Defendants Cluck U Corp and J.P. Haddad*

Timothy J. McMahon
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17112
*Counsel for Defendant Richard Daniels*

Leticia J. Santiago
William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
*Counsel for Defendants Cumberland County Prothonotary and Cumberland
County Sheriff's Office*

Colin S. Haviland
AOPC
1515 Market Street, Ste. 1414
Philadelphia, PA 19102
*Counsel for Defendants President Judge Kevin A. Hess
& Judge Bruce F. Bratton*

23

Curtis Property Management
5620 Linda Lane
Camp Springs, MD  20748
*Pro Se Defendant*

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

Date: June 17, 2014 _____   By:   /s/ Edwin A.D. Schwartz _____
EDWIN A.D. SCHWARTZ, ESQUIRE
Attorney ID 75902
NICOLE M. EHRHART, ESQUIRE
Attorney ID 200538
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17011
(717) 651-3700
*easchwartz@mdwcg.com*

24