IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R. MICHAEL BEST, pro se, KEITH DOUGHERTY, pro se, President/Secretary of CUC of MD, Inc., MARYLAND CLOSE CORP (S Corp) (Director) of Ken & Jim CUC, Inc., wholly owned subsidiary of CUC of MD, Inc., DOCSON CONSULTING, LLC (SMLLC), | : | CIVIL ACTION 1:14-CV-00922-CCC |
| Plaintiffs | : | Jury Trial Demanded |
| v. | : | (Honorable J. Frederick Motz) |
| US FOODS, INC., Delaware Division, CLUCK U CORP., J.P. HADDAD, RICHARD DANIELS, CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, CUMBERLAND COUNTY PROTHONOTARY, PRESIDENT JUDGE HESS, Cumberland County Common Pleas, and JUDGE BRATTON, Dauphin County Common Pleas, | : | ELECTRONICALLY FILED |
| Defendants | : | |

**DEFENDANT ROBERT D. KODAK'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE**

AND NOW comes Defendant Robert D. Kodak by and through his undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, who

respectfully files this Brief in Opposition to Plaintiffs' Motion to Strike Mr. Kodak's Motion to Dismiss and Enter Default.

## I. PROCEDURAL HISTORY

Plaintiffs commenced this litigation by filing a Complaint in the United States District Court for the Middle District of Pennsylvania on May 13, 2014. (Doc. 1). A Summons was issued on May 13, 2014. (Doc. 3). Robert Kodak was served on May 15, 2014[1]. On June 6, 2014, Mr. Kodak filed a Motion to Dismiss pursuant to F.R.C.P. 12(b). (Doc. 26). On June 6, 2014, Plaintiffs' filed a Motion to Strike Robert Kodak's Motion to Dismiss and a Brief in Opposition "motion to dismiss' as to Robert Kodak and in support of Motion to Strike "motion to dismiss." (Docs. 33 and 34). This is Mr. Kodak's Brief in Opposition to Plaintiffs' Motion to Strike Mr. Kodak's Motion to Dismiss.

## II. FACTUAL HISTORY

Plaintiffs have failed to set forth any conceivable basis for a claim against Mr. Kodak. Plaintiffs have failed to even identify Mr. Kodak as a Defendant. It is virtually impossible to ascertain the factual allegations from Plaintiffs' ramblings. Mr. Kodak is presented with no option but to guess as to what might be at issue in this matter. Plaintiffs' only references throughout the entire Complaint to Mr.

[1] It must be continually highlighted that Plaintiff has not listed Mr. Kodak as a defendant in the caption of this action in direct violation of Federal Rule of Civil Procedure 10(a) which mandates that the caption in a complaint **shall** include the names of **all parties**. F.R.C.P. 10(a)(emphasis added). As such, there remains a question as to whether Mr. Kodak is even a party to this litigation. Since Mr. Kodak has received a copy of the Complaint and his name is listed in Paragraph X, Mr. Kodak is filing this Motion to Dismiss and Brief out of an abundance of caution.

Kodak are (a) a statement wherein Plaintiff alleges that "Robert D. Kodak is Attorney for US Foods Inc., who owed a duty to his client to investigate the legal ramifications of this RICO conduct" and (b) "[a]s this is 'custom' and 'practice' in Cumberland County (Monell Complaint) [and any 'self-represented' litigant cannot say the magic words to get a due process hearing on the 'merits' US Foods, Inc., Richard Daniels, JP Haddad, Cluck U, Robert D Kodak, and Curtis are acting under color of law for 1983 purposes Dennis v. Sparks." Id. at ¶¶ X and 30.

Broadly reviewing the pleadings as filed in this matter, Plaintiffs' Complaint appears to be nothing more than attempt to re-litigate issues (including but not limited to the entry of default judgment) under the guise of a § 1983 action such that any efforts by Plaintiffs to amend their pleading would be futile. Plaintiffs' Complaint fails for a variety of reason and Mr. Kodak has properly and timely filed a Motion to Dismiss Plaintiffs' Complaint.

## III. STATEMENT OF QUESTION PRESENTED

### A. WHETHER DEFENDANT ROBERT KODAK TIMELY RESPONDED TO PLAINTIFFS' COMPLAINT BY FILING A MOTION TO DISMISS?

***Suggested Answer in the Affirmative.***

## IV. ARGUMENT

It is without question that Plaintiffs' Motion to Strike has no basis in law and is simply without merit. Plaintiffs have misinterpreted the Federal Rules of Civil as well the United States District Court for the Middle District Local Rules of Court. Plaintiffs' Motion to Strike is based entirely on the erroneous assumption that a Motion to Dismiss must be simultaneously accompanied by a brief in support thereof to be considered a "timely" response. However, no such requirement exists. Plaintiffs' unsupported ramblings and selective excerpts from the Rules of Civil Procedure do not provide any support for their absurd argument.

First and foremost, as referenced in FN 1, it remains unclear as to whether Mr. Kodak is even properly a Defendant in this matter. Mr. Kodak has never been included on the caption of this action and as such is not properly a defendant. Federal Rule of Civil Procedure 10(a) mandates that the caption in a complaint **shall** include the names of **all** parties. F.R.C.P. 10(a)(emphasis added). However, out of an abundance of caution, Mr. Kodak has filed a timely Motion to Dismiss pursuant to the applicable rules of civil procedure and that Motion is properly before this Honorable Court.

The Federal Rules of Civil Procedure require that a motion be in writing, state with particularity the grounds for seeking the order and the relief sought. F.R.C.P. 7(b). A Motion to Dismiss based upon F.R.C.P. 12 must be filed within

21 days after services of summons and complaint. F.R.C.P. 12(a) and (b). The Local Rules for the United States District Court for the Middle District of Pennsylvania provide that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion." Middle District Local Rule of Court 7.5.

Plaintiffs' proof of service identified May 15, 2014 as the date of service with respect to Mr. Kodak. (Doc. 21). Assuming proper service, Mr. Kodak's response was due on or before June 5, 2014. On June 5, 2014, Mr. Kodak filed a Motion to Dismiss asserting defenses to Plaintiffs' Complaint pursuant to F.R.C.P. 12(b). (Doc. 26). Mr. Kodak is required to file a brief in support of the Motion to Dismiss no later than June 19, 2014. See Middle District Local Rule of Court 7.5.

Additionally, Plaintiffs' efforts in seeking default judgment are similarly without any merit. Default judgment is only proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.C.P. 55(a). Assuming that Mr. Kodak is a proper defendant, Mr. Kodak has responded to Plaintiffs' Complaint in a timely and appropriate manner consistent with the applicable rules of civil procedure.

## V. CONCLUSION

Given that Mr. Kodak's Motion was timely and complies with the applicable rules of civil procedure, Plaintiffs' Motion to Strike is wholly without merit and must be dismissed. Mr. Kodak respectfully requests that this Honorable Court enter an Order dismissing Plaintiffs' Motion to Strike Mr. Kodak's Motion to Dismiss in its entirety with prejudice.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

Date: 6/17/14

By: /s/ Edwin A.D. Schwartz

EDWIN A.D. SCHWARTZ, ESQUIRE
Attorney ID 75902
NICOLE M. EHRHART, ESQUIRE
Attorney ID 2000538
100 Corporate Center Road, Suite 201
Camp Hill, PA 17011
(717) 651-3700
*easchwartz@mdwcg.com*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document in the above-captioned matter this date via ECF system or U.S. Mail, postage prepaid, which services satisfies the Federal Rules of federal Procedure, addressed to:

R. Michael Best
6493 Carlisle Pike
Mechanicsburg, PA 17055
*Pro Se Plaintiff*

Maryland Close Corp. (S.Corp)
8075 Manada View Drive
Harrisburg, PA 17112
*Pro Se Plaintiff*

Docson Consulting, LLC (SMLLC)
8075 Manada View Drive
Harrisburg, PA 17112
*Pro Se Plaintiff*

Keith Dougherty, CFP, CLU, IAR, EA
Keith Dougherty Investments & Consulting, LLC
8075 Manada View Drive
Harrisburg, PA 17112-9383
*Pro Se Plaintiff*

Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Drive, Ste 660
Chicago, IL 60606
*Counsel for Defendant US Foods, Inc. Delaware Division*

Joseph M. Cincotta
Stephen J. Finley
Gibbons PC
1700 Two Logan Sq.
18th& Arch Sts.
Philadelphia, PA 19103
*Counsel for Defendant US Food,s Inc. Delaware Division*

Kathleen A. Stimeling
One Market
Spear Street Tower, Suite 3200
San Francisco, CA 94105
*Counsel for Defendant US Foods, Inc., Delaware Division*

Joshua D. Bonn
Nauman, Smith, Shissler & Hall, LLP
P O Box 840
200 North 3rd Street
Harrisburg,PA 19108
*Counsel for Defendants Cluck U Corp and J.P. Haddad*

Timothy J. McMahon
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17112
*Counsel for Defendant Richard Daniels*

Leticia J. Santiago
William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA 19422
*Counsel for Defendants Cumberland County Prothonotary and Cumberland County Sheriff's Office*

Colin S. Haviland
AOPC
1515 Market Street, Ste. 1414
Philadelphia, PA 19102
*Counsel for Defendants President Judge Kevin A. Hess & Judge Bruce F. Bratton*

Curtis Property Management
5620 Linda Lane
Camp Springs, MD 20748
*Pro Se Defendant*

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

Date: June 17, 2014

By: /s/ Edwin A.D. Schwartz

EDWIN A.D. SCHWARTZ, ESQUIRE
Attorney ID 75902
NICOLE M. EHRHART, ESQUIRE
Attorney ID 200538
100 Corporate Center Drive, Suite 201
Camp Hill, PA 17011
(717) 651-3700
*easchwartz@mdwcg.com*