# IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. Michael Best : | |
| Keith Dougherty : | |
| Docson Consulting LLC (SMLLC) : | |
| Keith Dougherty Investments & Consulting : | |
| LLC (SMLLC) : | |
| : | |
| : | |
| **Plaintiff(s),** : | Civil Action NO: 1:14-CV-922 |
| : | |
| v. : | |
| **U.S. Food Inc et al** : | |
| : | **Frederick Motz (Judge)** |
| : | |
| : | **Filed Electronically** |
| : | |
| : | |
| **Defendant(s),** : | |
| : | **Jury Trial Demanded** |
| : | |
| : | |
| : | |

_____

**Plaintiff's Reply Brief in Support of Motion to Strike Kodak's Motion to Dismiss**

_____

**And now comes Keith Dougherty and R. Michael Best pro se**

### Summary of Argument

**I.   Local Rule does not impact "the Rules Enabling Act"**

**A.   Since at least Steel Company the sentence "drive by jurisdictional rulings that shall be accorded no precedential effect" has been in the majority opinions (on point) they do not want to hear "local rules":**

1

but not one is from this Court, and most are " 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect,' " Arbaugh, 546 U. S., at 511 (quoting Steel Co. v. Citizens for Better Environment, 523 U. S. 83, 91 (1998)); see Arbaugh, 546 U. S., at 511–513; ante, at 5–6. Id. pp. 3-4

1.  This "we decide" the meaning of "rules and statutes" is a

consistent theme;

"It is this Court's responsibility to say what a statute means [this includes the interpretation of the Rules of Civil Procedure], and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law." Rivers v. Roadway Express, Inc., 511 U. S. 298, 312 (1994).

See Also:

The authority described in §2106, we have observed, "must be exercised consistent with the requirements of the Federal Rules of Civil Procedure as interpreted by this Court." Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc., 546 U. S. 394, 402–403, n. 4 (2006). No different conclusion is warranted with respect to …id. p. 10 [Rule 6 or Rule 12 here] (the limits of "sua sponte interpretation by the lower courts)

Greenlaw v. US 554 U. S. ____ (2008)

B.  In Reed Elsevier "the compromise" whereby the Court came to consensus provides "only Supreme Court Cases can be referred to" if as here you seek to invalidate Frow v. De La Vega or Irish Insurance Co Ltd.

C.  To express the importance of Timeliness the Supreme Court has laid out in Kontrick "where Kontrick had failed to object to an

2

"amended pleading out of time" but the Court indicates "had Kontrick timely objected "he would have prevailed in the Litigation" id. p. 458.

> **Kontrick's motion to strike sought deletion of "new allegations," i. e., allegations making their first appearance in the litigation in Ryan's summary judgment submissions —id. p. 450**

D.   The Method Kontrick employed was a "motion to strike" and the absurd [local custom] of referring to it as somehow improper is not shared by Justice Ginsburg".

> **We can assume, arguendo, that had Kontrick timely asserted the untimeliness of Ryan's amended complaint [or in 14-CV-922 objected to an untimely responsive brief in support of a "motion to dismiss" outside of the 21 days provided by congress], Kontrick [Dougherty, Best] would have prevailed in the litigation. Kontrick, 540 U.S., at 458;**
>
>> **See here Keith Dougherty "timely objects to the untimeliness of your briefs and under local rule if your "supporting brief" in "not timely" the motion is "withdrawn"**
>
> **The net effect of Robinson, viewed through the clarifying lens of Kontrick, is to admonish the Government [or any other tardy litigant] that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence,**
>
>> **Of the essence means "no excuses" it is a simple process to request an extension of time and defense did not utilize the rules available [no one can help him now]**
>
> **since the Government is unlikely to miss timeliness defects very often (has the Supreme Court spoken clearly enough?).**

3

>   **Eberhart 546 U.S. 18; A court may lack the power to do something for reasons other than want of jurisdiction, and a rule can be inflexible without being jurisdictional. See Eberhart v. United States, 546 U. S. 12, 19 (2005) (per curiam).; Justice Alito Dissenting Greenlaw v. US id. p. 2; Robinson is correct not because the District Court lacked subject-matter jurisdiction [the first use of "mandatory and jurisdictional"], but because district courts must observe the clear limits of the Rules of …. Procedure when they are properly invoked. Eberhart 546 U.S. 17.**

E.  In Eberhart the Court adopted per curiam what is

"jurisdictional";

>   **"Clarity would be facilitated," we have said, "if courts and litigants used the label `jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick, 540 U.S., at 455.   Id. p. 16**

>   **Eberhart v. US 546 U.S. 12 126 S. Ct. 403 163 L. Ed. 2d 14 (2005) per curiam**

F.  The Dissent in Bowles said it best;

>   **JUSTICE SOUTER, with whom JUSTICE STEVENS, JUSTICE GINSBURG, and JUSTICE BREYER join, dissenting.**

>   **The stakes are high in treating time limits as jurisdictional. While a mandatory but nonjurisdictional limit is enforceable at the insistence of a party claiming its benefit or by a judge concerned with moving the docket, it may be waived or mitigated in exercising reasonable equitable discretion. But if a limit is taken to be jurisdictional (see here "personal jurisdiction"), waiver becomes impossible, meritorious excuse irrelevant (unless the statute so provides), and sua sponte consideration in the courts of**

4

**appeals mandatory, see Arbaugh, supra, at 514.2 As the Court recognizes, ante, at 5-6, this is no way to regard time limits set out in a court rule rather than a statute, see Kontrick, supra, at 452 ("Only Congress may determine a lower federal court's subject-matter jurisdiction").**

**Bowles v. Russell 551 US 205 (2007)**

G.　**It is beyond Doubt Justice Souter shares the local sentiment and**

**he was in the Minority whereas Justice Ginsberg Sought reconciliation;**

> **JUSTICE GINSBURG, with whom JUSTICE STEVENS and JUSTICE BREYER join, concurring in part and concurring in the judgment.**
>
> **…Aiming to stave off continuing controversy over what qualifies as "jurisdictional," and what does not, I set out my understanding of the Court's opinions in Arbaugh and Bowles, and the ground on which I would reconcile those rulings…id. p. 1….Id., at 136 ("[P]etitioner can succeed only by convincing us that this Court has overturned, or that it should now overturn, its earlier precedent."). id. p. 3**
>
> **[this is key; the "unifying principle" indicates "all justices" agree if "long standing precedent" indicates a "rule is jurisdictional" then even a Rule that you miss by one day is "without options"]**
>
> **Amicus cites well over 200 opinions that characterize … as jurisdictional, but not one is from this Court, and most are " 'drive-by jurisdictional rulings' that should be accorded 'no precedential effect,' " Arbaugh, 546 U. S., at 511 (quoting Steel Co. v. Citizens for Better Environment, 523 U. S. 83, 91 (1998)); see Arbaugh, 546 U. S., at 511–513; ante, at 5–6. Id. pp. 3-4**
>
> **REED ELSEVIER, INC. v. MUCHNICK 559 U. S. ____(2010)**

5

**H.** **Personal Jurisdiction is "waivable";**

> **Proc. 12(b)-(h) apply in adversary proceedings). Rules 12(h)(2) and (3) prolong the life of certain defenses, but time prescriptions are not among them. (emphasis in the original)**
>
> **Kontrick v. Ryan [540 U.S. 445]**

**1.** **This is when dealing with "claim processing rules" where even then your opponent gets to say "if you are late it is over";**

> **The net effect of Robinson, viewed through the clarifying lens of Kontrick, is to admonish ...[any litigant]… that failure to object to untimely submissions entails forfeiture of the objection, and to admonish defendants that timeliness is of the essence,[this means even the lawyers practicing in the Middle District of PA]**

**Consider Bowles who relied on an "order from the District Court 3 days late that his lawyer was "blamed for not catching the mistake" see here Personal Jurisdiction cannot be "cured after default is sought"**

> **I have to admit that Bowles's counsel probably did not think the order might have been entered on a different day from the day it was signed. He probably just trusted that the date given was correct, and there was nothing unreasonable in so trusting. The other side let the order pass without objection, either not caring enough to make a fuss or not even noticing the discrepancy; the mistake of a few days was probably not enough to ring the alarm bell to send either lawyer to his copy of the federal rules and then off to the courthouse to check the docket.9**
>
> **[here Keith Dougherty seeks the default of Robert Kodak]**

6

> But if a limit is taken to be jurisdictional (see here "personal jurisdiction"), waiver becomes impossible, meritorious excuse irrelevant (unless the statute so provides), and sua sponte consideration in the courts of appeals mandatory,… As the Court recognizes, ante, at 5-6, this is no way to regard time limits set out in a court rule rather than a statute,…[losing point of view]
>
> Dissent in Bowles

I. You waived all defenses which is perfectly acceptable where if as in Cluck U v. Michael Ghiglieri "no state or Federal Court has Jurisdiction" for other than "compelling arbitration";

> Yakus v. United States, 321 U.S. 414, 444 (1944) ("No procedural principle is more familiar to this Court than that a . . . right may be forfeited . . . by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it").
>
> [546 U.S. 404-405]
>
> Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived. In McDonald v. Mabee, supra, the Court indicated that regardless of the power of the State to serve process, an individual may submit to the jurisdiction of the court by appearance. Id. p. 703
>
> Finally, unlike subject-matter jurisdiction, which even an appellate court may review sua sponte, under Rule 12(h), Federal Rules of Civil Procedure, "[a] defense of lack of jurisdiction over the person . . . is waived" if not timely raised in the answer or a responsive pleading. Id. p. 704
>
> Insurance Corp of Ireland v. BAUXITES
> 456 U.S. 694 102 S.Ct. 2099 72 L.Ed.2d 492 (1982)

**III.** **Federal Rules are "inflexible when properly invoked" Eberhart;**

**A.** **In Greenlaw v. United States 554 U. S. \_\_\_\_ (2008) confirmed in Wood v. Milyard Warden et al. 566 U. S. \_\_\_\_ (2012) the Supreme Court emphasized it would be an abuse of discretion for "Federal Courts" both district and circuit to act sua sponte, and must abide by Supreme Court Cases "establishing the Rules of Civil Procedure" (no exceptions).**

> **"[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." Id., at 386 (SCALIA, J., concurring in part and concurring in judgment).3 As cogently explained:**
>
>> **"[Courts] do not, or should not, sally forth each day looking for wrongs to right. We wait for cases to come to us, and when they do we normally decide only questions presented by the parties.**

**B.** **Keith Dougherty has averred an "undefined approach" in the Middle District and 3rd Cir" see 13-CV-1868 leaves nothing but unresolved issues (what are the Court afraid of?).**

**C.** **It does not matter what the "lower courts" would "like to do" they are completely restricted by the Supreme Court Opinions [even in the Facebook era]; even when dealing with "claim processing rules" when the litigant misses his filing deadline;**

> **First, any extension of a time limitation must be "for cause shown." Second, although extensions before expiration of the time period may be "with or without motion or notice," any postdeadline extension must be "upon motion made," and is permissible only where the failure to meet the deadline "was the result of excusable neglect." Thus, in order to receive the ...[briefs]… here, the District Court would have had to regard the very filing of the late document as the "motion made" to file it; 5 it would have had to interpret "cause shown" to mean merely "cause," since respondent made no "showing" of cause at all; and finally, it would have had to find as a substantive matter that there was indeed "cause" for the late filing, and that the failure to file on time "was the result of excusable neglect." Id. pp. 896-897**
>
> **Lujan v. National Wildlife Federation**
> **497 U.S. 871 110 S.Ct. 3177 111 L.Ed.2d 695 (1990)**
>
> **[take note counsel for Cluck U/JP Haddad has met the filing deadline without problem and has filed for additional relief (in that same time); earlier in 14-CV-480 Counsel for ERIE filed a 12(b)(5) motion included in his "motion to dismiss and supportive brief" it can be done]**
>
> **[this is not optional here because "personal jurisdiction" within the court's adjudicatory authority is "jurisdictional"; only your opponent can "waive objection" (by not filing for default and or not objecting to the untimeliness of your filing) which they here "refuse" to do, we pounced on your fumble]**

1.      **This concept cites Justice Ginsberg's Kontrick v. Ryan (identifying a "motion to strike") as the proper process for preserving an objection to "untimely filings".**

2.      **The Definition (what can and cannot be referred to as jurisdictional) was "adopted per curiam" in Eberhart;**

9

**In Kontrick, we determined that defenses made available by the time limitations of Federal Rules… may be forfeited. 540 U.S., at 458-460. They are not "jurisdiction[al]," but are instead "claim-processing rules," that may be "unalterable on a party's application" (emphasis in the original) but "can nonetheless be forfeited if the party asserting the rule waits too long to raise the point." Id., at 456. Id. p. 15**

> **See here if Keith Dougherty did not move to strike and failed to seek default until after Defense had filed the supportive brief the "court could rule "forfeiture of the objection"; (not when timely made)**

**"Clarity would be facilitated," we have said, "if courts and litigants used the label `jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." Kontrick, 540 U.S., at 455.   Id. p. 16**

**Eberhart v. US 546 U.S. 12 126 S. Ct. 403 163 L. Ed. 2d 14 (2005) per curiam [have they spoken clearly enough?]**

**GINSBURG, J., delivered the opinion for a unanimous Court.**

**Characterizing a rule as jurisdictional renders it unique in our adversarial system. … Tardy jurisdictional objections can therefore result in a waste of adjudicatory resources and can disturbingly disarm litigants…. Id. p. 6 [if your opponent indicates your "untimely filing" impacts "personal jurisdiction" you are dead, as to the proceedings (the court cannot save you)]**

**Frow v. De La Vega and you must look to the Rules for your next move if any would be available.**

**[justice Ginsburg purposefully used the word "rule" (to unify the court) and then went on to provide preemption as to "the Saul**

**Alinsky Tactics employed by some in the Middle District and 3rd Cir";]**

**This is not to say that…[parties].. must incant magic words in order to speak clearly….id. p. 7**

**[see R. Michael Best "unable" (to obtain post judgment hearing, to convince the court the sale was never completed see EXHIBIT A) Larry Runk II cannot affirm he "assigned his bad debt and ERIE claim" (along with his "legal malpractice claim to Keith Dougherty see CV-2011-2531)]**

**SEBELIUS v. AUBURN REGIONAL MEDICAL CENTER 568 U. S. \_\_\_\_ (2013)**

### Conclusion

**The only way to get an additional 14 days is to ask the Court "before the expiration of 21 days" [request or motion for "good cause"] (relating to "personal jurisdiction") or "hope" your opponent fails to object.**

**Just as there was no way to Convince Kodak that R. Michael Best never completed the Purchase of CUC of MD Inc. your plaintive-wail goes unanswered.**

> **The defaulting defendant has merely lost his standing in court. He will not be entitled to service of notices in the cause, nor to appear in it in any way. He can adduce no evidence, he cannot be heard at the final hearing.**

**Frow v. De La Vega - 82 U.S. 552 (1872)**

**Respectfully Submitted,**



**Keith Dougherty, CFP®, CLU®, IAR, EA**
**Sole Member Keith Dougherty Investments & Consulting LLC**
**8075 Manada View Drive**
**Harrisburg, PA 17112-9383**
**866-391-7295**
**keithdoughertycfp@comcast.net**

R. Michael Best
6493 Carlisle Pike
Mechanicsburg, PA
17055 (717) 795-9350
Fax: 717-691-6636

Bestautosales1@gmail.com

## Certification of Service

**I Keith Dougherty doe hereby certify a copy of the foregoing was served by 1st class mail prepaid and by ECF where indicated;**

**College Park LLC**
**Curtis Property Management**
**5620 Linda Ln,**

**By ECF;**

**Colin S. Haviland**
**Legal Counsel**
**Supreme Court of Pennsylvania**
**Administrative Office of PA Courts**
**1515 Market Street, Suite 1414**
**Philadelphia, PA 19102**
colin.haviland@pacourts.us
**(v) 215.560.6300**
**(f) 215.560.5486**

**Joseph M. Cincotta, Esquire**
**(Attorney I.D. No. 31844) Stephen J. Finley, Esquire (Attorney I.D. No. 200890) GIBBONS P.C.**
**1700 Two Logan Square**
**18th & Arch Streets**
**Philadelphia, PA 19103-2769**
**Tel:   215-665-0400**
**Fax:   215-636-0366**
jcincotta@gibbonslaw.com   sfinley@gibbonslaw.com

**Kathleen A. Stimeling, Esquire**
**(PHV to be filed) SCHIFF HARDIN LLP One Market**
**Spear Street Tower, Suite 3200**
**San Francisco, CA 94105**
**Tel:   415-901-8712**
**Fax:   415-901-8701**
KStimeling@schiffhardin.com

**Brian 0. Watson, Esquire**
**(PHV pending)**
**SCHIFF HARDIN LLP**
**233 S. Wacker Dr. Suite 6600**
**Chicago, IL  60606**
**Tel:   312-258-5845**
**Fax:   312-258-5600**
BWatson@schiffhardin.com

**Attorneys for Defendant**
**US Foods, Inc., improperly sued as**
**US Foods Inc. Delaware Division**

**EDWIN A.D. SCHWARTZ, ESQUIRE**
**Attorney ID 75902**
**NICOLE M. EHRHART, ESQUIRE**
**Attorney ID 2000538**
**100 Corporate Center Road, Suite 201**
**Camp Hill, PA 17011**
**(717) 651-3700**
**easchwartz@mdwcg.com**

**MARSHALL, DENNEHEY, WARNER,**
**COLEMAN & GOGGIN**
**/s/Timothy J. McMahon**
**Timothy J. McMahon, Esquire**
**I.D. No. 52918**
**100 Corporate Center Drive, Suite 201**
**Camp Hill, PA 17011**
**(717) 651-3505**
**tjmcmahon@mdwcg.com**

**WILLIAM  J. FERREN & ASSOCIATES**

**Leticia J. Santiago Leticia J. Santiago, Esquire Attorney**
 **Attorney ID# 308519**
**10 Sentry Parkway,  Suite 301**
**Blue Bell, PA  19422 (215) 274-1724**
**(215) 274-1735- Fax**
**Email: ljsantia@travelers.com**

**Joshua D. Bonn**
**jbonn@nssh.com  , klfarhat@nssh.com**

# EXHIBIT A

MEMBER D.C., MD., N.Y. BARS

**PHILIP A. MUELLER**
ATTORNEY AT LAW
3133 ADAMS MILL RD, NW
WASHINGTON, D.C. 20010
philipamueller@yahoo.com

TEL: (202) 667-1462
FAX: (202) 667-1463

March 20th, 2009

By Fax only – Fax Tel: 866 255 2944

Keith Dougherty
Docson Consulting, LLC
8075 Manada VW Dr.
Harrisburg, PA 17112-9385

Re: Cluck U, Corp. / College Park, MD

Mr. Dougherty:

I received your fax of March 19th.

My client has been trying in good faith to resolve this issue.

Your letter did not respond to the questions raised in my letter of March 18th. It contains numerous new factual assertions and opinions of law. You have repeatedly refused to state whether you represent the named individuals. You have presented a confused litany of complaints, allegations, and unintelligible statements that seem to have little or no bearing on the matter at hand. For example, your statement that "the counter offer of 2/9/2009 is unacceptable" makes no sense. If there was some offer in February, we are clearly beyond that now. Other ramblings are equally out of place.

Your allegations of incompetence and childishness are offensive and unprofessional.

My client generously offered you the option to either have a full refund of the transfer fee and return to the status quo prior to January 15th, 2009, or pay the transfer fee and obtain a current franchise agreement. You have failed to respond to the offer.

My client is not interested in wasting any more time on this matter. All offers are withdrawn. The transfer, if ever there was one, is void. My client will instruct its bank to wire a refund of the transfer fee paid to the CUC of MD, Inc. account from which it came after making deduction for the unpaid royalty and marketing fees. If you do not want the fees deducted CUC of MD, Inc. must pay the entire outstanding balance in cash or certified check before the refund is wired, and my client will wire the entire transfer fee paid to CUC of MD, Inc.'s account. My client will remove the late fees assessed for February. The franchise agreement that Mike Ghiglieri purchased in 2005 is still in effect exactly as written.

All terms and conditions of that agreement are in effect. No transfer has been made. CUC of MD, Inc. and Mr. Ghiglieri are responsible for all obligations they accepted in that agreement

and any related agreements. CUC of MD, Inc. must follow its franchise agreement and operating manual in all respects. Current recipes must be followed. Correct product must be purchased, prepared and sold according to the operating manual and franchise agreement. The rights conveyed to Mr. Ghiglieri in 2005, no more and no less, are reinstated. They remain conditional on the faithful performance of its obligations.

My client has done all it can to address this matter. The status quo prior to January 2009 has been reinstated. There is nothing further to discuss. I am not authorized to review or respond to any further correspondence from you. You are simply wasting my client's time and resources for no further purpose. Please do not send me any more letters, faxes, emails, voicemails, or other communications. I will not read them or respond to them.

As I have previously advised you, the marketing fund material may be reviewed by appointment at Cluck-U, Corp.'s offices.

If CUC of MD, Inc. has any operational needs it should contact Cluck-U, Corp. directly for assistance.

I understand that if the Haddads are ever asked to act on the guaranty they signed, they will contest any agreements made by other parties that might exceed or change the scope of their guaranty.

I look forward to not hearing from you.

Sincerely,

Philip A. Mueller

cc: Cluck-U, Corp.