## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R. MICHAEL BEST, pro se, KEITH DOUGHERTY, pro se, President/Secretary of CUC of MD, Inc., MARYLAND CLOSE CORP (S Corp) (Director) of Ken & Jim CUC, Inc., wholly owned subsidiary of CUC of MD, Inc., DOCSON CONSULTING, LLC (SMLLC),

    Plaintiffs

    v.

US FOODS, INC., Delaware Division, CLUCK U CORP., J.P. HADDAD, RICHARD DANIELS, CUMBERLAND COUNTY SHERIFF'S DEPARTMENT, CUMBERLAND COUNTY PROTHONOTARY, PRESIDENT JUDGE HESS, Cumberland County Common Pleas, and JUDGE BRATTON, Dauphin County Common Pleas,

    Defendants

CIVIL ACTION 1:14-CV-00922-CCC

Jury Trial Demanded

(Honorable J. Frederick Motz)

ELECTRONICALLY FILED

### DEFENDANT ROBERT D. KODAK'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 7, 2014 ORDER

AND NOW comes Defendant Robert D. Kodak, by and through his undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, who

respectfully files this Brief in Opposition to Plaintiffs' Motion for Reconsideration of the Court's July 7, 2014 Order.

## I. RELEVANT PROCEDURAL AND FACTUAL HISTORY

Plaintiffs commenced this litigation by filing a Complaint in the United States District Court for the Middle District of Pennsylvania on May 13, 2014. (Doc. 1). A Summons was issued on May 13, 2014. (Doc. 3). Robert Kodak was served on May 15, 2014[1]. Out of an abundance of caution since Mr. Kodak was arguably not a proper defendant, on June 6, 2014, Mr. Kodak filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b). (Doc. 26). The Motion was fully briefed and, on July 2, 2014, this Honorable Court dismissed Plaintiffs' Complaint with prejudice. (Docs. 69 and 70). On July 16, 2014, Plaintiffs filed a Motion for Reconsideration of the July 2, 2014 Order and a Brief in Support thereof. (Docs. 71 and 72). This is Mr. Kodak's Brief in Opposition to Plaintiffs' Motion for Reconsideration.

## II. STATEMENT OF QUESTIONS PRESENTED

    **A. WHETHER PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S JULY 2, 2014 ORDER SHOULD BE DENIED?**

*Suggested Answer in the Affirmative.*

---

[1] However, Plaintiff has never listed Mr. Kodak as a defendant in the caption of this action in direct violation of Federal Rule of Civil Procedure 10(a) which mandates that the caption in a complaint **shall** include the names of **all parties**. F.R.C.P. 10(a)(emphasis added). As such, there remains a question as to whether Mr. Kodak was even a party to the litigation.

### III. ARGUMENT

### A. Plaintiffs' Motion for Reconsideration of the Court's July 2, 2014 Order should be denied.

Plaintiffs' Motion for Reconsideration of the Court's July 2, 2014 Order ["Order"] is wholly without merit. As the Court noted in its July 2, 2014 Memorandum, "[t]his is yet another action instituted by Keith Dougherty, on behalf of himself and other plaintiffs. As the Third Circuit has found, Dougherty is a 'frequent and frequently vexatious litigator.' This action is simply another iteration of his practice of filing vexatious litigation." (Doc. 69). The Court found that Plaintiffs (although warned previously) completely ignored the Federal Rules of Civil Procedure and the required pleading standards. The Complaint failed to comply with the requirements of Fed. R. Civ. P. 8. This Honorable Court further explained that "although Dougherty is proceeding *pro se*, he is an experienced litigant who, by this time, should know how to state facts that support his claim and to do so in a reasonably succinct manner." Accordingly, the action was dismissed with prejudice.

Plaintiffs have now sought reconsideration of the Order based upon some virtually incomprehensible argument that this Court somehow "exceeded the In Re Antar standard due to his [Judge Motz] 'misplaced reliance on LR 101(a) from the District Court of MD" (never applicable in the Middle District of PA) now invalidated by Hobby Lobby as of 6/30/2014" or, in the alternative, recusal. (Doc.

3

71). However, Plaintiffs' present Motion (in similar form as to all of Plaintiffs' prior submissions) is once again fraught with incoherent ramblings such that it is almost impossible to ascertain what, if any, legitimate arguments, Plaintiffs' might be attempting to present to this Honorable Court.

Reviewing Plaintiffs' Motion broadly, one might assume that Plaintiffs' present Motion essentially is a Motion for relief pursuant to Fed. R. Civ. P. 60(b), which states that the Court, "on motion and just terms… may relieve a party or its legal representative from a final judgment, order, or proceeding." Rule 60(b) provides a number of grounds upon which a party may be relieved from a prior Court Order, including:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiffs have failed to demonstrate any basis under Rule 60(b) for relief from the Court's Order.

Despite Plaintiffs' contention to the contrary, the Court properly applied Fed. R. Civ. P. 8. The allegations in Plaintiffs' Complaint were so non-specific, incoherent and conclusory that it was difficult, if not impossible, to discern specifically what Mr. Kodak (or any of the other co-Defendants) was alleged to have done (or not done), the factual allegations which might support any such claim and what Plaintiffs' theory of recovery against Mr. Kodak might be. Mr. Kodak was left with no option but to guess as to what claims Plaintiffs were attempting to set forth which was absolutely inappropriate pursuant to the pleading requirements as set forth in the Federal Rules of Civil Procedure.

Plaintiffs have not offered any new arguments in this Motion to justify disturbing the previous Order under Rule 60(b). Plaintiffs have done nothing more than rehash the previous arguments which were repeatedly before this Court (as review of the docket provides in excess of 60 filings by the parties and the procedural posture of the case never proceeded past all Defendants' Motions to Dismiss). Plaintiffs' mere displeasure and disagreement with the Order, without more, does not provide a basis for reconsideration . This Honorable Court properly dismissed Plaintiffs' Complaint with prejudice for failure to comply with the mandates of Federal Rules of Civil Procedure 8.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Robert D. Kodak respectfully submits that Plaintiff's Motion for Reconsideration of the Court's July 2, 2014 Order should be denied.

                                                  **MARSHALL, DENNEHEY, WARNER,**
                                                       **COLEMAN & GOGGIN**

Date: 7/30/14                        By:   */s/ Edwin A.D. Schwartz*
                                                     EDWIN A.D. SCHWARTZ, ESQUIRE
                                                     Attorney ID 75902
                                                     NICOLE M. EHRHART, ESQUIRE
                                                     Attorney ID 200538
                                                     100 Corporate Center Road, Suite 201
                                                   Camp Hill, PA  17011
                                                   (717) 651-3700
                                                   *easchwartz@mdwcg.com*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing document in the above-captioned matter this date via ECF system or U.S. Mail, postage prepaid, which services satisfies the Federal Rules of federal Procedure, addressed to:

R. Michael Best
6493 Carlisle Pike
Mechanicsburg, PA 17055
*Pro Se Plaintiff*

Maryland Close Corp. (S.Corp)
8075 Manada View Drive
Harrisburg, PA 17112
*Pro Se Plaintiff*

Docson Consulting, LLC (SMLLC)
8075 Manada View Drive
Harrisburg, PA 17112
*Pro Se Plaintiff*

Keith Dougherty, CFP, CLU, IAR, EA
Keith Dougherty Investments & Consulting, LLC
8075 Manada View Drive
Harrisburg, PA 17112-9383
*Pro Se Plaintiff*

Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Drive, Ste 660
Chicago, IL 60606
*Counsel for Defendant US Foods, Inc. Delaware Division*

Joseph M. Cincotta
Stephen J. Finley
Gibbons PC
1700 Two Logan Sq.
18th& Arch Sts.
Philadelphia, PA 19103
*Counsel for Defendant US Food,s Inc. Delaware Division*

Kathleen A. Stimeling
One Market
Spear Street Tower, Suite 3200
San Francisco, CA  94105
*Counsel for Defendant US Foods, Inc., Delaware Division*

Joshua D. Bonn
Nauman, Smith, Shissler & Hall, LLP
P O Box 840
200 North 3rd Street
Harrisburg,PA  19108
*Counsel for Defendants Cluck U Corp and J.P. Haddad*

Timothy J. McMahon
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive, Suite 201
Camp Hill, PA  17112
*Counsel for Defendant Richard Daniels*

Leticia J. Santiago
William J. Ferren & Associates
10 Sentry Parkway, Suite 301
Blue Bell, PA  19422
*Counsel for Defendants Cumberland County Prothonotary and Cumberland County Sheriff's Office*

Colin S. Haviland
AOPC
1515 Market Street, Ste. 1414
Philadelphia, PA  19102
*Counsel for Defendants President Judge Kevin A. Hess
& Judge Bruce F. Bratton*

8

Alyssa W. Chang
19214 Forest Brook Road
Germantown, MD  20874
*Counsel for Defendant Curtis Property Management Corp.*

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

Date: 7/30/14         By:   *s/ Edwin A.D. Schwartz*
                                  EDWIN A.D. SCHWARTZ, ESQUIRE
                                  Attorney ID 75902
                                  NICOLE M. EHRHART, ESQUIRE
                                  Attorney ID 200538
                                  100 Corporate Center Drive, Suite 201
                                  Camp Hill, PA  17011
                                  (717) 651-3700
                                  *easchwartz@mdwcg.com*